1  COOLEY GODWARD LLP
   STEPHEN C. NEAL (No. 170085) (nealsc@cooley.com)
2  RICARDO RODRIGUEZ (No. 173003) (rr@cooley.com)
   MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA  94306-2155
   Tel:   (650) 843-5000
5  Fax:   (650) 857-0663

6  Attorneys for Plaintiff and Counterclaim Defendant
   THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR
7  UNIVERSITY and Counterclaim Defendant THOMAS MERIGAN

8  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Adrian M. Pruetz (Bar No. 118215) (adrianpruetz@quinnemanuel.com)
9  Jeffrey N. Boozell (Bar No. 199507) (jeffboozell@quinnemanuel.com)
   865 South Figueroa St., 10th Floor
10 Los Angeles, CA 90017-2543
   Telephone:   (213) 443-3000
11 Facsimile:   (213) 443-3100

12 Robert W. Stone (Bar No. 163513) (robertstone@quinnemanuel.com)
   TJ Chiang (Bar No. 235165) (tjchiang@quinnemanuel.com)
13 555 Twin Dolphin Dr., Suite 560
   Redwood Shores, CA 94065
14 Telephone:   (650) 801-5000
   Facsimile:   (650) 801-5100
15
   Attorneys for Defendants and Counterclaimants ROCHE MOLECULAR
16 SYSTEMS, INC; ROCHE DIAGNOSTICS CORPORATION; and
   ROCHE DIAGNOSTICS OPERATIONS, INC.
17

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20

| | |
|---|---|
| 21  THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, | Case No.  C 05 04158 MHP |
| 22 | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| 23             Plaintiff, | |
|    v. | Date: February 13, 2006 |
| 24 | Time: 4:00 PM |
|    | Place: Courtroom 15, 18th Floor |
| 25  ROCHE MOLECULAR SYSTEMS, ET AL., | |
|    | Hon. Marilyn Hall Patel |
| 26            Defendants. | |

27

28        **CAPTION CONTINUES ON NEXT PAGE**

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

719654 v2/PA

| | |
|---|---|
| ROCHE MOLECULAR SYSTEMS, ET AL., | |
| Counterclaimants, | |
| v. | |
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; AND THOMAS MERIGAN, | |
| Counterclaim Defendants. | |

Plaintiff and Counterdefendant the Board of Trustees of the Leland Stanford Junior University ("Stanford"), Counterdefendant Thomas Merigan, M.D. ("Dr. Merigan"), and Defendants and Counterclaimants Roche Molecular Systems, Inc., Roche Diagnostics Corporation, and Roche Diagnostics Operations, Inc. (collectively "Roche" or "Defendants") jointly submit this Case Management Statement. Due to significant differences in the parties' proposed discovery and trial plans, the parties herewith submit separate Proposed Orders.

**DESCRIPTION OF THE CASE**

**1.    Brief description of the events underlying the action:**

Stanford/Merigan's Summary:

Dr. Thomas Merigan is a preemininent scientist and physician, and Professor of Medicine at Stanford University. Since 1988, he has directed the Center for AIDS Research at Stanford. A Fellow of the American Association for the Advancement of Science, Dr. Merigan has served on nearly two dozen scientific and advisory boards, received numerous awards and honors, and written more than 500 papers and articles, as well as several books. In 1979, Dr. Merigan joined the scientific advisory board of Cetus Corporation ("Cetus"), a biotechnology company. During the mid 1980s, Cetus scientists developed the technique known as Polymerase Chain Reaction ("PCR"). Dr. Merigan entered into two consulting agreements with Cetus, in 1984 and 1991.

As experts in HIV infection and treatment of patients with HIV, Dr. Merigan and his colleagues at Stanford were interested in monitoring disease progression and effectiveness of

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1

719654 v2/PA

1.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP

1  therapies.  As the potential applications for PCR were becoming widely recognized in the scientific community, various researchers in Dr. Merigan's laboratory, including Dr. Mark Holodniy, sought to learn how to perform the PCR technique.  While a member of Dr. Merigan's lab in the late 1980s, Dr. Holodniy embarked on research to develop PCR-based diagnostic tools for detecting the presence of HIV in blood, particularly in plasma.  Dr. Holodniy worked with Cetus employees on PCR-based techniques for quantitating HIV RNA, and described this work in a co-authored research article, Holodniy et al., "Detection and Quantification of Human Immunodeficiency Virus RNA in patient Serum by Use of the Polymerase Chain Reaction," which was published in the *Journal of Infectious Diseases* in April 1991.  This article predates the patents asserted in this action and is discussed in the specification of those patents.

Separately from the research described in the article, Drs. Merigan and Holodniy began to collaborate with Dr. David Katzenstein, who arrived at Stanford from the FDA Center for Biologics to become Associate Director of Stanford's Center for AIDS Research.  Dr. Katzenstein's particular interest was in clinical monitoring of HIV using PCR.  Drs. Merigan, Holodniy and Katzenstein collaborated on the clinical applications of PCR techniques used to detect HIV.  The Stanford researchers collected and tested samples, and used statistical computations to analyze HIV RNA levels in plasma and the efficacy of HIV treatment.  On May 14, 1992, Stanford filed a patent application.  The patent application gave rise to several patents.  Stanford asserts infringement of two of these patents, U.S. Patent No. 6,503,705, issued January 7, 2003, and U.S. Patent No. 5,968,730 patent, issued October 19, 1999, in the current action (the "asserted patents").  Stanford is the record Assignee of both patents.  The patents are entitled "PCR Assays for Monitoring Antiviral Therapy and Making Therapeutic Decisions in the Treatment of Acquired Immunodeficiency Syndrome.".

Defendants, Roche Molecular Systems et al., are manufacturers and distributors of diagnostic kits ("Amplicor" products).  Stanford claims that, by manufacturing, selling, and instructing people to use Amplicor diagnostic kits, Defendants infringe, contribute to infringement, and induce infringement of the asserted patents.

Defendants deny any infringement and have asserted counterclaims against Stanford and

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1

719654 v2/PA

2.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP

1  Dr. Merigan. Among their counterclaims, Defendants assert that they own the asserted patents as
2  well as other related patents (collectively the "Patents-in-Suit") and/or hold a non-exclusive
3  royalty-free license to the patents through Roche Molecular Systems' acquisition of Cetus
4  Corporation. In particular, Defendants assert that (1) Cetus scientists were unnamed joint
5  inventors of the asserted patents; (2) Dr. Merigan's work related to the subject matter claimed the
6  Patents-in-Suit was encompassed by consulting agreements entered into between Dr. Merigan and
7  Cetus, which gave Cetus an ownership interest in any "inventions" resulting from Dr. Merigan's
8  work; (3) the Patents-in-Suit are subject to a materials transfer agreement entered into between
9  Cetus and Dr. Merigan and Stanford, giving Cetus a license to the Patents-in-Suit; (4) the asserted
10 patents are invalid for failure to satisfy one or more of the requirements of Title 35; (5) the
11 asserted patents are unenforceable due to a failure to disclose facts relating to the "true
12 inventorship" of the patents and relevant prior art to the U.S. Patent and Trademark Office; and
13 (6) Dr. Merigan breached his contracts with Cetus.
14     Stanford counters, *inter alia*, that (1) Stanford is the full and undivided owner of the
15 Patents-in-Suit as the sole assignee of the inventors' rights, (2) the materials transfer agreement
16 created no license to the Patents-in-Suit on Cetus' behalf, and, even if it did, that license would
17 not have transferred to Roche, and (3) the Patents-in-Suit are valid and enforceable.
18 Roche's Summary:
19     In the mid-1980s, Cetus Corporation, Roche Molecular Systems' predecessor, developed
20 the groundbreaking and Nobel Prize-winning discovery known as Polymerase Chain Reaction
21 ("PCR"). PCR is a laboratory method that allows scientists to make multiple copies of a
22 molecule called DNA. Using PCR, billions of copies of a target DNA molecule can be made in a
23 matter of hours. These abundant copies can then be used in a variety of scientific applications,
24 including clinical testing for disease diagnosis and treatment. After patenting the fundamental
25 PCR technique, Cetus went on to explore the many potential uses of PCR. One of the projects at
26 the forefront of Cetus' work was the use of PCR to detect and quantitate the virus that causes
27 AIDS – HIV.
28     Researchers from around the world approached Cetus in an effort to learn PCR. One such

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1
719654 v2/PA

3.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP

1  group at Stanford University, headed by Dr. Thomas Merigan, sought to obtain access to Cetus'
2  technology for use in connection with HIV research. In order to obtain such access, Merigan
3  entered into two consulting /confidentiality agreements in 1984 and 1991. Pursuant to those
4  agreements, Merigan had unfettered access to Cetus facilities, confidential materials, employees,
5  and know-how. The agreements provided that any invention made pursuant to those agreements
6  would be the sole and exclusive property of Cetus.

7  Cetus also entered into a consulting/confidentiality agreement with Stanford's Dr. Mark
8  Holodniy – a Stanford post-doctoral fellow working for Merigan who learned basic PCR
9  techniques from Cetus employees. Between 1989 and 1991, Cetus and Holodniy jointly
10 developed methods for quantitating the amount of HIV in serum and plasma using PCR. Like
11 Merigan, Holodniy agreed that Cetus owned any invention made by him, alone or with others, as
12 a consequence of his access to Cetus' facilities or information. Despite the parties' agreements
13 and their joint development efforts, however, Stanford patented the parties' joint work.

14 Through this lawsuit, Stanford seeks to enforce two of its unlawfully obtained patents
15 against Defendants in contravention of both the patent laws and the agreements between and
16 among Defendants and Stanford, Merigan, and Holodniy. Defendants deny any infringement and
17 have asserted counterclaims against Stanford and Merigan. Among their counterclaims,
18 Defendants assert that they own the asserted patents as well as other related patents (collectively
19 the "Patents-in-Suit") and/or hold a non-exclusive royalty-free license to the patents through
20 Hoffmann-LaRoche Inc.'s purchase of the PCR related assets from Cetus in 1991, and the
21 subsequent assignment of those assets to Roche Molecular Systems in 1997. In particular,
22 Defendants assert that (1) Cetus scientists were unnamed joint inventors of the asserted patents;
23 (2) Merigan's and Holodniy's work related to the subject matter claimed in the Patents-in-Suit was
24 encompassed by consulting agreements entered into among Merigan, Holodniy, and Cetus, which
25 gave Cetus an ownership interest in any "inventions" resulting from Merigan's and Holodniy's
26 work; (3) the Patents-in-Suit are subject to a materials transfer agreement entered into among
27 Cetus, Merigan and Stanford, giving Cetus a royalty free license to the Patents-in-Suit; (4) the
28 asserted patents are invalid for failure to satisfy one or more of the requirements of Title 35; (5)

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1
719654 v2/PA

4.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP

the asserted patents are unenforceable due to a failure to disclose facts relating to the "true inventorship" of the patents and relevant prior art to the U.S. Patent and Trademark Office; and (6) Merigan breached his contracts with Cetus.

**2.     The principal factual issues which the parties dispute:**

   **(A)**   Whether Defendants directly infringe the asserted patents;

   **(B)**   Whether Defendants have engaged in contributory infringement of the asserted patents;

   **(C)**   Whether Defendants have induced others to infringe the claims of the asserted patents;

   **(D)**   Whether the alleged infringement of the asserted patents by Defendants is willful;

   **(E)**   Whether Stanford waived its right to seek the relief set forth in the Complaint;

   **(F)**   Whether Stanford is entitled to damages for direct or indirect infringement of the Patents-in-Suit by Defendants and, if so, the amount of same;

   **(G)**   Whether Stanford is entitled to attorneys' fees and/ or costs, and if so, the amount of same;

   **(H)**   Whether the asserted patents claim patentable subject matter under 35 U.S.C. § 101;

   **(I)**   Whether the claims of the asserted patents were anticipated under 35 U.S.C. § 102 or rendered obvious under 35 U.S.C. § 103 by a prior publication or a prior invention;

   **(J)**   Whether the claims of the asserted patents are adequately described and enabled under 35 U.S.C. § 112;

   **(K)**   Whether the named inventors are the sole and correct inventors of the Patents-in-Suit;

   **(L)**   Whether Cetus scientists were co-inventors of the inventions in the Patents in Suit;

   **(M)**   Whether Stanford, Cetus, or other scientists conducted and/or published work which anticipated or rendered obvious the inventions in the patents in suit;

   **(N)**   Whether Dr. Merigan's contribution to the Patents-in-Suit were of such a nature, and occurred at such a time, as to be covered by the terms of Dr. Merigan's 1984 or 1991 consulting agreements with Cetus;

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1
719654 v2/PA

5.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP

**(O)** Whether the Patents-in-Suit are subject to the terms of the 1988 Materials Transfer Agreement between Cetus and Stanford, Dr. Merigan and Dr. Schwartz;

**(P)** Whether Roche Molecular Systems acquired any of Cetus Corporation's alleged interests (that is, assignment or right to assign, license or option to license, or ownership);

**(Q)** Whether the named inventors intentionally failed to disclose to the PTO material facts regarding patentability;

**(R)** Whether Dr. Merigan breached his 1984 and 1991 agreements with Cetus;

**(S)** Whether Defendants are precluded from asserting breach of contract, ownership, or license based on waiver or the statute of limitations;

**(T)** Whether Defendants are entitled to damages or other remedy for any breach of any agreement between Stanford or Dr. Merigan and Cetus and, if so, the amount of same.

**3.    The principal legal issues which the parties dispute:**

**(A)** The proper construction of various terms in the claims of the asserted patents;

**(B)** Whether the asserted patents claim patentable subject matter under 35 U.S.C. § 101;

**(C)** Whether Stanford is precluded from asserting its claims due to estoppel or laches;

**(D)** Whether the asserted patents are unenforceable due to inequitable conduct;

**(E)** Whether Stanford is entitled to injunctive relief as the court deems appropriate and in the public interest, enjoining Defendants from further infringing the '730 and '705 patents;

**(F)** Whether Stanford has standing to sue for infringement of the asserted patents;

**(G)** Whether Roche Molecular Systems acquired any of Cetus Corporation's purported interests (that is, assignment or right to assign, license or option to license, or ownership);

**(H)** Whether Defendants are precluded from asserting breach of contract, ownership, or license based on estoppel or laches;

**(I)** Whether Defendants have standing to sue Dr. Merigan for alleged breach of any contract between Merigan and Cetus Corp.;

**(J)** Whether Defendants are entitled to an injunction for specific performance by Merigan of any duties associated with any of the Merigan-Cetus consulting agreements.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1

719654 v2/PA

6.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C-05-04158 MHP**

4. **Other factual issues (e.g., service, jurisdiction, venue) which remain unresolved and how the parties propose to resolve those issues:**

The parties agree that this action arises under the patent laws of the United States, and jurisdiction therefore exists under 28 U.S.C. § 1338(a); that the Court has original jurisdiction under 28 U.S.C. § 1331; and that the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a). The parties agree that all of the parties are subject to the court's jurisdiction, and that venue is proper.

5. **Parties which have not been served and the reasons:**

All of the parties in the action have been served.

6. **Additional parties which the below-specified parties intend to join and intended time frame for such joinder:**

Stanford does not intend to join any additional parties to this action at this time.

Roche is currently evaluating whether to add additional parties to the Counterclaims. If any additional parties are to be added, Roche will add such parties as soon as possible.

7. **Parties consenting to assignment of this case to a United States Magistrate Judge for trial:**

None of the parties consents to having a magistrate judge conduct trial.

**ALTERNATIVE DISPUTE RESOLUTION**

8. **The parties have not filed a Stipulation and Proposed Order selecting an ADR process, and the ADR process that the parties jointly request is mediation.**

9. **Please indicate any other information regarding ADR process or deadline.**

The parties participated in a private, non-court-sponsored, JAMS mediation with Magistrate Judge Edward Infante on April 6, 2005. That mediation was unsuccessful, and Stanford filed its Complaint on October 14, 2005.

**DISCLOSURES**

10. **The parties certify that they have made the following disclosures:**

The parties have exchanged some documents in this case in connection with prior mediation. The parties intend to serve their initial disclosures on February 3, 2006.

**DISCOVERY**

11. **The parties have not reached agreement on a discovery plan**

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1

719654 v2/PA

7.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP

1   Defendants seek bifurcation of this case to address ownership and license issues prior to addressing other issues in the case. Stanford and Merigan oppose bifurcation. Accordingly, Stanford/Merigan and Defendants seek fundamentally different schedules as set forth below:

Stanford/Merigan's Proposed Schedule:

Stanford and Dr. Merigan propose that this case proceed quickly and efficiently under a schedule approximating that of the Patent Local Rules. This schedule contemplates a trial on infringement and all of Roche's defenses and counterclaims in the summer of 2007. Stanford opposes bifurcation as both inefficient and unfair.

Bifurcation would be inefficient because, among other things, the factual disputes involved in resolving the ownership and license issues are closely intertwined with the core patent issues in the case. For example, Defendants' ownership assertion is based on its claim of co-inventorship by Cetus scientists and Cetus agreements with Merigan and Stanford. Addressing Roche's inventorship assertions will necessitate review of documents and conducting depositions of all of the inventors and Roche's alleged co-inventors, as well as other relevant percipient witnesses. These are the same witnesses who would be deposed in connection with the remaining Roche invalidity allegations pertaining to anticipation, obviousness, enablement, and unenforceability. The same witnesses are also relevant to the infringement contentions. Likewise, expert testimony will be required and will similarly overlap. Moreover, claim construction may well be necessary prior to determining whether Cetus employees made any inventive contribution to the claims. Roche's current schedule does not account for claim construction. Accordingly, the issues underlying the ownership and license claims overlap considerably with the infringement and validity issues at the core of the patent case. Bifurcation in this case would thus lead to extreme inconvenience to the witnesses, unnecessary delays and burdens on the Court associated with two rounds of fact and expert discovery, briefing, and two jury trials.

Bifurcation would also be unfair in light of the facts of this case. The delays and duplication resulting from bifurcation will impose significant financial burdens on Stanford and Merigan. Roche could have instigated litigation to resolve the ownership and inventorship issues

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1
719654 v2/PA

8.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP

following the unsuccessful mediation in April 2005. But Roche chose to wait, and pursued these issues only after Stanford brought this suit for patent infringement. They should not now be permitted to inflate the importance of the ownership and license issues and detract from the core patent suit at issue.

Stanford and Merigan propose a schedule that embraces all of the legal issues and tracks closely with the dates dictated by the Patent Local Rules of the Northern District of California. Both sets of dates are provided below. Because of the inefficiency and unfairness that would result from bifurcation, Roche's suggestion to bifurcate should be rejected. However, should the Court entertain Roche's request to bifurcate this case, Plaintiffs request the opportunity to fully brief the issue.

| Event | Date per Patent Local Rules | Plaintiff's Proposed Date |
|---|---|---|
| Initial Disclosures | 2/3/06 | 2/3/06 |
| Initial CMC | 2/13/06 | |
| Last day for patentee to serve Disclosure of Asserted Claims and Preliminary Infringement Contentions and produce initial patent disclosures | 02/28/06 | 02/28/06 |
| Last day to amend pleadings without leave of court | | 3/3/06 |
| Last day for accused infringer to serve Preliminary Invalidity Contentions and produce initial patent disclosures | 04/14/06 | 04/14/06 |
| Exchange Proposed Disputed Terms | 04/28/06 | 04/28/06 |
| Last day for simultaneous exchange Preliminary Claim Construction and identify extrinsic evidence | 05/18/06 | 05/18/06 |
| Last day to file Joint Claim Construction and Prehearing Statement | 06/13/06 | 06/2/06 |
| Claim Construction Prehearing Conference | | 06/16/06 |
| Completion of claim | 07/13/06 | [if necessary] |

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1

719654 v2/PA

9.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C-05-04158 MHP**

| Event | Date per Patent Local Rules | Plaintiff's Proposed Date |
|---|---|---|
| construction discovery | | |
| Opening claim construction brief | 07/28/06 | 07/14/06 |
| Responsive claim construction brief | 08/11/06 | 07/28/06 |
| Reply claim construction brief | 08/18/06 | 08/11/06 |
| Claim construction hearing | 09/01/06 | 08/25/06 |
| Proposed End of Fact Discovery | | 9/29/06 |
| Opening Expert Reports due for Party with burden of proof | | 10/20/06 |
| Rebuttal Expert Reports due | | 11/20/06 |
| Last day to amend Preliminary Infringement Contention pursuant to Pat LR 3-6 (a) | 30 days after Claim Construction Order | 20 days after Claim Construction Order |
| Last day to amend Preliminary Invalidity Contentions pursuant to Pat LR 3-6(b) | 50 days after Claim Construction Order | 20 days after Claim Construction Order |
| Last day for accused infringer to produce opinions of counsel and related privilege log re willfulness | 50 days after Claim Construction Order | 20 days after Claim Construction Order |
| Proposed End of Expert Discovery | | 12/20/06 |
| Last Day for hearing on Dispositive motions | | 03/9/07 |
| Pretrial conference | | 4/20/07 |
| Trial | | 6/25/07 |

In light of the number of parties and issues in this case, Stanford and Merigan further propose the following guidelines for discovery:

Depositions:      20 per side (that is, 20 for Stanford and Merigan, 20 for defendants) without obtaining leave of court.

Interrogatories:  30 per side

RFAs:             100

RFPs:             Unlimited.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1

719654 v2/PA

10.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C-05-04158 MHP**

Defendants' Proposed Schedule:

Roche proposes that the Court bifurcate all inventorship, ownership and license issues from issues of patent infringement, such that the parties will conduct discovery, file dispositive motions, and, if necessary, proceed to trial first on those issues only. Given the facts of this case, bifurcation makes sense and should be ordered.

As set forth more fully in Roche's Counterclaims, researchers from Cetus Corporation, Roche Molecular Systems, Inc.'s predecessor-in-interest, and Stanford, including Counterclaim Defendant Thomas Merigan and Dr. Mark Holodniy, collaborated regarding the subject matter claimed in the patents. As a result of this collaboration, together they developed a PCR method for quantitating HIV RNA and refined it through experiments with HIV RNA that was extracted from both patient serum and plasma. The Cetus researchers' inventive contributions to the development of this method were substantial, including but not limited to the development of first-of-their-kind standards or controls for quantitating by PCR any type of RNA and DNA, without which PCR quantitation of HIV RNA was not possible. As a result of this collaboration and the contributions of the Cetus researchers, Roche contends that the Cetus researchers are joint inventors of the subject matter in the patents and, therefore, Roche Molecular Systems, Inc., through various assignments, owns an undivided pro-rata interest in the patents-in-issue.

In addition, in order to facilitate this collaboration, Stanford, Counterclaim Defendant Merigan and Dr. Holodniy executed a number of agreements, including materials transfer agreements and consulting/confidentiality agreements which granted them unfettered access to Cetus facilities, confidential materials, employees, and know-how. These agreements provided that any invention made during the resulting collaboration would be the sole and exclusive property of Cetus and gave Cetus the right to either an exclusive license to any invention, at a reasonable royalty, or a non-exclusive license, at Cetus' option.

Stanford and Dr. Merigan deny that Cetus researchers are entitled to joint inventor status and that the contracts entered into by its researchers entitle Roche to either ownership of, or a license to, the subject matter claimed in the patents-in-issue. Nonetheless, if Roche is correct, discovery and trial on the issues of inventorship, ownership, and license first would render issues

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1

719654 v2/PA

11.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP

of infringement moot and would save the parties and the Court considerable time and effort.

Accordingly, Defendants propose that the Court adopt the following schedule:

| Event | Defendants' Proposed Date |
|---|---|
| Last date to amend pleadings without leave of court | March 3, 2006 |
| Disclosure of Experts and Expert Reports | May 23, 2006 |
| Rebuttal Reports | June 23, 2006 |
| Discovery Cutoff (fact and expert) | July 28, 2006 |
| Last Date to file dispositive motions | August 4, 2006 |
| Final Pretrial Conference | October 10, 2006 |
| Trial | October 23, 2006 |
| Further Case Management Conference on remaining issues (if necessary) | 30 days after decision on ownership/license issues |

Defendants further propose that the discovery limitations set forth in the Federal Rules of Civil Procedure should govern the first phase of this matter, including the limitations on the number of depositions and interrogatories. Defendants are willing to work with Plaintiff regarding reasonable additional discovery if necessary.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1

719654 v2/PA

12.

**JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP**

**TRIAL SCHEDULE**

**12.    The parties request a trial date as follows:**

Stanford/Merigan request the following dates for trial on all of the issues:

| | |
|---|---|
| Last Date for Hearing Dispositive Motions | March 9, 2007 |
| Final Pretrial Conference | April 20, 2007 |
| Trial | June 25, 2007 |

Defendants request the following dates for trial on the issues of ownership and license:

| | |
|---|---|
| Last Date to *File* Dispositive motions: | August 4, 2006 |
| Final Pretrial Conference | October 10, 2006 |
| Trial: | October 23, 2006 |

**13.    Anticipated length of trial:**

At this early stage in the litigation, Stanford/Merigan anticipate a three-week trial, where each trial day is from 8:30 a.m. to 4:30 p.m.

Defendants anticipate trial on the ownership and license issues to last two weeks.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1

719654 v2/PA

13.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP

| | | |
|---|---|---|
| 2 | Dated: January 30, 2006 | COOLEY GODWARD LLP<br>STEPHEN C. NEAL<br>RICARDO RODRIGUEZ<br>MICHELLE S. RHYU |

                                /s/
                              Ricardo Rodriguez
                              Attorneys for Plaintiff The Board of Trustees of
                              the Leland Stanford Junior University and
                              Counterclaim Defendant Thomas Merigan

Dated: January 30, 2006                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                              /s/
                              Robert W. Stone

                              Attorneys for Defendants and Counterclaimants
                              Roche Molecular Systems, Inc.; Roche
                              Diagnostics Corporation; and Roche Diagnostics
                              Operations, Inc.

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Michelle S. Rhyu hereby attests that concurrence in the filing of the document has been obtained*

      The Court has considered the respective schedules submitted by the parties and hereby adopts the schedule submitted by _____(Stanford/Merigan or Roche).

**IT IS SO ORDERED.**

Dated: _____

                              HONORABLE MARILYN H. PATEL
                              United States District Court Judge

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

04972/1822335.1
719654 v2/PA

14.    JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-05-04158 MHP