COUNSEL LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>　　　　　Defendants. | Case No. C 05 04158 MHP<br><br>**STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF PROTECTED INFORMATION** |
| ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>　　　　　Counterclaimants,<br><br>　v.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; AND THOMAS MERIGAN,<br><br>　　　　　Counterclaim Defendants. | |

Whereas, the parties, Plaintiff and Counterdefendant The Board of Trustees of the Leland Stanford Junior University ("Stanford"), Counterdefendant Thomas Merigan ("Merigan"), and Defendants and Counterclaimants Roche Molecular Systems, Inc., Roche Diagnostics Corporation, and Roche Diagnostics Operations, Inc. (collectively, "Roche"), desire to establish a mechanism to protect the disclosure of information, pursuant to Fed. R. Civ. P. 26(c), which a party regards as being of a confidential, trade secret, proprietary, technical, commercial, or financial nature, the public disclosure of which would cause damage to the disclosing party;

04972/1885367.2

STIPULATED PROTECTIVE ORDER
CASE NO. C-05-04158 MHP

The parties by and through their counsel hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"):

1. This Order shall apply to all disclosures and discovery in this action, and to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, compilations, testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal information protected under this Order. All information protected under this Order is termed "Protected Information."

2. Any party or non-party may designate as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" any Protected Information which the designating party or non-party considers in good faith to contain sensitive or confidential information according to the following definitions:

    (a) The term "**CONFIDENTIAL**" as used in this Order is to include all Protected Information that the designating party believes constitutes or discloses or relates to processes, operations, research, technical or developmental information, production, marketing, sales, financial, shipments or other proprietary data or information of commercial value.

    (b) The term "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" as used in this Order is to include only Protected Information which the designating party believes constitutes or contains highly sensitive financial information, security measures, non-public technical information, ongoing research and development projects, or other information which will harm its competitive position if it becomes known to a party other than the disclosing party.

3. Any Protected Information in documentary form shall be designated by marking each relevant page with "Confidential" or "Highly Confidential—Attorneys' Eyes Only" at the bottom of each designated page.

4. Any party or non-party may designate information disclosed during a hearing or deposition or in other pretrial or trial proceedings as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" by so indicating on the record at the hearing or deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within five (5) business days after receipt of the hearing or deposition

transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only." In the event of a post-deposition designation, the receiving party, upon receipt of the properly designated copy, shall make reasonable efforts to destroy all undesignated versions of the same documents and shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written post-deposition notice of designation.

Transcript pages containing material deemed Confidential or Highly Confidential – Attorneys' Eyes Only must be separately bound by the court reporter, who must affix to the top of each such page the appropriate marking, as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

5. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. The producing party must then mark the documents with the appropriate confidentiality designations before producing them.

6. Challenging Confidentiality Designations.

(a) Timing of Challenges. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) Judicial Intervention. A party that elects to press a challenge to a confidentiality designation may file and serve a motion under Civil Local Rule 7 (and in

compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

      7. Any Protected Information and all information derived therefrom (excluding such information as is derived lawfully from an independent source or is publicly available) shall not be disclosed to anyone except as provided herein, shall be used only for the purposes of this litigation, and shall not be used for any business, financial or other purpose whatsoever. Nothing contained herein shall limit or prevent disclosure or use of any item of Protected Information by the party who designated the item protected.

      8. Except with the prior consent of the designating party or non-party, or upon prior order of this Court obtained upon notice to the designating party or non-party, Protected Information designated as Confidential shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

      (a) Counsel of record for the respective parties to this action;

      (b) Members of the firm of counsel of record, partners, of counsel, associates, paralegals, clerks, secretaries, and other staff to whom it is reasonably necessary to disclose the information for this litigation;

      (c) Individual parties, and officers or employees of a party, only to the extent necessary for the prosecution or defense of this litigation;

      (d) Experts and consultants retained for the prosecution or defense of this litigation ("Consultant(s)"), provided that, prior to any disclosure of Protected Information, each such Consultant shall first execute a copy of the Undertaking appended to this Order as Exhibit A, that Undertaking shall be sent to the designating party along with a copy of the Consultant's current curriculum vitae, and the designating party shall have five (5) business days from receipt to object to disclosure pursuant to paragraph 16 herein;

      (e) The Court and Court personnel, stenographic reporters and videographers

at depositions taken in this action, and any jury empanelled in this action;

(f) The author of the document, the original source of the information, and any individuals who previously read or received the original document; and

(g) Independent court reporters, translators, professional vendors and their staffs to whom it is reasonably necessary to disclose the information for this litigation.

9. Except with the prior consent of the designating party or non-party, or upon prior order of this Court obtained upon notice to the designating party or non-party, Protected Information designated as Highly Confidential – Attorneys' Eyes Only shall not be given, shown, made available or communicated in any way to any person or entity other than:

(a) Subject to the provisions of paragraph 11 below, counsel of record for the respective parties to this action;

(b) Subject to the provisions of paragraph 11 below, members of the firm of counsel of record, partners, of counsel, associates, paralegals, clerks, secretaries, and other staff to whom it is reasonably necessary to disclose the information for this litigation;

(c) Subject to the provisions of paragraph 11 below, two designated in-house legal representatives of each party, provided that the individuals have signed the Undertaking that is attached hereto as Exhibit A;

(d) Experts and consultants retained for the prosecution or defense of this litigation ("Consultant(s)"), provided that, prior to any disclosure of Protected Information, each such Consultant shall first execute a copy of the Undertaking appended to this Order as Exhibit A, that Undertaking shall be sent to the designating party along with a copy of the Consultant's current curriculum vitae, and the designating party shall have five (5) business days from receipt to object to disclosure pursuant to paragraph 16 herein;

(e) The Court and Court personnel, stenographic reporters and videographers at depositions taken in this action, and any jury empanelled in this action;

(f) The author of the document, the original source of the information, and any individuals who previously read or received the original document; and

(g) Independent court reporters, translators, professional vendors and their

1  staffs to whom it is reasonably necessary to disclose the information for this litigation.

2  Subject to the provisions of this paragraph, Protected Information designated as Highly Confidential - Attorney's Eyes Only shall not be disclosed to any party, officer, director or employee of any party, unless otherwise agreed in writing or ordered by the Court.

10. In the event that counsel for a party deems it necessary to disclose any Protected Information to any person not contemplated in the preceding paragraphs, said counsel shall notify counsel for the designating party in writing of the Protected Information sought to be disclosed, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party seeking to make the disclosure shall move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. No disclosure shall be made until such motion is decided in favor of the movant.

11. Information may also be designated "Highly Confidential – Attorneys' Eyes Only—Restricted." Information so designated shall have all of the restrictions of information designated Highly Confidential – Attorneys' Eyes Only, plus the additional restrictions set forth in this paragraph. Any members of the firm of counsel of record, as specified in 9(a) and (b), and any designated in-house legal representatives specified in paragraph 9(c), who actually receive or review Protected Information designated as Highly Confidential – Attorneys' Eyes Only--Restricted under this Order.

(a) shall not for a party, or a corporate parent, subsidiary or sibling corporation of a party, prosecute, supervise, assist in the prosecution of or advise regarding patent prosecution strategy for (i) any application, continuation, continuation-in-part, divisional, renewal, substitute or convention application relating to any of the asserted patents, whether or not claiming priority from the asserted patents or any foreign counterpart thereof; or (ii) any application having claims materially related to the subject matter of the Protected Information designated as Highly Confidential – Attorneys' Eyes Only--Restricted actually received or reviewed; and

(b) shall not, for a party, or a corporate parent, subsidiary or sibling corporation of a party, advise regarding patent prosecution strategy for any (i) any potential

1  application, continuation, continuation-in-part, divisional, renewal, substitute or convention
2  application relating to any of the asserted patents, whether or not claiming priority from the
3  asserted patents or any foreign counterpart thereof; or (ii) any potential application having claims
4  materially related to the subject matter of the Protected Information designated as Highly
5  Confidential – Attorneys' Eyes Only--Restricted actually received or reviewed.

6        The restrictions provided in this paragraph shall be applicable during the pendency of this
7  action and for two years after the review of the information designated Highly Confidential –
8  Attorneys' Eyes Only--Restricted.  The restrictions in the paragraph shall not apply to any
9  documents that were exchanged between the parties prior to March 1, 2006, or to information that
10  contains no technical information, information related to ongoing research and development
11  projects, or other scientific data or information.

12      12.    Nothing in this order shall bar or otherwise restrict any attorney herein from
13  rendering advice to his or her client with respect to this litigation and in the course thereof,
14  referring to or relying upon his or her examination of Protected Information; provided, however,
15  that in rendering such advice and in otherwise communicating with his or her clients, the attorney
16  shall not disclose the content or the source of any Protected Information.

17      13.    Any non-party may obtain the protections of this Order for documents it produces
18  by designating any discovery in accordance with the provisions of this Order.  Such designation
19  shall confer upon the non-party all of the rights and obligations of the designating party as set
20  forth herein.

21      14.    Furthermore, discovery in this proceeding of a non-party may involve receipt of
22  information, documents, things or testimony that include or contain Protected Information of a
23  party.  All discovery of non-parties, therefore, shall be treated by the parties as if it had been
24  designated "Highly Confidential—Attorneys' Eyes Only" for a period of five (5) business days
25  from the production of such information, documents or things or the transcript of such testimony.
26  During such five (5) business day period, or longer time period to which the parties may agree,
27  each party may designate some or all of the information, documents, things or testimony provided
28  by the non-party as Protected Information.

15. An inadvertent failure to designate Protected Information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not, by itself, be deemed a waiver of the designating party's right to secure protection under this Order for such material, if the designation is corrected within five (5) business days after discovered. The designating party shall produce a properly designated copy of such qualified information within five (5) business days after discovering the inadvertent failure to designate. The receiving party, upon receipt of the properly designated copy, shall make reasonable efforts to destroy all undesignated versions of the same documents and shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of designation.

16. If an opposing designating party objects to the submission of Protected Information to consultants identified in paragraph 8(d) or 9(d), it shall notify the proposing party of its objection and the grounds therefore in writing within five (5) business days of its receipt of the Undertaking and curriculum vitae. If no such objection is made in such time and manner, the proposing party may disclose Protected Information to such person subject to the provisions in this Order. If an objection is properly made, the parties shall thereafter meet and confer in good faith in an attempt to resolve the objection. Should the parties be unable to resolve the dispute on an informal basis, the objecting party shall submit the matter on motion to the Court for ruling within ten (10) calendar days of notification. In the event of such an objection, the proposing party shall withhold disclosure of Protected Information to the Consultants from the time of the objection until a ruling by the Court or agreement between the parties allows production. If the matter is not timely submitted to the court, the proposing party may disclose the Protected Information to the Consultant. No party shall use its right to object to a proposed Consultant to interfere with the ability of the other party to reasonably prepare for trial, and consent to the disclosure of information to proposed Consultants shall not unreasonably be withheld.

17. The protection afforded by this Order shall in no way affect a party's or non-party's right to withhold documents as privileged under the attorney-client or other privilege or as otherwise exempted from discovery under Rule 26. An inadvertent production of any document

1    that a producing party believes is immune from discovery pursuant to any attorney-client
2    privilege, attorney work product immunity or any other privilege or immunity from production,
3    shall not be deemed a waiver, and the producing party may give written notice to all receiving
4    parties that the document or information inadvertently produced is privileged.  Upon receipt of
5    such written notice, all receiving parties shall immediately return the original and all such copies
6    to the producing party or certify in writing the names of the persons to whom the inadvertently
7    produced document or information was distributed and that all originals and copies thereof have
8    been destroyed.  Return or destruction of such documents or information to the producing party
9    shall not preclude any receiving party from later moving to compel production of the returned
10   documents or information.  No person or party shall incur any liability hereunder for any
11   subsequent disclosure of inadvertently disclosed documents when the subsequent disclosure
12   occurs before receipt of notice of the inadvertent disclosure.

13        18.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed
14   Protected Information to any person or in any circumstance not authorized under this Order, the
15   receiving party must immediately (a) notify in writing the designating party of the unauthorized
16   disclosures, (b) use its best efforts to retrieve all copies of the Protected Information, (c) inform
17   the person or persons to whom unauthorized disclosures were made of all the terms of this Order,
18   and (d) request such person or persons to execute the Undertaking that is attached hereto as
19   Exhibit A.

20        19.    Without written permission from the designating party or a court order secured
21   after appropriate notice to all interested persons, a party may not file in the public record in this
22   action any Protected Material.  A party that seeks to file under seal any Protected Material must
23   comply with Civil Local Rule 79-5.

24        20.    All provisions of this order restricting the communication or use of Protected
25   Information shall continue to be binding after the conclusion of this action, unless otherwise
26   agreed in writing by the parties or ordered by the Court.  At the conclusion of the litigation, upon
27   request of the party or non-party who provided the Protected Information, the party that received
28   the Protected Information shall, at the option of the disclosing party either (a) return such

1  documents no later than sixty (60) days after the request to the party or non-party who provided
2  such information; or (b) destroy such documents no later than sixty (60) days after the request and
3  certify in writing upon request of the opposing party within sixty (60) days of the request that the
4  documents have been destroyed.

5  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
6  pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work
7  product, even if such materials contain Protected Information. Any such archival copies that
8  contain or constitute Protected Information remain subject to this Order.

9  21.  Miscellaneous.

10  (a)  Right to Further Relief. Nothing in this Order abridges the right of any
11  person to seek its modification, or relief from its provisions, by the Court in the future or of the
12  parties to provide by stipulation exceptions to this Order.

13  (b)  Right to Assert Other Objections. By stipulating to the entry of this Order,
14  no party waives any right it otherwise would have to object to disclosing or producing any
15  information or item on any ground not addressed in this Order. Similarly, no party waives any
16  right to object on any ground to use in evidence of any of the material covered by this Order.

17  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19  Dated: May 18, 2006         COOLEY GODWARD LLP
                                STEPHEN C. NEAL
20                              RICARDO RODRIGUEZ
                                MICHELLE S. RHYU

23                                          /S/
                                _____
24                              Ricardo Rodriguez
                                Attorneys for Plaintiff The Board of Trustees of
25                              the Leland Stanford Junior University and
                                Counterclaim Defendant Thomas Merigan

Dated: May 18, 2006

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
ADRIAN M. PRUETZ
JEFFREY N. BOOZELL
ROBERT W. STONE
JEREMY A. BURNS


_____/S/_____
Jeremy A. Burns
Attorneys for Defendants Roche Molecular Systems, Inc.; Roche Diagnostics Corporation; and Roche Diagnostics Operations, Inc.

**ORDER**

**IT IS SO ORDERED.**

Dated:_____

_____
U.S. District Judge Marilyn Hall Patel

04972/1885367.2

11

STIPULATED PROTECTIVE ORDER
CASE NO. C-05-04158 MHP

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Defendants. | Case No.  C 05 04158 MHP<br><br>**UNDERTAKING** |
| ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Counterclaimants,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; AND THOMAS MERIGAN,<br><br>Counterclaim Defendants. | |

I, _____, declare and say that:

    1.    I _____ live at _____
_____.

    2.    I am employed as _____ by
_____.

    3.    I have read the Stipulated Protective Order Regarding Disclosure of Protected Information ("Stipulated Protective Order") entered in The Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc., et al., Case No. C 05 04158 MHP, and a copy of the Stipulated Protective Order has been given to me.

4. I agree to be bound by the terms of the Stipulated Protective Order, and agree that any Protected Information within the meaning of the Stipulated Protective Order, will be used by me only to assist counsel in connection with the above-referenced litigation.

5. I agree that I will not disclose or discuss Protected Information with anyone other than the persons described in Paragraph 8 of the Stipulated Protective Order.

6. I agree that I will not disclose or discuss Protected Information designated as Highly Confidential – Attorneys' Eyes Only with anyone other than the persons described in paragraph 9 of the Stipulated Protective Order.

7. I understand that any disclosure or use of Protected Information in any manner contrary to the provisions of the Stipulated Protective Order will subject me to sanctions for contempt of the Court's Stipulated Protective Order.

8. I agree to be subject in personam to the jurisdiction of the United States District Court for the Northern District of California in connection with any proceeding relating to the enforcement of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this _____ day of _____, 20__ at _____.

_____

## ATTESTATION OF E-FILED SIGNATURE

I, Jeremy A. Burns, am the ECF user whose ID and password are being used to file a **STIPULATED PROTECTIVE ORDER**.  In compliance with General Order 45, X.B., I hereby attest that **RICARDO RODRIGUEZ**, has concurred in this filing.

DATED:  May 18, 2006

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By:_____/S/_____
    Jeremy A. Burns
    Attorneys for Defendant
    Roche Molecular Systems

04972/1885367.2