ATTORNEYS AT LAW

Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA
94306-2155
Main   650 843-5000
Fax    650 857-0663

www.cooley.com

RICARDO RODRIGUEZ
(650) 843-5046
rr@cooley.com

Broomfield, CO
720 566-4000
Reston, VA
703 456-8000
San Diego, CA
858 550-6000
San Francisco, CA
415 693-2000
Washington, DC
202 842-7800

May 22, 2006   VIA E-FILE
Honorable Marilyn Hall Patel
United States District Court, N. D. CA
450 Golden Gate Ave., Courtroom 15
San Francisco, CA 94102

Re: **Stanford University v. Roche Molecular Systems, et al. (Case No.C 05-04158 MHP)**

Dear Judge Patel:

I write to describe the discovery issues that will be discussed at tomorrow's 10:30 am call.

*Depositions*. Stanford requests that the six deposition limit be changed to the equivalent 42 hour limit. As of the March hearing, Roche listed 4 persons it might call on ownership issues. Roche has now lists *16* (14 third parties, outside the reach of a Rule 30b(6)), and will not allow Stanford to contact them. Roche's proposal of 9 depositions leaves Stanford without access to many of them. Roche wants the ability to use all of them, but also deprive Stanford of access to all of them. Indeed, Roche has even told ex-Cetus employees whom it does not intend to call (and thus not part of the 16) that their employment agreements preclude any contact with Stanford.

Roche's refusal goes hand-in-hand with its expansive interpretation of this litigation phase. The Court identified the meaning and enforceability of the agreement, and several Stanford defenses, as the primary inquiries (Tr. 15; 23:14-24:10). But Roche used this Court's minute order to insist that every ownership issue is fair game, including the questions of where, when, and how the inventions were made. As shown by Roche's initial disclosures, this includes information known by all the former Cetus employees who interacted with the inventors. Roche cannot insist on an expansive inquiry in this initial phase, but then preclude Stanford from any access, informal or otherwise, to all the witnesses relevant to such an inquiry.

*Privilege*. If the Court does not reject Roche's position during the conference call, Stanford requests briefing for this issue. During prosecution, the inventorship of the patents was corrected. The PTO rules require disclosure of the facts relating to the correction, none of which resulted in any waiver. For example, the belief of the inventors that they contributed to the invention is inherently part of every patent application. Under Roche's view, every inventorship correction or even filing of a patent application would result in a broad waiver.

*Kozal Patents*. The Kozal patents should not be part of this phase. Stanford asserts infringement only of the '730/'705 patents. Roche asserts ownership of these patents, and also the related Kozal patents. This phase of the litigation is aimed at issues affecting entire patent infringement case. (Tr. at 13.) Roche admits ownership of the Kozal patents will not affect the patent infringement part of the case, but still wants to spend substantial resources dealing with it.

Respectfully submitted,

Ricardo Rodriguez