

**SANDRA A. KEARNEY**
skearney@fbm.com
D 415.954.4428

June 27, 2006

*Via E-Filing*

The Honorable Marilyn Hall Patel
United States District Court, Northern District of California
450 Golden Gate Avenue, 18th Floor
San Francisco, CA 94102

    Re:    Board of Trustees, Leland Stanford Junior University v. Roche Molecular
           Systems, Inc. et al., Case No. C 05-04158 MHP
           Telephonic Hearing: Wednesday, June 28, 2006 at 2:00 p.m.

Dear Judge Patel:

       In 1991, Roche purchased a portion of CETUS Corporation's polymerese chain reaction ("PCR") technology. Chiron Corporation acquired the remainder of CETUS' business. Roche served a third-party subpoena on Chiron requesting a wide range of documents relating to a Stanford/CETUS collaboration involving the use of PCR technology in HIV research. At issue in this discovery dispute are portions of some scientists' notebooks allegedly reflecting that research (and unrelated research), and documents relating to Chiron's acquisition of CETUS.

       Chiron scientists spent well over 100 hours conducting a thorough review of the notebooks at issue, and produced <u>all</u> potentially relevant and responsive pages. Roche expressed a vague concern that Chiron may have "missed" information and identified four processes about which it was interested. Chiron confirmed it included those processes in its production. Chiron then prepared two charts (see Exhibit A) identifying generally the content of each notebook and briefly summarizing the information not produced. That information is not relevant to the detection or quantitation of HIV using PCR technology, and yet is highly proprietary to Chiron. Roche continues to demand access to the notebook pages that Chiron has identified as irrelevant and highly proprietary, claiming without explanation that Chiron may have "missed" something. Chiron cannot be required, as a third party, to turn over its proprietary information to a competitor when it is not relevant. *See Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424-25 (Fed. Cir. 1993) (affirming district court's denial of third-party discovery where subpoenaing party did not establish relevance of and need for requested information).

       Similarly, Roche has failed to explain why documents relating to *Chiron's* acquisition of CETUS are relevant to its dispute with Stanford over technology that *Roche* acquired from CETUS. This lawsuit does not involve Chiron, and Roche cannot use it as a fishing expedition into its competitor's business.

                                         Sincerely,

                                         /S/

                                         Sandra A. Kearney

20787\980806.1