Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc. et al

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

<u>VIA E-FILE</u>

June 27, 2006

The Honorable Judge Patel
United States District Court for the Northern District of California
Courtroom 15, 18th Floor
450 Golden Gate Avenue, San Francisco 94102

Re:     <u>Stanford v. Roche (No. C-05-04158 MHP) - Discovery Teleconference - June 28, 2006</u>

Dear Judge Patel:

Roche seeks from third-party Chiron the complete lab notebooks from 1988 to 1992 of twenty named Cetus scientists involved in PCR and its clinical applications, as well as deal documents relating to the acquisition of Cetus assets by Chiron and Roche. These documents are directly relevant to the underlying dispute between plaintiff Stanford and Roche—namely, patent ownership of the clinical application of the PCR technique to AIDS treatments.

Stanford sued Roche on patents filed in 1992 relating to the clinical use of a technique known as PCR to measure the amount of HIV in a patient's blood. Stanford's inventors, however, conducted their PCR/AIDS work in collaboration with scientists at <u>Cetus</u>, the pioneer of PCR. The joint PCR/AIDS work included HIV quantification and the efficacy of a cytokine protein known as IL2 (a potential AIDS treatment). In 1991, a Roche affiliate purchased the PCR business of Cetus. The remainder of Cetus' business was sold to <u>Chiron</u>, which took over Cetus' facilities, including the files containing Cetus lab notebooks. Because of the relationship between Stanford scientists and Cetus, Roche—as the successor to Cetus' PCR business—claims an ownership interest in Stanford's PCR patents. In response to Roche's subpoena, Chiron produced a handful of heavily redacted lab notebooks and refused to produce deal documents.

*<u>The Cetus lab notebooks held by Chiron are relevant</u>*. Cetus and Stanford scientists worked concurrently on several applications of PCR, including HIV and the cytokine protein known as IL2. All of this work relates to AIDS treatments—the subject matter of the patents. It is impossible to parse the notebooks into relevant/non-relevant experiments; that is not how the notebooks were originally maintained. Techniques and reagents learned in one experiment relate to the others, and <u>all</u> interactions between Stanford and Cetus with respect to HIV and IL2/cytokine are relevant to the ownership issue. Also, because this work is over fifteen years old, the complete notebooks are critical to refreshing the witnesses' recollections about the time period. The same is true for the notebooks that have been withheld in their entirety.

*<u>The deal documents are relevant</u>*. The parties dispute ownership of the work performed at Cetus. Chiron is withholding both <u>its</u> deal documents and the Cetus deal documents it inherited. Both sets of document bear on the ownership issue.

*<u>The protective order preserves any confidential information</u>*. This is no fishing expedition. Roche's requests are focused, and the protective allows Chiron to protect its information, which is now approaching twenty years old. Nor are Roche's requests burdensome, especially given Chiron's relationship to Cetus. Chiron's efforts to redact relevant information were improper in the first instance, and Chiron has manufactured this burden.

04972/1909241.1

Very truly yours,
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

/s/

Brian C. Cannon