Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc. et al Doc. 57

# Cooley Godward LLP

ATTORNEYS AT LAW

Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA
94306-2155
Main    650 843-5000
Fax     650 857-0663

www.cooley.com

MICHELLE S. RHYU Ph.D.
(650) 843-5505
rhyums@cooley.com

Broomfield, CO
720 566-4000

Reston, VA
703 456-8000

San Diego, CA
858 550-6000

San Francisco, CA
415 693-2000

Washington, DC
202 842-7800

July 17, 2006    VIA E-FILE

Honorable Marilyn Hall Patel
United States District Court
Northern District of California
450 Golden Gate Ave., Courtroom 15
San Francisco, CA 94102

**Re: Stanford University v. Roche Molecular Systems, et al. (Case No. C 05-04158 MHP)**

Your Honor:

I write regarding the Court's ongoing *in camera* inspection of documents relating to Chiron Corporation's acquisition of Cetus Corporation, currently being conducted pursuant to the Court's June 28, 2006 Order. Chiron and Roche submitted their documents for the Court's review on July 5, 2006. As Your Honor is aware, Roche has requested production of documents relating to the merger between Chiron Corporation and Cetus Corporation. While Stanford has not sought production of these documents to date, Stanford wishes to call the Court's attention to an important issue as the Court conducts its inspection of the documents.

Defendant Roche asserts counterclaims based, in part, on two consulting agreements between Cetus and Counterclaim Defendant, Dr. Thomas Merigan. The Agreements are dated April 13, 1984 and April 19, 1991. As I alluded to in the teleconference of June 28, Roche asserts that it acquired Cetus' rights and obligations under these agreements, even though the Agreements are not listed among the assets transferred to Roche in the Asset Purchase Agreement between Cetus and Roche. Importantly, any evidence that Chiron, not Roche, obtained Cetus's rights and obligations under the Merigan Agreements could be dispositive of the related counterclaims.

Therefore, Stanford respectfully requests that the Court specifically consider during its *in camera* inspection whether any of the Chiron/Cetus acquisition documents contain (1) statements suggesting that the April 13, 1984 or April 19, 1991 Merigan Agreements were transferred to Chiron as a consequence of the merger; and (2) statements suggesting that any rights and obligations not expressly transferred to Roche in the 1991 Asset Purchase Agreement between Cetus and Roche were transferred to Cetus. Stanford considers documents containing such statements to be highly relevant to Roche's counterclaims and respectfully requests production of such documents.

Respectfully submitted,

/s/

Michelle S. Rhyu
Cooley Godward LLP
Counsel for Stanford University

cc:    Brian C. Cannon (briancannon@quinnemanuel.com)
       Sandra A. Kearney (SKearney@fbm.com)

731942 v1/PA

Dockets.Justia.com