Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc. et al					Doc. 60

# Cooley Godward LLP

ATTORNEYS AT LAW

Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA
94306-2155
Main    650 843-5000
Fax     650 857-0663

www.cooley.com

RICARDO RODRIGUEZ
(650) 843-5046
rr@cooley.com

Broomfield, CO
720 566-4000

Reston, VA
703 456-8000

San Diego, CA
858 550-6000

San Francisco, CA
415 693-2000

Washington, DC
202 842-7800

July 28, 2006    VIA E-FILE
Honorable Marilyn Hall Patel
United States District Court, N. D. CA
450 Golden Gate Ave., Courtroom 15
San Francisco, CA 94102

**Re: Stanford University v. Roche Molecular Systems, et al. (Case No.C 05-04158 MHP)**

Dear Judge Patel:

Per Mr. Bowser's request, I describe below Stanford's basis for requesting that the Court order Roche to provide its corporate Rule 30(b)(6) deponent for deposition prior to August 15, 2006.

*Initial Request for 30(b)(6)*. On June 5, Stanford provided its Rule 30(b)(6) topics (attached). Stanford asked that the deposition be held in June so that other depositions could be identified and planned in light of limits on the number and total hours of depositions. This planning is critical for Stanford, as the number of Roche witnesses with relevant information exceeds the number of depositions allowed. Roche offered only July 27, essentially the close of discovery.

*Roche's cancellation*. When discovery was extended by one month to August 31, Roche unilaterally canceled the July 27th deposition, despite Stanford's readiness to take it. Roche also canceled its own Rule 30(b)(6) deposition of Stanford, after it had already postponed the deposition from the date Stanford offered in June. Roche further asked to reschedule its deposition of Dr. Merigan. But for Roche's cancellations, both parties would have completed their Rule 30(b)(6) depositions in July. (Yesterday, Roche threatened that it would raise its own timing issue with the Court with respect its Rule 30(b)(6) deposition of Stanford. Roche had not raised this issue before, nor has there been any meet and confer, nor does Roche have any basis to complain since it was the one who canceled the depositions scheduled in July.)

*Roche's delays prejudice Stanford*. In response to Stanford seeking the Court's intervention, Roche designated employee Ms. Rhea Nersesian for topics 1-9, 10, 15, 18, 21, 24, 25, 39, 30, 32, and 39, for August 31, the last day of discovery. These topics go to the heart of Roche's claims in this phase. Stanford needs to complete the Rule 30(b)(6) deposition by August 15 in order to manage the deposition hour and number limits. Ms. Nersesian's availability is not an issue, since she has attended all of the Roche witness depositions thus far.

As the plaintiff for purposes of this phase, Roche must provide full and proper discovery. Instead, it has sought every opportunity to delay, preventing Stanford from discovering Roche's positions and following up on discovery related to those positions. Stanford should not be prejudiced by Roche's lack of preparation on its own claims. Stanford thus requests an order requiring Roche to provide its corporate Rule 30(b)(6) deponent by August 15, or to forfeit its ownership claims and allow the patent case to proceed.

Respectfully submitted,

Ricardo Rodriguez
cc:    Jeffrey Boozell, Esq.  (via email only)
        Jeremy Burns, Esq.  (via email only)

733106 v3/PA

Dockets.Justia.com