**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

July 28, 2006

The Honorable Judge Patel, VIA E-FILE
United States District Court for the Northern District of California
Courtroom 15, 18th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:     Stanford v. Roche (No. C-05-04158 MHP) - Call re 30(b)(6) Witnesses

Dear Judge Patel:

Stanford's request that the Court order Roche to produce one of its four 30(b)(6) witnesses by an artificial deadline or forfeit its ownership claims is as perplexing as it is unfounded and one-sided. Roche has repeatedly accommodated Stanford's discovery and deposition requests, and the parties are on track for completing all discovery prior to the August 31, 2006 close of discovery. Stanford's request lacks merit and should be rejected.

Under the circumstances, Stanford's complaint is particularly lacking in merit given Stanford's proposed dates for its 30(b)(6) depositions. In addition to at least nine fact witnesses, three of Roche's four 30(b)(6) designees -- on 21 of 33 topics -- have been offered by Roche for deposition by Stanford by August 15, 2006. By contrast, Stanford has unilaterally scheduled two of its three 30(b)(6) deponents -- on 22 out of 26 topics -- to testify during the last seven days of August -- on August 25th and 30th -- and Stanford has only made available three fact witnesses for deposition prior to August 15. What Stanford seeks to impose is an artificial deadline with which it will not comply. *See* Ex. A.

Even more confounding is Stanford's presumption to speak for Ms. Nersesian's availability without having adequately met and conferred on this subject. Had it done so, as was its obligation, Stanford would know that Ms. Nersesian has two pre-planned summer vacations, on August 2-4 and 11-21, with her family. Thus, given the parties' pre-existing deposition schedule, which presently contemplates approximately 20 depositions in August, as well as Ms. Nersesian's availability, August 31 was proposed for Ms. Nersesian.

Stanford will suffer no prejudice from this schedule. Both sides have 70 hours in which to conduct no more than 20 depositions. Stanford need only reserve seven hours or less for the deposition of Ms. Nersesian and conduct less than 20 depositions before hers is taken. Roche must do the same to stay within the agreed upon limits to take Stanford's 30(b)(6) testimony on August 25th and 30th.

Finally, Stanford's letter fails to disclose that Roche's 30(b)(6) deposition notice has been pending for nearly three weeks longer than Stanford's. Nonetheless, Stanford wants to have its 30(b)(6) discovery whenever it wants -- regardless of witness availability or pre-existing schedules -- and to delay Roche's ability to obtain its discovery until a time that Stanford chooses. Given the posture of discovery in this case, Stanford's current complaint rings hollow and should be rejected.

04972/1928252.1

Dockets.Justia.com

Respectfully submitted,
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

/s/

Jeffrey A. Boozell


Enclosures

cc: Ricardo Rodriguez