UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROCHE MOLECULAR SYSTEMS, INC.; ROCHE DIAGNOSTICS CORPORATION; ROCHE DIAGNOSTICS OPERATIONS INC.,<br><br>　　　　　Defendants. | No. C 05-04158 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Motion to Compel** |

　　　　Plaintiff The Board of Trustees of the Leland Stanford Junior University ("Stanford") filed this patent infringement lawsuit against defendants Roche Molecular Systems, Inc., Roche Diagnostics Corporation, Roche Diagnostic Operations, Inc., and Roche Diagnostic Systems, Inc. (collectively the "Roche defendants"). Defendants filed an answer and counterclaim against plaintiff denying infringement and further alleging that the patents in question are not duly and lawfully issued to the plaintiff. In particular, Roche contends that it has an ownership interest in the Polymerase Chain Reaction ("PCR") technology described in the asserted patents, which it acquired in 1991 as a result of purchasing certain PCR-related intellectual property assets from Cetus Corporation. Following the sale of PCR-related assets to Roche, the remnant of Cetus Corporation merged into a subsidiary of Chiron Corporation.

　　　　In the pursuit of evidence to support its ownership defense, Roche served a third-party subpoena on Chiron requesting a variety of documents related to the Cetus-Stanford collaboration involving the use of PCR technology in HIV research, as well as documents related to the Cetus-

Chiron merger. Chiron produced selected pages from laboratory notebooks it acquired from Cetus, but withheld the production of other pages. Chiron also refused to provide Roche with documents relating to Chiron's merger with Cetus. Chiron based its refusal on concerns that Roche is improperly using discovery in this lawsuit to obtain proprietary information about Chiron, which competes with Roche.

      The parties appeared before the court on June 28, 2006 to resolve the discovery dispute. At the hearing, the court ordered Chiron and Roche to lodge copies of all documents related to the 1991 acquisition and merger for *in camera* review. Chiron and Roche lodged the requested documents on July 5. The court informed the parties that it would determine the appropriate next step—such as ordering production of the requested materials or appointing a special master to review the requested materials for relevance—after completing its review.

      During review of the documents provided by Chiron, however, the court has noted that some transaction-related materials appear to be missing. A list of specific deficiencies follows:

- In the document "Agreement and Plan of Merger," dated July 21, 1991, page 44 is missing. According to the table of contents, page 44 contains information on "Arrangements Relating to PCR Agreements," which suggests some relevance to Roche's affirmative defense.
- On page 20 of the same agreement, in the section titled "Intellectual Property," the agreement states that "Cetus has delivered to Chiron its best available list of all inventions which are the subject of issued patent letters or an application therefor, which are owned and used or held for use by Cetus or any of its Subsidiaries and which are material to the business of Cetus and its Subsidiaries." The list, however, does not appear to be included in the materials submitted by Chiron.
- In the letter and accompanying attachment, Bates numbered CHIRON00599–615, Cetus indicates that it has provided to Chiron copies of various agreements and due diligence documents. Specifically, on page CHIRON00600 the letter indicates that "Agreements with Roche" were provided to Chiron. The letter also indicates at page CHIRON00613 that a "Letter . . . re Diligence Disclosures Regarding Intellectual property" was provided to Chiron,

including information on "Cetus PCR Properties." Neither the group of agreements nor the due diligence letter appears to have been included in the materials submitted by Chiron. In order to complete the requested *in camera* review, the court must have access to the full set of documents describing what Chiron allegedly obtained in its merger with Cetus. Based on the materials already provided, at least the previously enumerated relevant materials are missing.

The court therefore orders Chiron to produce for *in camera* review, within 21 days, the materials enumerated above as well as any additional transaction-related documents which purport to describe PCR-related intellectual property, whether transferred to Roche or to Chiron.

IT IS SO ORDERED.

Dated: July 31, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California