1  COOLEY GODWARD LLP
   STEPHEN C. NEAL (No. 170085) (nealsc@cooley.com)
2  RICARDO RODRIGUEZ (No. 173003) (rr@cooley.com)
   MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA  94306-2155
   Tel:    (650) 843-5000
5  Fax:    (650) 857-0663

6  Attorneys for Plaintiff and Counterdefendant
   THE BOARD OF TRUSTEES OF THE LELAND STANFORD
7  JUNIOR UNIVERSITY, and Counterdefendants THOMAS
   MERIGAN and MARK HOLODNIY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, | Case No.  C 05 04158 MHP |
|---|---|
| Plaintiff, | **PLAINTIFF AND COUNTERDEFENDANT STANFORD'S REPLY TO AMENDED COUNTERCLAIMS** |
| v. | **COUNTERDEFENDANT THOMAS MERIGAN'S ANSWER TO AMENDED COUNTERCLAIMS** |
| ROCHE MOLECULAR SYSTEMS, ET AL., | |
| Defendants. | **COUNTERDEFENDANT MARK HOLODNIY'S ANSWER TO AMENDED COUNTERCLAIMS** |
| | **DEMAND FOR JURY TRIAL** |
| ROCHE MOLECULAR SYSTEMS, ET AL., | |
| Counterclaimants, | |
| v. | |
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; AND THOMAS MERIGAN., | |
| Counterclaim Defendants. | |

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA

# AMENDED REPLY AND ANSWER

Plaintiff and counterclaim defendant the Board of Trustees of the Leland Stanford Junior University ("Stanford") and counterclaim defendants Thomas Merigan, M.D., and Mark Holodniy, M.D., (collectively "Counterdefendants") state for their answers and affirmative defenses to the Amended Answer and Counterclaims of Roche Molecular Systems, Roche Diagnostics Corporation, and Roche Diagnostic Operations, Inc., (collectively "Roche"), as follows:

## Jurisdiction and Venue as to Counterclaim Defendant Stanford

1. Stanford admits that Roche's patent-related counterclaims arise under the Declaratory Judgment Act and U.S. patent law, but denies that Roche's breach of contract counterclaims arise under these laws.

2. Stanford admits that, to the extent a justiciable case or controversy exists, this Court has subject matter jurisdiction to Roche's counterclaims One through Three and Five pursuant to 28 U.S.C. §§ 1331 and 1338(a). Stanford denies that this Court has federal question jurisdiction over Roche's counterclaims Four and Six through Ten, on the basis that those counterclaims do not present federal questions.

3. Stanford admits that, to the extent this Court has jurisdiction, venue is proper in this district.

4. Stanford admits paragraph 4.

5. Stanford admits paragraph 5.

## Jurisdiction and Venue as to Counterclaim Defendant Merigan

6. Merigan admits the allegations of paragraph 6.

7. Merigan admits the allegations of paragraph 7.

8. Merigan admits paragraph 8.

## Jurisdiction and Venue as to Counterclaim Defendant Holodniy

9. Holodniy admits the allegations of paragraph 9.

10. Holodniy admits the allegations of paragraph 10.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA                    2.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

11.   Holodniy admits paragraph 11.

**General Allegations**

12.   Counterdefendants lack sufficient knowledge or information to determine whether the allegations of paragraph 12 are true and, on that ground, deny those allegations.

13.   Counterdefendants admit that Kary Mullis was a Cetus scientist who shared a Nobel prize for his work on PCR in the mid-1980s. Counterdefendants lack sufficient knowledge or information to determine whether the remaining allegations are true and, on that basis, deny the remaining allegations of paragraph 13.

14.   Counterdefendants admit that PCR emerged as a new technology around the same time that HIV was discovered. Counterdefendants lack sufficient knowledge or information to determine whether the rest of the allegations of paragraph 14 are true and, on that ground, deny those allegations.

15.   Counterdefendants lack sufficient knowledge or information to determine whether the allegations of paragraph 15 are true and, on that ground, deny those allegations.

16.   Counterdefendants admit that Merigan was the Director of CFAR at Stanford. Counterdefendants also admit that Merigan was a member of Cetus' Scientific Advisory Board from 1979 through 1991. Counterdefendants deny the remaining allegations of paragraph 16.

17.   Counterdefendants admit that Merigan executed consulting agreements with Cetus on April 13, 1984, and April 19, 1991, but deny the remaining allegations of paragraph 17.

18.   Counterdefendants admit the existence of the Materials Transfer Agreement bearing a date of December 19, 1988. Counterdefendants deny the remaining allegations of paragraph 18.

19.   Counterdefendants admit that Dr. Mark Holodniy was a Stanford post-doctoral fellow working with Dr. Merigan and that Dr. Schwartz was also a researcher in Dr. Merigan's lab. Counterdefendants deny the remaining allegations of paragraph 19.

20.   Counterdefendants admit that Dr. Holodniy signed a Visitor's Confidentiality Agreement on February 14, 1989 and that he spent time working at the Cetus Emeryville facility, which included access to various aspects of that facility. Counterdefendants admit that Dr.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA                     3.                     STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
                                                        TO ROCHE'S AMENDED COUNTERCLAIMS
                                                        CASE NO. C-05-04158 MHP

Holodniy was provided with some materials, but deny the implication that such materials were not publicly known or attainable. Counterdefendants deny the remaining allegations of paragraph 20.

21.   Counterdefendants admit that the Cetus employees listed as coauthors made a contribution to the article entitled *Detection and Quantification of Human Immunodeficiency Virus RNA in Patient Serum by Use of the Polymerase Chain Reaction* published in the Journal of Infectious Diseases. Counterdefendants deny the remaining allegations of paragraph 21.

22.   Counterdefendants admit that sometime in the late 1980's Cetus employees developed some controls for quantitation by PCR of various non-HIV RNA sequences. Counterdefendants deny the remaining allegations of paragraph 22.

23.   Counterdefendants admit that, in 1989, Holodniy and Merigan sought to publish an abstract relating to the PCR quantitation of HIV RNA extracted from serum at a UCLA symposium. Counterdefendants admit that the abstract, entitled *Quantitation of HIV-1 RNA in Serum and Correlation with Disease Status Using the Polymerase Chain Reaction*, and which listed both Stanford and Cetus scientists as authors, states that "HIV-1 viral RNA can be detected and quantitated in patient serum" and speculates that such quantitation "may be a useful marker for disease progression or monitoring antiviral therapy." Counterdefendants deny the remaining allegations of paragraph 23.

24.   Counterdefendants admit that they submitted an article published in April 1991 in the Journal of Infectious Diseases, entitled *Detection and Quantification of Human Immunodeficiency Virus RNA in Patient Serum by Use of the Polymerase Chain Reaction* (the "JID article"), and that the article listed Cetus scientists among the authors. Counterdefendants deny the remaining allegations of paragraph 22.

25.   Counterdefendants admit that the April 1991 JID article states that HIV RNA "was detected and quantified in the serum of HIV-seropositive individuals using the polymerase chain reaction" and that "[q]uantification of infectious HIV RNA in cell-free serum by PCR may be useful as a marker for disease progression or in monitoring antiviral therapy." Counterdefendants also admit that the article states that "[s]erum PCR may provide an additional marker of disease

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA                                          4.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1  progression and drug efficacy that could improve our ability to monitor the course of HIV infection." Counterdefendants deny the remaining allegations of paragraph 25.

26.   Counterdefendants admit that Holodniy submitted a paper to the Journal of Clinical Investigation entitled *Reduction in Plasma Human Immunodeficiency Virus Ribonucleic Acid after Dideoxynucleoside Therapy as Determined by the Polymerase Chain Reaction* ("the JCI article"). Counterdefendants admit that no Cetus scientists were included as authors on this publication and that Stanford did not seek approval from Cetus for this publication, but deny that there was any obligation to seek approval. Counterdefendants deny the remaining allegations of paragraph 26.

27.   Counterdefendants admit that the JCI article was published in November of 1991. Counterdefendants deny that the JCI article is limited as Roche suggests, and deny the remaining allegations of paragraph 27.

28.   Counterdefendants deny the allegations of paragraph 28.

29.   Counterdefendants admit that Stanford's counsel submitted the parent application for the '730 Patent Family (the "May 1992 Application") on May 14, 1992. Counterdefendants admit that U.S. Patent No. 5,968,730 issued on October 19, 1999, is entitled "Polymerase Chain Reaction Assays for Monitoring Antiviral Therapy and Making Therapeutic Decisions in the Treatment of Acquired Immunodeficiency Syndrome," and that the named inventors of the '730 Patent are Drs. Thomas Merigan, Mark Holodniy, and David Katzenstein. Counterdefendants deny the remaining allegations of paragraph 29.

30.   Counterdefendants admit that U.S. Patent No. 6,503,705 is a continuation of the '730 Patent and that it issued on January 7, 2003. Counterdefendants admit that Drs. Thomas Merigan, Mark Holodniy, and David Katzenstein are named inventors on the patent. Counterdefendants deny the remaining allegations of paragraph 30.

31.   Counterdefendants deny that "[t]he methods claimed in the '128, '086, '352, and '268 Patents and the 2001 and 2002 Patent Applications comprise the result of Counterclaim Defendants Merigan and Holodniy's work at Cetus and are therefore covered by, among other things, the MTA, and the 1984 and 1991 consulting/confidentiality agreements between

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA                     5.                     STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
                                                         TO ROCHE'S AMENDED COUNTERCLAIMS
                                                         CASE NO. C-05-04158 MHP

Counterclaimant RMS's predecessor, Cetus, and Counterclaim Defendant Merigan, and the 1989 consulting/confidentiality agreement between Counterclaim Defendant Holodniy and Cetus." Counterdefendants admit the remaining allegations of paragraph 31.

32. Counterdefendants admit that through an Acquisition agreement, Hoffmann-LaRoche, Inc. acquired certain identified components of Cetus' PCR business. Counterdefendants lack information or knowledge necessary to form a belief as to the transfer of such components to RMS and, on that basis, deny the remaining allegations of Paragraph 32.

### First Counterclaim for Relief

**(Declaratory Judgment of Non-Infringement of the '730 and '705 Patents by All Counterclaimants against Counterclaim Defendant Stanford)**

33. Stanford incorporates by reference its answers to paragraphs 1 through 32 of Roche's counterclaims.

34. Stanford admits the allegations of paragraph 34.

35. Stanford admits there is a substantial and continuing justiciable controversy as to the infringement of the '730 and '705 Patents.

36. Stanford denies that Roche is entitled to the relief sought in paragraph 36.

37. Stanford denies the allegations of paragraph 37.

### Second Counterclaim for Relief

**(Declaratory Judgment of Invalidity of the '730 and '705 Patents by All Counterclaimants against Counterclaim Defendant Stanford)**

38. Stanford incorporates by reference its answers to paragraphs 1 through 37 of Roche's counterclaims.

39. Stanford admits the allegations of paragraph 39.

40. Stanford admits there is a substantial and continuing justiciable controversy as to the validity of the '730 and '705 Patents.

41. Stanford denies that Roche is entitled to the relief sought in paragraph 41.

42. Stanford denies the allegations of paragraph 42.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA

6.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

**Third Counterclaim for Relief**

**(Declaratory Judgment of Inventorship of the '730 and '705 Patents by Counterclaimant RMS against Counterclaim Defendant Stanford)**

43. Stanford incorporates by reference its answers to paragraphs 1 through 42 of Roche's counterclaims.

44. Stanford admits the allegations of paragraph 44.

45. Stanford denies the allegations of paragraph 45.

46. Stanford denies that Roche is entitled to the relief sought in paragraph 46.

**Fourth Counterclaim for Relief**

**(Declaratory Judgment of Ownership of the '730 and '705 Patents by Counterclaimant RMS against Counterclaim Defendant Stanford)**

47. Stanford incorporates by reference its answers to paragraphs 1 through 46 of Roche's counterclaims.

48. Stanford admits the allegations of paragraph 48.

49. Stanford denies the allegations of paragraph 49.

50. Stanford denies that Roche is entitled to the relief sought in paragraph 50.

**Fifth Counterclaim for Relief**

**(Declaratory Judgment of Unenforceability of the '730 and '705 Patents by All Counterclaimants against Counterclaim Defendant Stanford)**

51. Stanford incorporates by reference its answers to paragraphs 1 through 50 of Roche's counterclaims.

52. Stanford denies the allegations of paragraph 52, except that Stanford admits the following: (a) the initial application for the '730 Patent listed only Merigan and Kozal as inventors, (b) in November 1992, applicants petitioned to correct inventorship by adding Holodniy and Katzenstein as joint inventors, (c) Merigan signed a declaration under penalty of perjury stating that he "did not discuss inventorship with the attorneys at Pennie & Edmonds prior to filing the [07/883,327] application" and later "requested that Katzenstein and Holodniy review the application to determine whether in their opinions they should be included as inventors," and

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA                                7.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

(d) Barry Elledge submitted a declaration to the PTO containing the statement regarding Dr. Holodniy quoted by Roche.

53. Stanford denies that Roche is entitled to the relief sought in paragraph 53.

### Sixth Counterclaim for Relief

**(Declaratory Judgment of License to the '730 and '705 Patents by Counterclaimant RMS against Counterclaim Defendant Stanford)**

54. Stanford incorporates by reference its answers to paragraphs 1 through 53 of Roche's counterclaims.

55. Stanford denies the allegations of paragraph 55.

56. Stanford denies that Roche is entitled to the relief requested in paragraph 56.

### Seventh Counterclaim for Relief

**(Declaratory Judgment of License to the '128, '086, '352, and '268 Patents by Counterclaimant RMS against Counterclaim Defendant Stanford)**

57. Stanford incorporates by reference its answers to paragraphs 1 through 56 of Roche's counterclaims.

58. Stanford admits the allegations of paragraph 58.

59. Stanford denies the allegations of paragraph 59.

60. Stanford denies that Roche is entitled to the relief requested in paragraph 60.

### Eighth Counterclaim for Relief

**(Declaratory Judgment of Ownership of the 2001 and 2002 Patent Applications by Counterclaimant RMS against Counterclaim Defendants Stanford, Merigan & Holodniy)**

61. Counterdefendants incorporate by reference their answers to paragraphs 1 through 60 of Roche's counterclaims.

62. Counterdefendants deny the allegations of paragraph 62.

63. Counterdefendants deny that Roche is entitled to the relief requested in paragraph 63.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA

8.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

**Ninth Counterclaim for Relief**

**(Declaratory Judgment of License to the '128, '086, '352, and '268 Patents by Counterclaimant RMS against Counterclaim Defendant Stanford)**

64. Stanford incorporates by reference its answers to paragraphs 1 through 63 of Roche's counterclaims.

65. Stanford denies the allegations of paragraph 65.

66. Stanford denies that Roche is entitled to the relief requested in paragraph 66.

**Tenth Counterclaim for Relief**

**(Declaratory Judgment of License to the 2001 and 2002 Patent Applications by Counterclaimant RMS against Counterclaim Defendants Stanford, Merigan & Holodniy)**

67. Counterdefendants incorporate by reference their answers to paragraphs 1 through 66 of Roche's counterclaims.

68. Counterdefendants deny the allegations of paragraph 68.

69. Counterdefendants deny that Roche is entitled to the relief requested in paragraph 69.

**Eleventh Counterclaim for Relief**

**(Breach of Contract by Counterclaimant RMS against Counterclaim Defendant Merigan)**

70. Merigan incorporates by reference his answers to paragraphs 1 through 69 of Roche's counterclaims.

71. Merigan admits that he signed a Consulting Agreement with Cetus in 1984 and that the agreement contained a confidentiality clause, the terms of which are stated therein. Merigan admits that he signed a Non-Exclusive Consulting Agreement with Cetus in 1991 and that the agreement contained a confidentiality clause, the terms of which are stated therein. Merigan denies the remaining allegations of paragraph 71.

72. Merigan lacks sufficient information or knowledge necessary to form a belief as to the allegations of paragraph 72 and, on that basis, denies those allegations.

73. Merigan admits the existence of the letter dated November 4, 2005, but he did not receive it until long after that date. Merigan denies that he has refused to comply with the

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA

9.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1  demand for the immediate return of such information and denies any remaining allegations of
2  paragraph 73.
3      74.   Merigan denies the allegations of paragraph 74.

### Twelfth Counterclaim for Relief

**(Specific Performance by Counterclaimant RMS against Counterclaim Defendant Merigan)**

6      75.   Merigan incorporates by reference his answers to paragraphs 1 through 74 of
7  Roche's counterclaims.
8      76.   Merigan admits that he signed a Consulting Agreement with Cetus in 1984 and
9  that the agreement contained a confidentiality clause, the terms of which are stated therein.
10 Merigan admits that he signed a Non-Exclusive Consulting Agreement with Cetus in 1991 and
11 that the agreement contained a confidentiality clause, the terms of which are stated therein.
12 Merigan denies the remaining allegations of paragraph 76.
13     77.   Merigan admits that the 1984 Consulting Agreement included the following
14 clause:

> All Inventions (as defined below) made, conceived, or completed by CONSULTANT, individually or in conjunction with others during the Consulting Period or if conceived during the Consulting Period, are made or completed within one year after termination of the Consulting Period (or, which having possibly been conceived prior to the date of this Agreement, may be completed during the Consulting Period or within one year after termination of the Consulting Period), shall be the sole and exclusive property of CETUS, provided such Inventions (i) are made, conceived or completed with equipment, supplies, facilities or Confidential Information of CETUS, its subsidiaries or affiliates, or (ii) are made, conceived or completed by CONSULTANT during hours in which CONSULTANT is performing services for CETUS or any of its subsidiaries or affiliates, or (iii) result from any work performed by CONSULTANT for CETUS or any of its subsidiaries of affiliates during the Consulting Period. It is understood that nothing contained herein shall affect the rights or obligations of CONSULTANT, the Institution or the United States Government with respect to (x) any Inventions which are protected by Section 2870 of the California Labor Code, (y) any Inventions which are the products of CONSULTANT's research undertaken in connection with his employment by the Institution, to the extent that such Institution shall have any rights in any such Invention in accordance with CONSULTANT's existing agreement with such Institution or (z) any Inventions which are the products of CONSULTANT's research as contemplated by Section 3.4, to the extent the Institution and/or the United States Government shall have any rights in such Inventions. Notwithstanding the immediately preceding sentence, in the event that an Invention made, conceived or completed by CONSULTANT in connection with his obligations to the Institution is the subject of a specific project to which CONSULTANT is assigned by CETUS, such Invention shall be the sole and exclusive property of CETUS in accordance with the first sentence of this

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA                           10.            STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
                                                      TO ROCHE'S AMENDED COUNTERCLAIMS
                                                      CASE NO. C-05-04158 MHP

paragraph, to the maximum extent possible.

Merigan denies the remaining allegations of paragraph 77.

78. Merigan admits the existence of the letter dated November 4, 2005, but he did not receive it until long after that date. Merigan denies that he has refused to comply with the demand for immediate return of such information. Merigan lacks sufficient information or knowledge necessary to form a belief as to the remaining allegations of paragraph 78 and, on that basis, denies those allegations.

79. Merigan denies the allegations of paragraph 79 and denies that Roche is entitled to the relief it requests in paragraph 79.

## Thirteenth Counterclaim for Relief

**(Breach of Contract by Counterclaimant RMS against Counterclaim Defendant Holodniy)**

80. Holodniy incorporates by reference his answers to paragraphs 1 through 79 of Roche's counterclaims.

81. Holodniy admits that the 1989 Visitor's Confidentiality Agreement included the following clause:

> I may have access to and acquire techniques, know-how, or other information of a confidential nature concerning CETUS' experimental and developmental work, trade secrets, secret procedures, business matters or affairs including, but not limited to, information relating to ideas, discoveries, inventions, disclosures, processes, methods, systems, formulas, patents, patent applications, machines, materials, research plans and activities, research results, and business marketing information, plans, operations, activities, and results. I WILL NOT DISCLOSE ANY SUCH INFORMATION TO ANY PERSON OR ENTITY OR USE ANY SUCH INFORMATION WITHOUT CETUS' PRIOR WRITTEN CONSENT. Information shall, for purposes of this Agreement, be considered to be confidential if not known in the field generally, even though such information has been disclosed to one or more third parties pursuant to joint research, agreements, consulting agreements, or other entered into by CETUS or any of its affiliates. Excluded from the obligations of confidentiality and nonuse agreed to herein is information (i) that I can establish I knew prior to my acquiring it from CETUS; (ii) that I receive from a third party who, when providing it to me, is not under an obligation to CETUS to keep the information confidential; or (iii) that enters the public domain through no fault of mine.

Holodniy denies the remaining allegations of paragraph 81.

82. Holodniy lacks sufficient information or knowledge necessary to form a belief as to the allegations of paragraph 82 and, on that basis, denies those allegations.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA

11.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1    83.    Holodniy denies the allegations of paragraph 83.

## Fourteenth Counterclaim for Relief

**(Specific Performance by Counterclaimant RMS against Counterclaim Defendant Holodniy)**

84.    Holodniy incorporates by reference his answers to paragraphs 1 through 83 of Roche's counterclaims.

85.    Holodniy admits that the 1989 Visitor's Confidentiality Agreement included the following clause:

> I may have access to and acquire techniques, know-how, or other information of a confidential nature concerning CETUS' experimental and developmental work, trade secrets, secret procedures, business matters or affairs including, but not limited to, information relating to ideas, discoveries, inventions, disclosures, processes, methods, systems, formulas, patents, patent applications, machines, materials, research plans and activities, research results, and business marketing information, plans, operations, activities, and results. I WILL NOT DISCLOSE ANY SUCH INFORMATION TO ANY PERSON OR ENTITY OR USE ANY SUCH INFORMATION WITHOUT CETUS' PRIOR WRITTEN CONSENT. Information shall, for purposes of this Agreement, be considered to be confidential if not known in the field generally, even though such information has been disclosed to one or more third parties pursuant to joint research, agreements, consulting agreements, or other entered into by CETUS or any of its affiliates. Excluded from the obligations of confidentiality and nonuse agreed to herein is information (i) that I can establish I knew prior to my acquiring it from CETUS; (ii) that I receive from a third party who, when providing it to me, is not under an obligation to CETUS to keep the information confidential; or (iii) that enters the public domain through no fault of mine.

Holodniy denies the remaining allegations of paragraph 85.

86.    Holodniy admits that the 1989 Visitor's Confidentiality Agreement states that "[i]f, as a consequence of my access to CETUS' facilities or information, I conceive of or make, alone or with others, ideas, inventions and improvements thereof or know-how related thereto that relate in any manner to the actual or anticipated business of CETUS, I will assign and do hereby assign to CETUS, my right, title, and interest in each of the ideas, inventions and improvements thereof described in this paragraph." Holodniy denies the remaining allegations of paragraph 86.

87.    Holodniy lacks sufficient information or knowledge necessary to form a belief as to the allegations of paragraph 87 and, on that basis, denies those allegations.

88.    Holodniy denies the allegations of paragraph 88 and denies that Roche is entitled

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA

12.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

to the relief it requests in paragraph 88.

## AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, Counterdefendants allege the following:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

89. Each and every one of Counterclaim Plaintiff Roche's counterclaims fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (Standing)

90. Counterclaim Plaintiff Roche does not have standing to assert its Third, Fourth, and Sixth through Fourteenth Counterclaims.

### THIRD AFFIRMATIVE DEFENSE
### (Ripeness)

91. Counterclaim Plaintiff Roche's Eighth and Tenth counterclaims are not justiciable because they are not ripe.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

92. Counterclaim Plaintiff Roche's Fourth and Sixth through Fourteenth Counterclaims (ownership, licenses, and breach of contract) are barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure §§ 337 and 339.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

93. Counterclaim Plaintiff Roche's Third, Fourth and Sixth through Fourteenth Counterclaims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

94. Counterclaim Plaintiff Roche's Third, Fourth and Sixth through Fourteenth Counterclaims are barred by the doctrine of laches.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA

13.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

### SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

95. Counterclaim Plaintiff Roche's Third, Fourth and Sixth through Fourteenth Counterclaims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

### (Illegality)

96. Counterclaim Plaintiff Roche's Fourth, Sixth through Tenth, and Thirteenth and Fourteenth Counterclaims are barred by the doctrine of illegality, including, but not limited to, the California Business and Professions Code § 16600 and any other applicable statute or doctrine.

### NINTH AFFIRMATIVE DEFENSE

### (Unconscionability)

97. Counterclaim Plaintiff Roche's Fourth, Sixth through Tenth, and Thirteenth and Fourteenth Counterclaims are barred by the doctrine of unconscionability.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

98. To the extent Counterclaim Plaintiff Roche has sustained any damages attributable to the Counterdefendants, Roche's claims for damages are barred in whole or in part because Roche has failed to mitigate such alleged damages.

### PRAYER FOR RELIEF

WHEREFORE, Counterdefendants respectfully request that the Court enter judgment in favor of Stanford, Merigan and Holodniy on the foregoing and enter a judgment granting the following relief:

A. That the Court dismiss Roche's counterclaims in their entirety, with prejudice, as to Stanford, Merigan and Holodniy;

B. That the Court find that Roche is not entitled to any of its requested relief, or any relief whatsoever, as to Stanford, Merigan and Holodniy;

C. That the Court find that Stanford is the sole and full owner of the '705, '730, '128, '086, '352, and '268 patents, as well as their related 2001 and 2002 Applications;

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA                            14.                    STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
                                                               TO ROCHE'S AMENDED COUNTERCLAIMS
                                                               CASE NO. C-05-04158 MHP

  D. That the Court find that Defendants take nothing on their claims to a license, disgorgement of profits, and constructive trust, with respect to the '705, '730, '128, '086, '352, or '268 patents or the related 2001 and 2002 Applications;

  E. That the Court find that Merigan did not breach the 1984 and 1991 agreements with Cetus;

  F. That the Court find that Roche is not entitled to any specific performance by Merigan;

  G. That the Court find that Holodniy did not breach the 1989 agreement with Cetus;

  H. That the Court find that Roche is not entitled to any specific performance by Holodniy;

  I. That the Court award no damages to Roche;

  J. That the Court declare that Roche infringed, contributed to the infringement of, or induced the infringement of valid claims of the '705 and '730 patents, directly or indirectly, under 35 U.S.C. § 271;

  K. That the Court find that the claims of the '705 and '730 patents are valid and enforceable;

  L. That the Court find this to be an exceptional case entitling Stanford, Merigan and Holodniy to an award of attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285;

  M. That the Court find that Drs. Thomas Merigan, Mark Holodniy, and David Katzenstein are the sole and true inventors of the '730 and '705 patents;

  N. That the Court find that any rights that may have been accrued to Cetus were not assignable and were not assigned to Roche; and

  O. That the Court award Stanford, Merigan and Holodniy such other and further relief as the Court deems just and appropriate.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA  15.  STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

**JURY DEMAND**

Stanford, Merigan and Holodniy demand trial to a jury on all issues so triable.

Dated: August 4, 2006

COOLEY GODWARD LLP
STEPHEN C. NEAL
RICARDO RODRIGUEZ
MICHELLE S. RHYU

/s/
_____
Ricardo Rodriguez
Attorneys for Plaintiff and Counterdefendant The Board of Trustees of the Leland Stanford Junior University, and Counterdefendants Thomas Merigan and Mark Holodniy

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

733308 v3/PA

16.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO ROCHE'S AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP