Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc. et al     Doc. 71

ATTORNEYS AT LAW

Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA
94306-2155
Main    650 843-5000
Fax     650 857-0663

www.cooley.com

MICHELLE S. RHYU, Ph.D.
(650) 843-5505
rhyums@cooley.com

Broomfield, CO
720 566-4000
Reston, VA
703 456-8000
San Diego, CA
858 550-6000
San Francisco, CA
415 693-2000
Washington, DC
202 842-7800

VIA E-FILE
Honorable Marilyn Hall Patel
United States District Court, N. D. CA
450 Golden Gate Ave., Courtroom 15
San Francisco, CA 94102

September 25, 2006

**Re: Stanford University v. Roche Molecular Systems, et al. (Case No.C 05-04158 MHP)**

Your Honor:

Stanford seeks to depose Melinda Griffith. Stanford first requested the deposition on July 31, 2006. Roche refuses to produce Ms. Griffith. Ms. Griffith is a current employee of Roche and former employee of Cetus Corporation, who drafted consulting agreements while at Cetus. Cetus's consulting agreements with Dr. Merigan are a basis for Roche's ownership claims, and testimony regarding Cetus's policies with respect to consulting agreements is highly relevant. Ms. Griffith is also identified on the Roche privilege log as a recipient of a crucial 1999 memorandum that relates to four of the patents in this suit. Certain testimony regarding this memorandum, including its distribution and its complete subject matter, is not privileged and is important to Stanford's affirmative defenses such as the statute of limitations on Roche's ownership claims. Ms. Griffith is a percipient witness who should not receive a special exemption from deposition simply because she is the in-house attorney handling this matter.

Stanford seeks a deposition date for Dr. Tom White. Roche attorneys represent Dr. White. Stanford first requested this deposition on July 31, 2006. After repeated delays, the deposition was confirmed for September 7. Roche then cancelled that deposition and has not provided another date, despite numerous requests. Stanford noticed the deposition for September 19, but Roche failed to provide the witness. Stanford seeks an order requiring Roche to provide a mutually workable date for Dr. White's deposition immediately.

Stanford opposes Roche's attempt to expand the scope of the Court's Order re waiver of privilege. The Court's 8/1/06 Order clearly states the scope of production: (1) communications on the "*subject of inventorship* on the '327 application" from the initial contact between the named inventors and Pennie & Edmonds until at least the date that the PTO accepted the petition for corrected inventorship, in May 1994; and (2) "any subsequent documents and communications that relate to the correctness of the declarations [submitted in support of correction of inventorship] as *used in pursuing subsequent patents and applications* claiming priority from the '327 Application, from May 10, 1994 until the present (emphasis added)." Stanford has abided by the Court's language. But Roche disagrees with Court's order and seeks a greatly expanded waiver scope, including litigation work product, communications with litigation counsel unrelated to pursuing subsequent patents or applications, and other privileged communications completely unrelated to the subject of inventorship. Roche's request for briefing is a belated request for reconsideration that should be denied. If the Court allows briefing, Stanford will respectfully request that Roche pay Stanford's fees/costs if Roche's motion is denied.

Respectfully submitted,

/s/

Michelle S. Rhyu

737383 v2/PA

Dockets.Justia.com