Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc. et al — Doc. 95 Att. 36

AGREEMENT effective this 15th day of December, 1980, between CETUS IMMUNE CORPORATION, a California Corporation ("CIC"), and Thomas C. Merigan ("Consultant").

THE PARTIES AGREE AS FOLLOWS:

1. **Consultancy.** CIC hereby retains Consultant, and Consultant hereby accepts such retention, commencing as of the date of this Agreement and continuing for two years thereafter.

2. **Services.** Consultant's services shall include participation in the research and development activities of CIC. In the performance of such duties, Consultant shall normally spend the equivalent of one day per month at CIC's principal place of business.

3. **Outside Employment.**

(a) CIC understands and agrees that during the term of this Agreement Consultant may be employed by Leland Stanford Junior University ("Stanford") or another academic university to perform academic and research duties in accordance with terms similar to that of Consultant's existing employment agreement with Stanford, and CIC agrees to the performance by Consultant of such duties.

(b) During the term of this Agreement, Consultant agrees not to perform research, consultation, or development services for any other company, corporation, or other commercial enterprise in the area of CIC's business or field of interest.

4. **Compensation.** CIC agrees to pay Consultant and Consultant agrees to accept for Consultant's services under this Agreement an initial compensation at the rate of $6,000 per year, payable in equal monthly installments on the last day of each calendar month, commencing with December, 1980.

-1-

Δ π EXHIBIT 352
Deponent Merigan
Date 9/11/06 Rptr SFB
WWW.DEPOBOOK.COM

CH0001386

Highly Confidential - Attorneys' Eyes Only

5. Nondisclosure.

(a) Consultant shall use his best efforts and exercise utmost diligence to protect and guard Confidential Information (as defined in Section 12). Except as required in performance of Consultant's services for CIC, Consultant will never directly, indirectly, or otherwise, use, permit others to use, disseminate, disclose, lecture upon, or publish articles concerning Confidential Information.

(b) Consultant may lecture upon, disseminate and publish under Consultant's own name scientific papers arising from the work done in the course of performance of services for CIC hereunder, but only upon the written approval of CIC, which approval shall not be unreasonably withheld.

6. Inventions, Etc. All Inventions (as defined in Section 12) made, conceived, or completed by Consultant, individually or in conjunction with others, shall be the sole and exclusive property of CIC if said Inventions (i) are made with CIC's equipment, supplies, facilities or trade secrets, or (ii) are conceived or made by Consultant during the hours Consultant is working for CIC, or (iii) relate to the business of CIC or to actual or demonstrably anticipated research or development of CIC, or (iv) result from any work performed by Consultant for CIC; provided, however, that this Agreement does not apply to any Inventions which are protected by Section 2870 of the California Labor Code. It is understood, nevertheless, that nothing contained in this paragraph 6 or in paragraph 12 hereof shall relate to any Inventions which Consultant may make or conceive in the course and as a direct result of performance at Stanford or at another academic university of duties for such university, but only to the extent that such university shall have any rights in any such Invention in accordance with Consultant's existing agreement with Stanford, unless such Invention is the subject of a specific project to which Consultant is assigned by CIC, in which event the first sentence of this paragraph shall apply.

Consultant shall, without royalty or any other future consideration to Consultant therefor, but at the expense of CIC:

(a) As promptly as known or possessed by Consultant, disclose to CIC all information with respect to said Inventions.

(b) Whenever requested so to do by CIC, promptly execute and assign any and all applications, assignments and other instruments which CIC shall deem necessary to apply for and obtain letters patent of the United States and of foreign countries for said Inventions, and to assign and convey to CIC or to CIC's nominee

-2-

CH0001387

Highly Confidential - Attorneys' Eyes Only

the sole and exclusive right, title and interest in and to the Inventions or any applications or patents thereon.

(c) Whenever requested so to do by CIC, deliver to CIC evidence for interference purposes or other legal proceedings and testify in any interference or other legal proceedings.

(d) Do such other acts as may be necessary in the opinion of CIC to obtain and maintain United States and foreign letters patent for the Inventions.

7. <u>Notice.</u> Any notice required or permitted to be given hereunder shall be mailed by registered or certified mail, with return receipt requested, or delivered by hand to the party to whom such notice is required or permitted to be given hereunder. If mailed, any such notice shall be deemed to have been given when mailed, as evidenced by the postmark at point of mailing. If delivered by hand, any such notice shall be deemed to have been given when recieved by the party to whom notice is given, as evidenced by written and dated receipt of the receiving party.

Any notice to CIC or to any transferee or designee of CIC shall be addressed as follows:

Cetus Immune Corporation
c/o Cetus Corporation
600 Bancroft Way
Berkeley, California 94718

Attention: President

Any notice to Consultant shall be addressed to the address appearing in the records of CIC at the time such notice is given.

Either party may change the address to which notice to it is to be addressed by notice as provided herein.

8. <u>Termination.</u> It is understood and agreed that if Consultant breaches any of the terms or conditions of this Agreement CIC may, without foregoing thereby any other rights or remedies that it may have, at its option, terminate Consultant's services immediately by notice to Consultant in writing, by cable, by radiogram, by telephone or orally in person by any officer or agent of CIC. Upon such event, all rights of Consultant shall terminate under this

-3-

Highly Confidential - Attorneys' Eyes Only

CH0001388

Agreement, but CIC shall continue to be entitled to all benefits flowing to it under this Agreement.

9. **Survival of Certain Agreements.** The covenants and agreements set forth in paragraphs 5 and 6 shall survive termination of this Agreement and Consultant's services hereunder and remain in full force and effect regardless of the cause of such termination.

10. **Binding Effect.** This Agreement shall be binding upon Consultant, and, except as regards personal services, upon Consultant's heirs, personal representatives, executors and administrators, and shall inure to the benefit of CIC, its successors and assigns.

11. **Entire Agreement.** This instrument contains the entire agreement of the parties relating to the subject matter hereof, and supersedes all prior and contemporaneous negotiations, correspondence, understandings and agreements of the parties relating to the subject matter hereof. It may be amended only by an agreement in writing, signed by the party against whom enforcement of any waiver, amendment, modification, extension or discharge is sought.

12. **Definitions.** As used in this Agreement:
    (a) "Confidential Information" means information disclosed to Consultant or known to Consultant as a consequence of or through performance of services for CIC, whether or not related to his duties at CIC, and includes trade secrets or any other like information of value relating to the business and/or field of interest of CIC or of any corporation, firm or partnership directly or indirectly controlled by or controlling CIC or in which any of the aforesaid have more than 1% ownership interest, including, but not limited to, information relating to inventions, disclosures, processes, systems, methods, formulas, patents, patent applications, machinery, materials, research activities and plans, cost of production, contract forms, prices, volume of sales, promotional methods, and lists of names or classes of customers. Information shall be considered, for purposes of this Agreement, to be confidential if not known by the trade generally, even though such information has been disclosed to one or more third parties pursuant to distribution agreements, joint research agreements or other agreements entered into by CIC or any of its affiliates.

-4-

CH0001389

Highly Confidential - Attorneys' Eyes Only

(b) "Inventions" means any and all discoveries, concepts and ideas, whether patentable or not, including, but not limited to, processes, methods, formulas, compositions, techniques, articles and machines, as well as improvements thereof or know-how related thereto, relating to the business and/or field of interest of CIC or of any corporation, firm or partnership directly or indirectly controlled by or controlling CIC of in which any of the aforesaid have more than a 35% ownership interest.

IN WITNESS WHEREOF, the parties have executed this Agreement.

_____
Thomas C. Merigan

CETUS IMMUNE CORPORATION

_____
Ronald E. Cape

-5-

CH0001390

Highly Confidential - Attorneys' Eyes Only