## NON-EXCLUSIVE CONSULTING AGREEMENT

RECEIVED
MAY 1 1991
5/10/91
gne

THIS AGREEMENT is effective as of April 19, 1991, by and between Cetus Corporation ("Cetus"), and Thomas C. Merigan, M.D. ("Consultant").

1.    **Consultancy.** Cetus hereby retains Consultant, and Consultant hereby accepts such retention, commencing as of the date of this Agreement and continuing for one (1) year thereafter.

2.    **Services.** Consultant shall serve as a scientific consultant to Cetus and its subsidiaries and affiliates in the research and development of therapeutic agents (the "Field").

3.    **Compensation.** Cetus will pay Consultant a retainer fee of $6,000, plus a consulting fee of $1,500 per day for services requested and performed. Payments will be made upon receipt of an invoice detailing the services rendered by Consultant pursuant to this Agreement. Cetus will reimburse Consultant for reasonable expenses approved in advance by Cetus.

4.    **Outside Employment.** (a) During the term of this Agreement Consultant may be engaged by one or more other "Institution(s)." Consultant represents that he is not and shall not become a party to any agreement which conflicts with the duties hereunder. Consultant shall use best efforts to segregate work done under this Agreement from work at an Institution, or done with Government funding, so as to minimize any questions of disclosure or ownership of rights under any Inventions or Confidential Information. Cetus may terminate this Agreement if in its sole opinion the performance of such work will conflict with its interests.

(b) Consultant shall not disclose to Cetus any inventions, trade secrets, or other information of third parties that Consultant does not have the right to disclose and that Cetus is not free to use without liability.

5.    **Inventions.** (a) "Invention" shall mean and refer to any composition of matter, device, process, treatment, or improvement thereof discovered, created, made, conceived, or reduced to practice ("Invented") by Consultant, whether patentable or not, during the term of this Agreement or within one year after termination and which: (i) was Invented with the equipment, supplies, facilities, or Confidential Information of Cetus or those acting on its behalf, or (ii) was Invented by Consultant while performing services for Cetus, or (iii) resulted from any work performed by Consultant for Cetus under this Agreement.

(b) Cetus shall own all right, title and interest in any Invention. Consultant shall promptly and without royalty but at Cetus' expense: (i) disclose to Cetus all information with respect to any Inventions, (ii) execute all applications, assignments, and other instruments and do such other acts that Cetus may deem necessary to obtain and maintain patents, copyrights, and similar rights anywhere in the world, and (iii) provide Cetus evidence needed in any legal proceedings regarding the Invention.

NON-EXCLUSIVE CONSULTING AGREEMENT          PAGE 1                          AGT#7128

"OUTSIDE COUNSEL'S
EYES ONLY"

RMS 00048
CONFIDENTIAL



EXHIBIT
6602

6.    **Confidentiality.** (a) As used in this Agreement, "Confidential Information" shall mean all data, technical information, commercial and research strategies, trade secrets, and know-how disclosed by Cetus to Consultant, directly or indirectly, whether in writing or orally except for such information and know-how that (i) can be shown by contemporaneous documentation to have been in Consultant's possession prior to disclosure by Cetus; (ii) at the time of disclosure hereunder is, or thereafter becomes, through no fault of Consultant, part of the public domain; or (iii) is furnished to Consultant by a third party after the time of disclosure hereunder without the breach of any duty to Cetus.

(b)    Consultant shall not use any Confidential Information except for the purposes of this Agreement unless Cetus shall otherwise agree in writing.  Consultant may disclose Confidential Information only to employees or agents who have a need to know the Confidential Information for the purposes of this Agreement and who are bound in writing to maintain the secrecy of the Confidential Information and assign to Cetus any Inventions which they may make.

(c)    Consultant shall keep separate and segregated from other work all documents, records, notebooks, correspondence, deposits of microorganisms, cells or parts thereof, cell lines, parts and progeny thereof, and all products made thereby, arising from the work under this Agreement.  All right, title, and interest therein shall belong to Cetus, and upon expiration or termination of this Agreement, all such documents and material, including copies thereof, whether prepared by Consultant or others, will be delivered to Cetus.

(d)    Consultant may lecture upon, disseminate, and publish under Consultant's own name scientific papers arising from the work done in the course of performance of services for Cetus hereunder, but only upon the prior written approval of Cetus.  Cetus will not unreasonably withhold its approval provided Confidential Information will not be disclosed thereby.  Appropriate credit will be given to Cetus in any publication.

7.    **Notice.** Any notice to Cetus shall be addressed as follows or as shall be specified by a party in writing:

If to Cetus:

Cetus Corporation
1400 Fifty-Third Street
Emeryville, California 94608
Attention: Senior Vice President,
Legal & Corporate Development, and
General Counsel

If to Consultant:

Dr. Thomas C. Merigan
148 Goya Road
Portola Valley, California 94025

8.    **Survival and Termination.** The terms and obligations of paragraphs 5 and 6 shall survive termination of this Agreement for any reason whatsoever.  If Consultant breaches any term of this Agreement Cetus may, in addition to any other remedy, terminate Consultant's services immediately by notice to Consultant by letter, facsimile, telephone call, in person, or other reasonable means by any officer or agent of Cetus.

NON-EXCLUSIVE CONSULTING AGREEMENT          PAGE 2          AGT#7128

"OUTSIDE COUNSEL'S
EYES ONLY"

RMS 00049
CONFIDENTIAL

9.    **Entire Agreement.**  This Agreement is the entire agreement of the parties relating to the subject matter hereof, and supersedes all prior and contemporaneous negotiations, correspondence, understandings, and agreements of the parties relating to the subject matter hereof.  It may be amended only by an agreement in writing, signed by both parties.

10.    **Not an Employee.**  Consultant is an independent contractor and is not an employee or agent of Cetus.  Consultant shall be entitled to no benefits or compensation from Cetus except as set forth in this Agreement and shall in no event be entitled to any fringe benefits payable to employees of Cetus.

**IN WITNESS WHEREOF,** the parties have executed this Agreement as of the date first written above.

CETUS CORPORATION                              THOMAS C. MERIGAN, M.D. Inc.

By: _____                  _____
    James H. Meade, Ph.D.                     94-300890
    Senior Director                           ~~Social Security Number~~ Employer Identification Number
    Scientific Administration
    _____                  _____
    4/25/91                                   4/27/91
    Date                                       Date

JB/MDM/JHM/GHE:ghe          * N.B. My zip code is now
merigan.csa                        94028

"OUTSIDE COUNSEL'S
EYES ONLY"

RMS 00050
CONFIDENTIAL