# EXHIBIT 8

Dockets.Justia.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF THE TRUSTEES OF
THE LELAND STANFORD JUNIOR
UNIVERSITY

      Plaintiff,

      vs                   No.  C-05-04158 MHP

ROCHE MOLECULAR SYSTEMS, INC.,
ROCHE DIAGNOSTICS CORPORATION,
ROCHE DIAGNOSTICS OPERATIONS,
INC., ROCHE DIAGNOSTIC SYSTEMS,
INC.,

      Defendants.

_____

AND RELATED COUNTERCLAIM

_____



CERTIFIED COPY

CONFIDENTIAL

VIDEOTAPED DEPOSITION OF THOMAS C. MERIGAN, M.D.

Palo Alto, California

Monday, September 11, 2006

Volume 1

Reported by
SUZANNE F. BOSCHETTI
CSR No. 5111

Job No. 3-52871

www.sarnoffcourtreporters.com

Irvine   •   Los Angeles   •   San Francisco

phone 877.955.3855 • fax 949.955.3854



SARNOFF
Court Reporters and
Legal Technologies

CONFIDENTIAL

1              UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3

4    THE BOARD OF THE TRUSTEES OF
     THE LELAND STANFORD JUNIOR
5    UNIVERSITY,

6          Plaintiff,

7       vs.                        No. C-05-04158 MHP

8    ROCHE MOLECULAR SYSTEMS, INC.;
     ROCHE DIAGNOSTICS CORPORATION;
9    ROCHE DIAGNOSTICS OPERATIONS,
     INC.; ROCHE DIAGNOSTIC SYSTEMS,
10   INC.,

11         Defendants.
     _____

12
     AND RELATED COUNTERCLAIM.
13   _____

14

15         Videotaped deposition of THOMAS C. MERIGAN,

16   M.D., Volume 1, taken on behalf of Defendants and

17   Counterclaimants Roche Molecular Systems, Inc., et

18   al., at 5 Palo Alto Square, Palo Alto, California,

19   beginning at 9:08 a.m. and ending at 1:01 p.m. on

20   Monday, September 11, 2006, before SUZANNE F.

21   BOSCHETTI, Certified Shorthand Reporter No. 5111.

22

23

24

25

2

CONFIDENTIAL

```
1    APPEARANCES:

2

3    For Plaintiff and Counterclaim Defendants The Board of
     the Trustees of the Leland Stanford Junior University,
4    et al.:

5         COOLEY GODWARD LLP
          BY:   RICARDO RODRIGUEZ
6         Attorney at Law
          Five Palo Alto Square, 3000 El Camino Real
7         Palo Alto, California 94306-2155
          (650) 843-5000
8
     For Defendants and Counterclaimants Roche Molecular
9    Systems, Inc., et al.:

10        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:   ROBERT W. STONE
11        BY:   BRIAN C. CANNON
          Attorneys at Law
12        555 Twin Dolphin Drive, Suite 560
          Redwood Shores, California 94065
13        (650) 801-5001

14   Videographer:

15        RAY TYLER
          SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
16        San Francisco, California
          (415) 274-9977

17

18

19

20

21

22

23

24

25
```

3

CONFIDENTIAL

| | | |
|---|---|---|
| 09:28:33 | 1 | Q.  The San Mateo group wasn't at Stanford. |
| 09:28:36 | 2 | A.  No, nobody else at Stanford. |
| 09:28:37 | 3 | Q.  Okay. |
| 09:28:38 | 4 | A.  Well, there's a little bit of a misnomer |

here.  San Mateo had an affiliation with Stanford.  So
in the greater sense, San Mateo was a part of
Stanford.

Q.  But -- okay.  What was the nature of your
contribution to the work that's reflected in the
abstract?

MR. RODRIGUEZ:  Objection.  Vague.

THE WITNESS:  I was the intellectual leader,
the person that had the original idea, and supported
the work on my grants and directed the work on an
overall basis.

BY MR. STONE:

Q.  What was the original idea that you're
referring to?

MR. RODRIGUEZ:  Objection.  Vague.

THE WITNESS:  That we could precisely
quantitate HIV in the blood of patients.

BY MR. STONE:

Q.  When did you come up with that idea?

MR. RODRIGUEZ:  Same objection.  Objection.
Vague.

21

CONFIDENTIAL

| | | |
|---|---|---|
| 09:30:02 | 1 | THE WITNESS: Perhaps as early as 1984. |
| 09:30:02 | 2 | BY MR. STONE: |
| 09:30:17 | 3 | Q. How did you come up with that idea? |
| 09:30:19 | 4 | A. Because I was working with other chronically |
| 09:30:22 | 5 | infecting viruses where we needed chemical methods for |
| 09:30:26 | 6 | detecting the virus. |
| 09:30:36 | 7 | Q. Sitting here today, can you peg for me with |
| 09:30:38 | 8 | any specificity exactly when you came up with this |
| 09:30:41 | 9 | idea? |
| 09:30:45 | 10 | A. I already said 1984. Is that precise enough? |
| 09:30:49 | 11 | Q. Can you provide me any more specificity? |
| 09:30:52 | 12 | A. I wrote an article that was in the Journal |
| 09:30:56 | 13 | of -- New England Journal of Medicine. It was an |
| 09:31:00 | 14 | editorial commenting on Robert Gallo's work at that |
| 09:31:04 | 15 | time. And I suggested that there would be new |
| 09:31:07 | 16 | diagnostic tests that would be important in treatment |
| 09:31:10 | 17 | and management of HIV patients. |
| 09:31:14 | 18 | Q. Did you identify any such new diagnostic tests |
| 09:31:18 | 19 | in connection with that paper? |
| 09:31:19 | 20 | A. No. |
| 09:31:23 | 21 | Q. You just suggested that in the future there |
| 09:31:26 | 22 | may be such tests? |
| 09:31:28 | 23 | A. Had to be. |
| 09:31:39 | 24 | Q. Did your idea evolve over time? |
| 09:31:42 | 25 | MR. RODRIGUEZ: Objection. Vague. |

22

CONFIDENTIAL

1

2

3

4

5

6

7

8          I, THOMAS C. MERIGAN, M.D., do hereby

9    declare under penalty of perjury that I have read the

10   foregoing transcript of my deposition; that I have made

11   such corrections as noted herein, in ink, initialed by

12   me, or attached hereto; that my testimony as contained

13   herein, as corrected, is true and correct.

14          EXECUTED this _____ day of

15   _____, 20____, at

16   _____, _____.

17        (City)                    (State)

18

19

          THOMAS C. MERIGAN, M.D.

20        Volume 1

21

22

23

24

25

144

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF THE TRUSTEES OF
THE LELAND STANFORD JUNIOR
UNIVERSITY

           Plaintiff

           vs                              No. C-05-04158 MHP

ROCHE MOLECULAR SYSTEMS, INC.,
ROCHE DIAGNOSTICS CORPORATION,
ROCHE DIAGNOSTICS OPERATIONS,
INC., ROCHE DIAGNOSTIC SYSTEMS,
INC.,
                                           CERTIFIED
           Defendants                      COPY
_____

AND RELATED COUNTERCLAIM
_____

        CONFIDENTIAL - ATTORNEYS' EYES ONLY

   VIDEOTAPED DEPOSITION OF THOMAS C. MERIGAN, M.D.

                Palo Alto, California

          Wednesday, September 13, 2006

                    Volume 2

Reported by:
SUZANNE F. BOSCHETTI
CSR No. 5111

Job No. 3-52873


SARNOFF
Court Reporters and
Legal Technologies

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF THE TRUSTEES OF
THE LELAND STANFORD JUNIOR
UNIVERSITY,

     Plaintiff,

     vs.                          No. C-05-04158 MHP

ROCHE MOLECULAR SYSTEMS, INC.;
ROCHE DIAGNOSTICS CORPORATION;
ROCHE DIAGNOSTICS OPERATIONS,
INC.; ROCHE DIAGNOSTIC SYSTEMS,
INC.,

     Defendants.

_____

AND RELATED COUNTERCLAIM.

_____

CONFIDENTIAL - ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF THOMAS C. MERIGAN, M.D.

Palo Alto, California

Wednesday, September 13, 2006

Volume 2

Reported by:
SUZANNE F. BOSCHETTI
CSR No. 5111

Job No. 3-52873

CONFIDENTIAL ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 09:53:36 | 1 | A.   Holodniy is the general clinical |
| 09:53:40 | 2 | investigation, and -- and Kozal's paper also. |
| 09:53:46 | 3 | Q.   And which Kozal paper? |
| 09:53:49 | 4 | A.   The one that looked at the mutations |
| 09:53:53 | 5 | correlating with the outcome of therapy. |
| 09:53:57 | 6 | Q.   Did you ever provide the Office of Technology |
| 09:54:03 | 7 | Licensing with an invention disclosure document? |
| 09:54:05 | 8 | MR. RODRIGUEZ:   You can just answer that yes |
| 09:54:11 | 9 | or no. |
| 09:54:11 | 10 | THE WITNESS:   Yes. |
| 09:54:11 | 11 | BY MR. STONE: |
| 09:54:12 | 12 | Q.   And what did you tell them in that? |
| 09:54:14 | 13 | MR. RODRIGUEZ:   I'm going to object as |
| 09:54:16 | 14 | calling for attorney-client communication and instruct |
| 09:54:18 | 15 | you not to answer that question. |
| 09:54:19 | 16 | MR. STONE:   I think the Court's already ruled |
| 09:54:20 | 17 | on that.   There's been a waiver. |
| 09:54:22 | 18 | MR. RODRIGUEZ:   I'm standing by my objection. |
| 09:54:23 | 19 | We've discussed this before.   We've provided you with |
| 09:54:26 | 20 | the -- the portion of the invention disclosure that is |
| 09:54:30 | 21 | covered by the ruling.   And you're not entitled to the |
| 09:54:33 | 22 | substance of the actual remaining portion of it, which |
| 09:54:36 | 23 | you're asking for here. |
| 09:54:38 | 24 | MR. STONE:   I'm actually asking for his |
| 09:54:40 | 25 | discussions with the Office of Technology and |

176

CONFIDENTIAL ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 09:54:42 | 1 | Licensing about his invention, and so I think that |
| 09:54:44 | 2 | that that has been waived. |
| 09:54:45 | 3 | MR. RODRIGUEZ:  Oh, definitely not. |
| 09:54:46 | 4 | MR. STONE:  Okay. |
| 09:54:47 | 5 | MR. RODRIGUEZ:  Especially as you've |
| 09:54:49 | 6 | described them. |
| 09:54:49 | 7 | MR. STONE:  Okay. |
| 09:54:49 | 8 | BY MR. STONE: |
| 09:54:50 | 9 | Q.  Did you have discussions with the Office of |
| 09:54:52 | 10 | Technology Licensing about your contribution to the |
| 09:54:54 | 11 | subject matter of your perceived invention? |
| 09:54:57 | 12 | MR. RODRIGUEZ:  You can answer that "yes" or |
| 09:54:59 | 13 | "no." |
| 09:54:59 | 14 | THE WITNESS:  Yes. |
| 09:54:59 | 15 | BY MR. STONE: |
| 09:55:00 | 16 | Q.  What did you discuss? |
| 09:55:00 | 17 | MR. RODRIGUEZ:  And actually, I'm going to |
| 09:55:03 | 18 | ask you to hold on there for a second. |
| 09:55:18 | 19 | Okay.  Go ahead. |
| 09:55:20 | 20 | THE WITNESS:  Could you repeat the question. |
| 09:55:21 | 21 | MR. STONE:  Could you read it back, please. |
| 09:55:40 | 22 | (Record read as follows: |
| 09:54:50 | 23 | "QUESTION:  Did you have discussions |
| 09:54:51 | 24 | with the Office of Technology Licensing about |
| 09:54:53 | 25 | your contribution to the subject matter of |

177

CONFIDENTIAL ATTORNEYS' EYES ONLY

10:00:46  1         Q.    And before I get there, was there anyone

10:00:48  2     else present at the dinner that you had with Mr.

10:00:50  3     Misrock.

10:00:50  4         A.   My wife.  So it was quite a social evening,

10:00:54  5     not -- not a scientific or legal one.

10:00:58  6         Q.   And you hadn't retained Mr. Misrock at the

10:01:02  7     time of your dinner, had you?

10:01:03  8         MR. RODRIGUEZ:  Objection.  Calls for a legal

10:01:04  9     conclusion.

10:01:07 10         THE WITNESS:  I never retained Mr. Misrock.

10:01:10 11     As I said, he functioned entirely as a friend, but on

10:01:17 12     the other hand, I can see that his action fits under

10:01:19 13     attorney-client privilege, too.

10:01:21 14     BY MR. STONE:

10:01:21 15         Q.   Was he acting as your lawyer at that dinner?

10:01:23 16         MR. RODRIGUEZ:  Same objection.  Calls for

10:01:25 17     legal conclusion.

10:01:29 18         THE WITNESS:  I guess he became that

10:01:31 19     afterwards and it might have been during that time.  I

10:01:34 20     just don't know enough about law to know what are the

10:01:38 21     words that solve the issue and whether you have to

10:01:42 22     transfer a dollar or whether you kiss or whatever you

10:01:46 23     do to form your relationship.

10:01:53 24     BY MR. STONE:

10:01:53 25         Q.   When you assigned your patent application to

182

CONFIDENTIAL ATTORNEYS' EYES ONLY

| | |
|---|---|
| 10:01:56 | 1 |
| 10:01:59 | 2 |
| 10:02:01 | 3 |
| 10:02:05 | 4 |
| 10:02:06 | 5 |
| 10:02:08 | 6 |
| 10:02:10 | 7 |
| 10:02:12 | 8 |
| 10:02:12 | 9 |
| 10:02:13 | 10 |
| 10:02:15 | 11 |
| 10:02:17 | 12 |
| 10:02:20 | 13 |
| 10:02:23 | 14 |
| 10:02:25 | 15 |
| 10:02:29 | 16 |
| 10:02:35 | 17 |
| 10:02:43 | 18 |
| 10:02:50 | 19 |
| 10:02:52 | 20 |
| 10:02:53 | 21 |
| 10:02:58 | 22 |
| 10:03:03 | 23 |
| 10:03:04 | 24 |
| 10:03:05 | 25 |

Stanford, did Stanford give you anything in exchange?

       MR. RODRIGUEZ:  Objection.  Vague.

       THE WITNESS:  What do you mean by anything?

BY MR. STONE:

    Q.  Well, did they give you anything in exchange?

       MR. RODRIGUEZ:  Same objection.  Vague.

       THE WITNESS:  I don't know what you mean by

anything.

BY MR. STONE:

    Q.  Well, you just mentioned.  Did they give you a

dollar, for instance?

    A.  I don't think so.  They gave me the same

dollars before as after.  After as before.

    Q.  Just meaning your salary?

    A.  Yeah, the same as before, and I did not get

any new privileges or anything of that sort.  It was

just a work-a-day effort to potentially help make my

finding more likely to be commercially developable.

    Q.  Exhibit 81 that you have before you, do you

recognize that?

    A.  No.  I see my signature there, but again,

it's a document of -- I can't even see a year on this.

Where is the year?

    Q.  Your signature --

    A.  Oh, my signature.  With my signature.  Yeah.

183

CONFIDENTIAL ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8          I, THOMAS C. MERIGAN, M.D., do hereby

9    declare under penalty of perjury that I have read the

10   foregoing transcript of my deposition; that I have

11   made such corrections as noted herein, in ink,

12   initialed by me, or attached hereto; that my testimony

13   as contained herein, as corrected, is true and

14   correct.

15          EXECUTED this _____ day of

16   _____, 20____, at

17   _____, _____.

18           (City)                      (State)

19

20   _____
         THOMAS C. MERIGAN, M.D.

21           Volume 2

22

23

24

25

312

# Errata Sheet

**Pg/Ln**                                    **Correction**

163/3     Change from: _Need — at the end of AIDS has Control_
          Change to: _at The FDA_

631/5     Change from: _non cultural_
          Change to: _non cultura_

176/4     Change from: _agent_
          Change to: _Quinolate_

___/___   Change from:_____
          Change to:_____

___/___   Change from:_____
          Change to:_____

___/___   Change from:_____
          Change to:_____

___/___   Change from:_____
          Change to:_____

___/___   Change from:_____
          Change to:_____

___/___   Change from:_____
          Change to:_____

___/___   Change from:_____
          Change to:_____

___/___   Change from:_____
          Change to:_____

___/___   Change from:_____
          Change to:_____

___/___   Change from:_____
          Change to:_____

Signature:_____    Date:_____