# EXHIBIT 9

Dockets.Justia.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF THE TRUSTEES OF
THE LELAND STANFORD JUNIOR
UNIVERSITY,

    Plaintiff,

    vs.                       No. C-05-04158 MHP

ROCHE MOLECULAR SYSTEMS, INC.;
ROCHE DIAGNOSTICS CORPORATION;
ROCHE DIAGNOSTICS OPERATIONS,
INC.; ROCHE DIAGNOSTIC SYSTEMS,
INC.,

    Defendant.

AND RELATED COUNTERCLAIM.

**CERTIFIED COPY**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF JEFFREY PRICE, Ph.D.

Berkeley, California

Friday, September 29, 2006

Reported by:
SUZANNE F. BOSCHETTI
CSR No. 5111

Job No. 3-53825

CONFIDENTIAL ATTORNEYS' EYES ONLY

```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


THE BOARD OF THE TRUSTEES OF
THE LELAND STANFORD JUNIOR
UNIVERSITY,

        Plaintiff,

    vs.                                 No. C-05-04158 MHP

ROCHE MOLECULAR SYSTEMS, INC.;
ROCHE DIAGNOSTICS CORPORATION;
ROCHE DIAGNOSTICS OPERATIONS,
INC.; ROCHE DIAGNOSTIC SYSTEMS,
INC.,

        Defendant.
_____

AND RELATED COUNTERCLAIM.
_____


        Confidential videotaped deposition of JEFFREY
PRICE, Ph.D., taken on behalf of Plaintiff and
Counterclaim Defendants The Board of the Trustees of the
Leland Stanford Junior University, at Doubletree Hotel,
200 Marina Boulevard, Berkeley, California, beginning at
1:00 p.m. and ending at 5:54 p.m. on Friday, September
29, 2006, before SUZANNE F. BOSCHETTI, Certified
Shorthand Reporter No. 5111.
```

2

```
 1   APPEARANCES:
 2
 3   For Plaintiff and Counterclaim Defendants The Board of
     the Trustees of the Leland Stanford Junior University,
 4   et al.:
 5        COOLEY GODWARD LLP
          BY:   MAGDALENA STROJWAS WILKINSON
 6        Attorney at Law
          Five Palo Alto Square, 3000 El Camino Real
 7        Palo Alto, California 94306-2155
          (650) 857-0663
 8
     For Defendants and Counterclaimants Roche Molecular
 9   Systems, Inc., et al.:
10        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:   JEFFREY N. BOOZELL
11        Attorney at Law
          865 S. Figueroa Street, 10th Floor
12        Los Angeles, California 90017
          (213) 624-7707
13
     Videographer:
14
          CYRIL SUSZCKIEWICZ
15        SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
          San Francisco, California
16        (415) 274-9977
17
18
19
20
21
22
23
24
25
```

3

```
 1                          INDEX
 2   WITNESS:                                    EXAMINATION
 3   JEFFREY PRICE, Ph.D.
 4
             BY MS. WILKINSON                         6
 5
 6                         EXHIBITS
 7                      (None produced)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

4

CONFIDENTIAL ATTORNEYS' EYES ONLY

| | |
|---|---|
| 05:46:48 1 | trying to develop a product. Another kind of study |
| 05:46:51 2 | would be a clinical study in which we would collaborate |
| 05:46:54 3 | or supply materials or something or know-how. I'm not |
| 05:46:57 4 | aware of any Cetus-sponsored studies under our R&D. |
| 05:47:04 5 | I -- I don't remember them if we did them for HIV. |
| 05:47:04 6 | BY MS. WILKINSON: |
| 05:47:09 7 | Q. Do you remember any HIV studies using PCR -- do |
| 05:47:18 8 | you remember any clinical HIV studies using PCR that |
| 05:47:23 9 | Cetus was involved with? |
| 05:47:25 10 | MR. BOOZELL: Vague and ambiguous. |
| 05:47:27 11 | THE WITNESS: Right off hand, no. |
| 05:48:26 12 | I'm just looking at this agreement that you |
| 05:48:28 13 | gave me just a moment ago to look at again, the |
| 05:48:32 14 | Exhibit 29, December 19th MTA with Merigan. |
| 05:48:38 15 | Q. Mm-hmm. |
| 05:48:39 16 | A. And we -- one of the questions you asked me, it |
| 05:48:43 17 | was -- it was sort of difficult for me to understand, |
| 05:48:47 18 | but it had to do with this section about an exclusive |
| 05:48:54 19 | license for Cetus -- you know, potentially granting |
| 05:48:57 20 | exclusive license to Cetus. |
| 05:48:59 21 | And one of the things that I tried to make |
| 05:49:02 22 | clear, but I'm not sure how clear I made it because, you |
| 05:49:06 23 | know, I -- I really didn't fully understand the |
| 05:49:09 24 | question, but I don't believe we ever paid a dime for a |
| 05:49:14 25 | nonexclusive license. We either paid for a license that |

200

```
05:49:19  1   was exclusive, or we had the right to use the technology
05:49:27  2   nonexclusively without payment. That was basically our
05:49:33  3   policy.
05:49:34  4          And -- and the vast majority of things that I
05:49:37  5   was involved in, if we wanted it badly enough to be
05:49:43  6   exclusive, we'd pay a royalty. If we didn't want it
05:49:46  7   that badly, then we'd just take a nonexclusive, free.
05:49:52  8   And it was -- it was our understanding that when we did
05:49:56  9   these deals, because we had the technology underlying,
05:50:05 10   we might not need any more than a nonexclusive license,
05:50:08 11   and we certainly weren't going to pay for that because
05:50:11 12   that, we felt, was due to us as part of the agreement.
05:50:15 13          Now I tried to make that clear to you, but it's
05:50:17 14   not -- but the more I think about it, just looking at
05:50:20 15   this -- I mean, because you -- you kept asking me is
05:50:24 16   there -- is there a royalty, you know, and -- and the
05:50:28 17   question, I think, is -- is sort of irrelevant. It's --
05:50:31 18   if we have a nonexclusive license and that's all we
05:50:35 19   need, then that's what we get, and we don't pay any
05:50:38 20   royalty. If we want an exclusive license, we would
05:50:41 21   negotiate a royalty. So in this clause, I think what
05:50:48 22   "negotiating a reasonable royalty in good faith" means
05:50:52 23   is for exclusive.
05:50:54 24       Q.  Do you have any recollection about discussing
05:50:56 25   that particular clause with anybody?
```

CONFIDENTIAL ATTORNE EYES ONLY

```
 1
 2
 3
 4
 5
 6
 7
 8          I, JEFFREY PRICE, Ph.D., do hereby declare
 9  under penalty of perjury that I have read the foregoing
10  transcript of my deposition; that I have made such
11  corrections as noted herein, in ink, initialed by me, or
12  attached hereto; that my testimony as contained herein,
13  as corrected, is true and correct.
14          EXECUTED this _____ day of
15  _____, 20____, at
16  _____, _____.
17        (City)                  (State)
18
19          _____
20            JEFFREY PRICE, Ph.D.
21
22
23
24
25
```

205

```
 1
 2
 3          I, the undersigned, a Certified Shorthand
 4   Reporter of the State of California, do hereby certify:
 5          That the foregoing proceedings were taken
 6   before me at the time and place herein set forth; that
 7   any witnesses in the foregoing proceedings, prior to
 8   testifying, were placed under oath; that a verbatim
 9   record of the proceedings was made by me using machine
10   shorthand which was thereafter transcribed under my
11   direction; further, that the foregoing is an accurate
12   transcription thereof.
13          I further certify that I am neither
14   financially interested in the action nor a relative or
15   employee of any attorney of any of the parties.
16          IN WITNESS WHEREOF, I have this date
17   subscribed my name.
18
19   Dated:      OCT 1 3 2006
20
21
22                    _____
                      SUZANNE F. BOSCHETTI
23                    CSR NO. 5111
24
25
```