# EXHIBIT 13

Dockets.Justia.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF THE TRUSTEES OF
THE LELAND STANFORD JUNIOR
UNIVERSITY,

    Plaintiff,

vs.                            No. C-05-04158 MHP

ROCHE MOLECULAR SYSTEMS, INC.,
Roche Diagnostics CORPORATION,
Roche Diagnostics OPERATIONS,
INC., ROCHE DIAGNOSTIC SYSTEMS,
INC.,

    Defendant.

CERTIFIED COPY

AND RELATED COUNTERCLAIM

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF WILLIAM GRANT GERBER, M.D.

San Francisco, California

Tuesday, August 15, 2006

Reported by:
SUZANNE F. BOSCHETTI
CSR No. 5111

Job No. 3-50832



www.sarnoffcourtreporters.com
Irvine · Los Angeles · San Francisco
phone 877-955-3855 · fax 949-955-3854

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

```
 1                UNITED STATES DISTRICT COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3
 4   THE BOARD OF THE TRUSTEES OF
     THE LELAND STANFORD JUNIOR
 5   UNIVERSITY,
 6          Plaintiff,
 7      vs.                          No. C-05-04158 MHP
 8   ROCHE MOLECULAR SYSTEMS, INC.;
     Roche Diagnostics CORPORATION;
 9   Roche Diagnostics OPERATIONS,
     INC.; ROCHE DIAGNOSTIC SYSTEMS,
10   INC.,
11          Defendant.
     _____
12
     AND RELATED COUNTERCLAIM.
13   _____
14
15          Confidential videotaped deposition of WILLIAM
16   GRANT GERBER, M.D., taken on behalf of Plaintiff and
17   Counterclaim Defendants The Board of the Trustees of
18   the Leland Stanford Junior University, at 50
19   California, 22nd Floor, San Francisco, California,
20   beginning at 9:03 a.m. and ending at 12:15 p.m. on
21   Thursday, August 10, 2006, before SUZANNE F.
22   BOSCHETTI, Certified Shorthand Reporter No. 5111.
23
24
25
```

2

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

```
 1    APPEARANCES:
 2
 3    For Plaintiff and Counterclaim Defendants The Board of
      the Trustees of the Leland Stanford Junior University,
 4    et al.:
 5         COOLEY GODWARD LLP
           BY:   BENJAMIN G. DAMSTEDT
 6         Attorney at Law
           Five Palo Alto Square, 3000 El Camino Real
 7         Palo Alto, California 94306-2155
           (650) 857-0663
 8
      For Defendants and Counterclaimants Roche Molecular
 9    Systems, Inc., et al.:
10         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           BY:   JEFFREY N. BOOZELL
11         Attorney at Law
           865 S. Figueroa Street, 10th Floor
12         Los Angeles, California 90017
           (213) 624-7707
13
      Videographer:
14
           RAY TYLER
15         SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
           San Francisco, California
16         (415) 274-9977
17
18
19
20
21
22
23
24
25
```

3

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

```
11:02:56   1    that was negotiated heavily?
11:02:57   2           MR. BOOZELL:  Objection.  Vague and
11:03:03   3    ambiguous.
11:03:03   4           THE WITNESS:  I don't recall that that was
11:03:04   5    negotiated heavily in the sense that we agreed upfront
11:03:07   6    that what Roche wanted to do was acquire all of our
11:03:10   7    assets related to the PCR technology and business.
11:03:15   8    And once you agree to that in principle, I believe the
11:03:19   9    only -- the only issue I recall that came up is we
11:03:22  10    went back and asked them for a royalty-free license to
11:03:26  11    practice the PCR technology for research purposes at
11:03:30  12    Cetus.
11:03:30  13    BY MR. DAMSTEDT:
11:03:33  14       Q.   What is your understanding of the
11:03:35  15    structure of the deal that was struck?  Did Roche
11:03:41  16    get a transfer of PCR assets in general or did
11:03:46  17    Roche get a transfer of specific PCR assets?
11:03:48  18           MR. BOOZELL:  Vague and ambiguous.  Compound.
11:03:50  19    Calls for a legal conclusion.
11:03:53  20           THE WITNESS:  Yeah, so I can't -- I don't
11:03:56  21    think my opinion there would be of much value from a
11:04:00  22    legal standpoint.  I know what the intent was.  The
11:04:03  23    intent was they were buying all of the assets that we
11:04:06  24    owned.
11:04:07  25    BY MR. DAMSTEDT:
```

76

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

| | |
|---|---|
| 11:28:19  1 | assets that Roche was purchasing were limited to |
| 11:28:21  2 | that -- what's described in section 2.1? |
| 11:28:25  3 |     MR. BOOZELL: Calls for a legal conclusion. |
| 11:28:27  4 | Vague and ambiguous. |
| 11:28:29  5 |     THE WITNESS: I haven't reviewed this |
| 11:28:32  6 | document lately. The only reason that I'm being |
| 11:28:39  7 | undefinitive about this is it wouldn't surprise me if |
| 11:28:43  8 | there are sections in here which say oh, by the way, |
| 11:28:46  9 | if there's anything out there that we haven't thought |
| 11:28:49 10 | of or specified here that relates to PCR or its |
| 11:28:53 11 | commercialization, we get that too. So -- |
| 11:28:53 12 | BY MR. DAMSTEDT: |
| 11:28:57 13 |     Q. And so sitting here right now, you don't |
| 11:28:59 14 | have an understanding as to whether there was a |
| 11:29:01 15 | catchall, if you can use that term, in the |
| 11:29:05 16 | agreement? |
| 11:29:05 17 |     MR. BOOZELL: Vague and ambiguous and calls |
| 11:29:07 18 | for a legal conclusion. |
| 11:29:10 19 |     THE WITNESS: As I said, I haven't read the |
| 11:29:12 20 | agreement, so I can't say that it is here. But it |
| 11:29:14 21 | wouldn't surprise me if there weren't some language to |
| 11:29:17 22 | that effect. |
| 11:29:17 23 | BY MR. DAMSTEDT: |
| 11:29:18 24 |     Q. Was your understanding at the time the |
| 11:29:20 25 | agreement was negotiated that there would be a |

**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

```
11:29:25   1   provision that catches all the related PCR assets
11:29:29   2   that weren't specifically listed?
11:29:32   3           MR. BOOZELL:  Vague and ambiguous.  Calls for
11:29:33   4   a legal conclusion.
11:29:35   5           THE WITNESS:  And again, I have no specific
11:29:37   6   recollection of that negotiation or discussion.  I'm
11:29:42   7   simply referring back to what Roche made clear was its
11:29:45   8   intent from day one, that they acquire all of the
11:29:49   9   assets and all of the rights.
11:29:49  10   BY MR. DAMSTEDT:
11:29:53  11       Q.  But your testimony is that you don't --
11:29:56  12           MR. BOOZELL:  Were you finished with your
11:29:57  13   answer, Dr. Gerber?
11:29:59  14           THE WITNESS:  No.
11:30:00  15           MR. BOOZELL:  Can you let him finish, please.
11:30:03  16           THE WITNESS:  And as such, it wouldn't
11:30:05  17   surprise me if there was language in here to the
11:30:07  18   effect that, look, we're acquiring all of these
11:30:09  19   specified assets.  And if there's anything else that
11:30:11  20   we haven't specified, we own it too.
11:30:11  21   BY MR. DAMSTEDT:
11:30:13  22       Q.  But you don't have any --
11:30:15  23       A.  I don't have any specific indication of that
11:30:17  24   because I haven't read the document.  And I have no
11:30:19  25   specific recollection of the document, so --
```

85

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

| | |
|---|---|
| 11:30:22  1 | Q. And do you have any specific recollection |
| 11:30:24  2 | of the intent of the parties during the |
| 11:30:27  3 | negotiations? |
| 11:30:28  4 | A. Yes. |
| 11:30:28  5 | Q. And what is that? |
| 11:30:29  6 | A. From day one Roche made it very clear that |
| 11:30:32  7 | they were buying all of the assets, rights, licenses |
| 11:30:39  8 | that Cetus owned to PCR. |
| 11:30:45  9 | Q. But you have no recollection whether that |
| 11:30:48 10 | intention actually was memorialized in the final |
| 11:30:53 11 | contract? |
| 11:30:54 12 | MR. BOOZELL: Calls for a legal conclusion. |
| 11:30:54 13 | BY MR. DAMSTEDT: |
| 11:30:55 14 | Q. Is that your understanding? |
| 11:30:56 15 | MR. BOOZELL: Calls for a legal conclusion, |
| 11:30:58 16 | asked and answered. Vague and ambiguous. |
| 11:31:06 17 | THE WITNESS: As I've said, I haven't |
| 11:31:07 18 | reviewed this document, so I don't know whether that |
| 11:31:09 19 | provision is in here or not. I'm simply saying that |
| 11:31:12 20 | while the section states what you've said it states, |
| 11:31:15 21 | that we are buying what's listed here, I can't say |
| 11:31:19 22 | that -- with any confidence that that's all that Roche |
| 11:31:25 23 | was buying. |
| 11:31:25 24 | BY MR. DAMSTEDT: |
| 11:31:30 25 | Q. And you can't state with any confidence |

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

1
2
3
4
5
6
7
8        I, WILLIAM GRANT GERBER, M.D., do hereby
9   declare under penalty of perjury that I have read the
10  foregoing transcript of my deposition; that I have
11  made such corrections as noted herein, in ink,
12  initialed by me, or attached hereto; that my testimony
13  as contained herein, as corrected, is true and
14  correct.
15        EXECUTED this  1ST   day of
16  SEPTEMBER   , 20 06 , at
17  ORINDA             ,  CA           .
18      (City)                    (State)
19
20              _____
21              WILLIAM GRANT GERBER, M.D.
22
23
24
25

113

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855