# EXHIBIT 14

Dockets.Justia.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY

    Plaintiff,

vs.                              No. C-05-04158-MHP

ROCHE MOLECULAR SYSTEMS, INC.,
et al.,

    Defendants.

CERTIFIED COPY

AND RELATED COUNTERCLAIM

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

(30)(b)(6) DEPOSITION OF THE BOARD OF TRUSTEES OF THE

LELAND STANFORD JUNIOR UNIVERSITY

Through MARY ALBERTSON

Palo Alto, California

Friday, August 25, 2006

Reported by:
GINA GLANTZ
CSR No. 9795, RPR, RMR

JOB No. 3-52398



www.sarnoffcourtreporters.com
Irvine    Los Angeles    San Francisco
phone 877.955.3855    fax 949.955.3854

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3
 4   THE BOARD OF TRUSTEES OF THE
     LELAND STANFORD JUNIOR
 5   UNIVERSITY,
 6        Plaintiff,
 7      vs.                          No. C-05-04158-MHP
 8   ROCHE MOLECULAR SYSTEMS, INC.;
     ROCHE DIAGNOSTICS CORPORATION;
 9   ROCHE DIAGNOSTICS OPERATIONS, INC.,
10        Defendants.
11   _____
     AND RELATED COUNTERCLAIM.
12   _____
13
14
15        30(b)(6) Deposition of The Board of Trustees of the
16   Leland Stanford Junior University through MARY
17   ALBERTSON, taken on behalf of the Defendants and
18   Counterclaimants Roche Molecular Systems, Inc.; Roche
19   Diagnostics Corporation; and Roche Diagnostics
20   Operations, Inc., at Five Palo Alto Square, 3000 El
21   Camino Real, Palo Alto, California, beginning at 9:07
22   a.m. and ending at 5:28 p.m., on Friday, August 25,
23   2006, before GINA GLANTZ, Certified Shorthand Reporter
24   No. 9795.
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   APPEARANCES:
 2
 3   For Plaintiff The Board of Trustees of The Leland
     Stanford Junior University and Counterclaim Defendants:
 4
          COOLEY GODWARD LLP
 5        BY:  RICARDO RODRIGUEZ
          Attorney at Law
 6        Five Palo Alto Square, 3000 El Camino Real
          Palo Alto, California 94306-2155
 7        (650) 843-5000
 8
     For Defendants and Counterclaimants Roche Molecular
 9   Systems, Inc., et al.:
10        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:  JEFFREY N. BOOZELL
11        Attorneys at Law
          865 S. Figueroa Street, 10th Floor
12        Los Angeles, California 90017
          (213) 624-7707
13
14   Videographer:
15        RAY TYLER
          SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
16        450 Sansome Street, Suite 1550
          San Francisco, California 94111
17        (415) 274-9977
18
19
20
21
22
23
24
25
```

3

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

| | | |
|---|---|---|
| 12:17:28 | 1 | example, one possibility. |
| 12:17:30 | 2 | BY MR. BOOZELL: |
| 12:17:31 | 3 | Q   That the original assignment was lost? |
| 12:17:33 | 4 | A   It's always a possibility. |
| 12:17:34 | 5 | Q   But you don't know that that happened here? |
| 12:17:38 | 6 | A   I don't. |
| 12:17:38 | 7 | Q   You have no information one way or the other as |
| 12:17:40 | 8 | to why the only assignment that was produced to the PTO |
| 12:17:44 | 9 | was in 1995? |
| 12:17:45 | 10 | A   I don't. |
| 12:17:46 | 11 | Q   But you can't say that there was an assignment |
| 12:17:50 | 12 | prior to 1995 either; correct? |
| 12:17:52 | 13 | A   I have no information one way or the other. |
| 12:17:55 | 14 | Q   If you look at the assignment on PENNIE 000128, |
| 12:18:11 | 15 | I would describe this as paragraphs, but it's an odd |
| 12:18:15 | 16 | formatting.  You see the -- the paragraph that begins |
| 12:18:17 | 17 | "Now, therefore"? |
| 12:18:17 | 18 | A   I see that. |
| 12:18:18 | 19 | Q   It says, "Now, therefore, in consideration of |
| 12:18:20 | 20 | the sum of One Dollar and other good and valuable |
| 12:18:22 | 21 | consideration"? |
| 12:18:23 | 22 | A   Yes. |
| 12:18:23 | 23 | Q   Do you know whether Kozal, Merigan, Holodniy |
| 12:18:27 | 24 | and Katzenstein were paid a dollar? |
| 12:18:29 | 25 | A   I don't know that. |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

| | | |
|---|---|---|
| 12:18:30 | 1 | Q You don't know one way or the other? |
| 12:18:31 | 2 | A I don't know one way or the other. |
| 12:18:33 | 3 | Q Do you know whether they received any other |
| 12:18:36 | 4 | good and valuable consideration in -- in exchange for |
| 12:18:39 | 5 | this assignment? |
| 12:18:40 | 6 | A I don't know if they did. |
| 12:18:41 | 7 | Q One way or the other, you don't know? |
| 12:18:43 | 8 | A I don't know one way or the other. |
| 12:18:44 | 9 | Q I'm going to show you a document Bates-labeled |
| 12:18:58 | 10 | PENNIE 001373 that I'll have the court reporter mark as |
| 12:19:06 | 11 | Exhibit 119. |
| 12:19:23 | 12 | (Deposition Exhibit 119 marked.) |
| 12:19:24 | 13 | BY MR. BOOZELL: |
| 12:19:29 | 14 | Q I'll just ask you if you've ever seen this |
| 12:19:31 | 15 | document before. |
| 12:19:31 | 16 | A Yes. |
| 12:19:32 | 17 | Q When was the first time you saw this document? |
| 12:19:36 | 18 | A In preparing for this deposition. |
| 12:19:38 | 19 | Q You don't believe you saw this in 1994? |
| 12:19:42 | 20 | A I did not. |
| 12:19:43 | 21 | Q What is this letter? |
| 12:19:46 | 22 | A It's a copy of the decision to correct |
| 12:19:50 | 23 | inventorship. |
| 12:19:51 | 24 | Q It's a cover letter for that? |
| 12:19:54 | 25 | A Yes, it's a cover letter for that. |

162

| | |
|---|---|
| 4:39  1 | of the policy that was still in effect in 1990? |
| 4:42  2 | A   Correct. |
| 4:43  3 | Q   Under this policy, does the university require |
| 4:50  4 | employees to sign any sorts of agreements? |
| 4:53  5 | MR. RODRIGUEZ:  Objection.  Vague. |
| 4:55  6 | THE WITNESS:  At this time? |
| 4:57  7 | BY MR. BOOZELL: |
| 4:58  8 | Q   Yes. |
| 5:03  9 | MR. RODRIGUEZ:  Same objection. |
| 5:04 10 | THE WITNESS:  There were different forms that |
| 5:15 11 | the inventors were required to sign in the course of |
| 5:21 12 | disclosing inventions, so I'm not sure if that's the |
| 5:25 13 | question you're asking. |
| 5:26 14 | BY MR. BOOZELL: |
| 5:26 15 | Q   Was there a general form -- prior to any |
| 5:29 16 | inventions being made, was there a general form that |
| 5:34 17 | anybody who worked at Stanford in a research capacity |
| 5:38 18 | would have to sign, consistent with this policy? |
| 5:43 19 | MR. RODRIGUEZ:  Objection.  Vague. |
| 5:47 20 | THE WITNESS:  I don't think -- excuse me.  I |
| 5:53 21 | don't think at that time there was a specific |
| 5:55 22 | requirement, but they were supposed to sign an SU-18, |
| 6:03 23 | which is a patent and copyright agreement -- actually, |
| 6:05 24 | anybody, whether they were doing research or not -- but |
| 6:10 25 | it wasn't tied to the paycheck or anything, so |

199

| | |
|---|---|
| 13:36:14 1 | "requirement" is a strong word. |
| 13:36:16 2 | BY MR. BOOZELL: |
| 13:36:16 3 | Q But they were given -- were they given the |
| 13:36:20 4 | SU- -- |
| 13:36:20 5 | A 18. |
| 13:36:21 6 | Q -- 18 at the time of their hire? |
| 13:36:24 7 | A Not necessarily. |
| 13:36:25 8 | Q Was there anybody in charge with policing |
| 13:36:29 9 | whether employees had signed an SU-18? |
| 13:36:32 10 | A Absolutely not. |
| 13:36:38 11 | Q I'm going to introduce what's not been |
| 13:36:40 12 | previously marked, so we're on 122 -- 3, 123. It's a |
| 13:36:57 13 | multipage document Bates-numbered STANFORD -- STAN |
| 13:37:06 14 | 010209 through 010210? |
| 13:37:24 15 | (Deposition Exhibit 123 marked.) |
| 13:37:24 16 | BY MR. BOOZELL: |
| 13:37:24 17 | Q Do you recognize this document? |
| 13:37:25 18 | A Yes. |
| 13:37:25 19 | Q What is this? |
| 13:37:26 20 | A This is an SU-18. |
| 13:37:29 21 | Q Okay. It's little bit blurry, but if you can |
| 13:37:33 22 | look in the lower left-hand corner, there appears to be |
| 13:37:36 23 | a date related to the version of this. Do you see that? |
| 13:37:40 24 | A I wouldn't have recognized it as a date. |
| 13:37:44 25 | Q Okay. You don't know whether that -- whether |

200

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

10   I, MARY ALBERTSON, do hereby declare under
11  penalty of perjury that I have read the foregoing
12  transcript; that I have made any corrections as appear
13  noted, in ink, initialed by me, or attached hereto; that
14  my testimony as contained herein, as corrected,
15  is true and correct.
16   EXECUTED this 3rd day of October,
17  20 06, at Palo Alto , CA .
              (City)              (State)

22           *Mary Albertson*
             MARY ALBERTSON

364