COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (No. 170085) (nealsc@cooley.com)
RICARDO RODRIGUEZ (No. 173003) (rr@cooley.com)
MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Tel:    (650) 843-5000
Fax:    (650) 857-0663

Attorneys for Plaintiff and Counterclaim Defendant
THE BOARD OF TRUSTEES OF THE LELAND STANFORD
JUNIOR UNIVERSITY and Counterclaim Defendants THOMAS
MERIGAN and MARK HOLODNIY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Defendants. | Case No. C 05 04158 MHP<br><br>**STANFORD'S OPPOSITION TO ROCHE'S MOTION FOR CERTIFICATION OF MEMORANDUM AND ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO 28 U.S.C. § 1292(b) AND REQUEST FOR STAY OF PROCEEDINGS** |
| ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Counterclaimants,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; THOMAS MERIGAN; AND MARK HOLODNIY,<br><br>Counterclaim Defendants. | Date: April 9, 2007<br>Time: 2:00 pm<br>Dept. 15, 18th Floor<br><br>Hon. Marilyn Hall Patel |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ........................................................................................................... 1
II. LEGAL BACKGROUND ............................................................................................. 1
III. DISCUSSION ................................................................................................................. 2
    A. The Court Should Deny Roche's Motion for Certification....................................... 2
        1. Controlling Questions of Law ................................................................... 3
        2. Roche Has Not Identified a Substantial Ground for Difference of Opinion ...................................................................................................... 3
            a. Roche's ownership claims............................................................... 4
            b. Roche's license claims .................................................................... 7
        3. Interlocutory Review Would Not Materially Advance the Ultimate Termination of the Litigation .................................................................... 8
            a. Certification requires more than case-dispositive issues ................ 8
            b. Stanford would be greatly prejudiced by grant of interlocutory appeal...................................................................... 9
    B. The Court Should Deny Roche's Request for a Stay ........................................... 11
IV. CONCLUSION............................................................................................................ 11

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

i.

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Batt v. City of Oakland*,
  No. C 02-04975 MHP, 2006 WL 2925681 (N.D. Cal. Oct. 12, 2006) .............................. 5, 7, 8

*Chiron Corp. v. Abbott Labs*,
  No. C-93-4380 MHP, 1996 WL 15758 (N.D. Cal. Jan. 3, 1996) ............................... 3, 5, 7, 11

*Coleman v. Dines*,
  754 F.2d 353 (Fed. Cir. 1985) ........................................................................................... 6

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) ....................................................................................................... 2, 3

*Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*,
  No. C 01-2821 MHP, 2004 WL 838160 (N.D. Cal. Apr. 19, 2004) ............................... passim

*In re CFLC, Inc.*,
  89 F.3d 673 (9th Cir. 1996) ............................................................................................... 7

*In re Convertible Rowing Exerciser Patent Litig.*,
  903 F.2d 822 (Fed. Cir. 1990) ........................................................................................... 2

*Landis v. North American Co.*,
  299 U.S. 248 (1936) ........................................................................................................ 2

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ..................................................................................... 2, 11

*Mars, Inc. v. Kabushiki-Kaisha Nippon Conlux*,
  24 F.3d 1368 (Fed. Cir. 1994) ........................................................................................... 7

*Ortman v. Stanray*,
  371 F.2d 154 (7th Cir. 1967) ............................................................................................. 7

*Regents of the Univ. of Cal. v. Dako N. Am., Inc.*,
  No. 05-cv-03955-MHP, Docket No. 184 (N.D. Cal. Dec. 15, 2006) ................................... 10

*Regents of the Univ. of California v. Dako N. Am., Inc.*,
  Misc. No. 842, 2007 WL 750002 (Fed. Cir. Feb. 14, 2007) ............................................... 10

*Silverman v. Eastrich Multiple Investor Fund, L.P.*,
  51 F.3d 28 (3d Cir 1995) ................................................................................................... 4

*Styne v. Stevens*,
  26 Cal. 4th 42, (Cal. 2001) ................................................................................................ 4

*Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*,
  338 F.3d 1353 (Fed. Cir. 2003) ......................................................................................... 2

*Voda v. Cordis Corp.*,
  122 Fed. Appx. 515 (Fed. Cir. 2005) ................................................................................. 9

*Voda v. Cordis Corp.*,
  476 F.3d 887 (Fed. Cir. 2007) ....................................................................................... 7, 9

*Voda v. Cordis Corp.*,
  No. CIV-03-1512-L, 2004 WL 3392022 (W.D. Okla. Aug. 2, 2004) .................................... 9

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

ii.

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

*Voda v. Cordis Corp.*,
  No. CIV-03-1512-L, 2005 WL 1429887 (W.D. Okla. Jan. 7, 2005) .......................................... 9

**STATUTES**

28 U.S.C. § 1292 .................................................................................................................... 1, 11
28 U.S.C. § 1295 ......................................................................................................................... 1
28 U.S.C. § 1338 ......................................................................................................................... 1
28 U.S.C. § 1367 ......................................................................................................................... 7

## I.   INTRODUCTION.

After a year of extensive discovery and cross-motions for summary judgment, Roche seeks to have the parties return to the initial case management conference stage. Despite losing on the issues for which this case was previously bifurcated, Roche continues to argue that piecemeal litigation of its ownership and license assertions should be allowed. Because Roche lost on these issues as a matter of law, the case should proceed.

Roche now seeks certification under 28 U.S.C. § 1292(b). Without citing any cases actually applying section 1292(b), Roche argues that interlocutory review of the Court's summary judgment order is appropriate because an appellate reversal might end the case and save discovery on the primary patent infringement claims that gave rise to this case. This Court has rejected an identical argument in several other cases, pointing out that under Roche's flawed logic every denial of a potentially dispositive motion would be immediately appealable. Instead, interlocutory review is disfavored precisely because it unduly delays proceedings and wastes judicial and party resources. Moreover, although Roche clearly disagrees with the Court's order, it has not identified a sufficient "ground for difference of opinion" under section 1292(b) to meet the "exceptional" circumstances required to justify interlocutory review.

Accordingly, Roche's motion should be denied.

## II.   LEGAL BACKGROUND.

Roche seeks interlocutory appeal of the Court's summary judgment order under 28 U.S.C. § 1292(b).[1] Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the

---

[1] The Federal Circuit would have jurisdiction over any appeal under section 1292(b) because the complaint in this case claims patent infringement. *See* 28 U.S.C. §§ 1292(b) & (c), 1295, 1338.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA

1

Stanford Opp to Mo for Certification of Memo
and Order Re Cross Mo for SJ and Req for Stay
**CASE NO. C 05 04158 MHP**

Case No. C 05 04158 MHP

>district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Courts have construed section 1292(b) as requiring a three-part test determining "(1) whether a decision involves a controlling issue of law; (2) whether there exists a substantial ground for difference of opinion; and (3) whether immediate appeal may speed ultimate resolution of the case." *Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, No. C 01-2821 MHP, 2004 WL 838160 at *2 (N.D. Cal. Apr. 19, 2004) (Patel, J.). These three factors are applied stringently in light of "the basic policy of postponing appellate review until after the entry of a final judgment," which allows certification only in "exceptional circumstances." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation omitted); *Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at *2 ("[I]nterlocutory appeals under section 1292(b) are to be permitted sparingly, i.e., only in exceptional and extraordinary circumstances." (internal quotation omitted)).

The district and appellate courts have "complete discretion" in determining whether to certify an order for appeal and whether to grant a petition to appeal a certified order, respectively. *See Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1358 (Fed. Cir. 2003); *In re Convertible Rowing Exerciser Patent Litig.*, 903 F.2d 822 (Fed. Cir. 1990); *Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at *2 n.6 ("[A] district court's denial of a motion to certify a decision for immediate appeal under section 1292(b) is not reviewable by the appellate court.").

The Court has inherent authority to stay an action. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). But the district court's discretion under *Landis* is reviewed on a "somewhat less deferential [standard] than the abuse of discretion standard used in other contexts." *E.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105, 1109-12 (9th Cir. 2005) (vacating discretionary stay) (internal quotation omitted).

### III. DISCUSSION.

#### A. The Court Should Deny Roche's Motion for Certification.

The Court issued an extensive order on the parties' summary judgment briefs. This order granted summary judgment in favor of Stanford on Roche's claims for ownership based on the Visitor's Confidentiality Agreement and Roche's claims for a license under the Materials

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA

2

Stanford Opp to Mo for Certification of Memo and Order Re Cross Mo for SJ and Req for Stay
**CASE NO. C 05 04158 MHP**

1  Transfer Agreement and the shop rights doctrine. Although both sides can find disagreements
2  with some of the Court's conclusions, none of those disagreements amounts to the "exceptional"
3  circumstances required to justify interlocutory appeal under section 1292(b). *See Coopers &*
4  *Lybrand*, 437 U.S. at 475. Roche's motion states its disagreement with each of the holdings
5  favoring Stanford but fails to meet the exacting standards under section 1292(b) for interlocutory
6  review. Instead, Roche focuses on two arguments that this Court has already rejected as
7  insufficient in previous cases: That the issues were difficult or novel and that the order was
8  potentially case dispositive.

### 1. Controlling Questions of Law.

This Court has previously held that the statutory requirement of a controlling question of law "has long been construed broadly" to include any issue that "materially affects the outcome of the action." *Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at *3 (internal quotation omitted). Under *Environmental Protection Info Center*, the Court's summary judgment order (Docket No. 139) qualifies under the broad definition of an order involv[ing] a "controlling question of law" because it disposed of several of Roche's counterclaims as a matter of law. However, this factor alone does not warrant certification of interlocutory appeal.

### 2. Roche Has Not Identified a Substantial Ground for Difference of Opinion.

Roche's primary argument as to the requirement of a "substantial ground for difference of opinion" is that the summary judgment order addressed difficult or novel issues.[2] But this argument has been rejected several times by this Court. In *Chiron Corp. v. Abbott Laboratories*, this Court issued a 70-page final order revising an analysis in a tentative ruling regarding the doctrine of simultaneous conception and reduction to practice. No. C-93-4380 MHP, 1996 WL 15758 at *2 (N.D. Cal. Jan. 3, 1996) (Patel, J.). Despite the complexity of that case, the Court held that "the fact that the conclusion was neither easy nor obvious is not reason enough to permit an appeal." *Id.* Likewise, in *Environmental Protection Information Center*, this Court considered

---

[2] *E.g.*, Docket No. 144, Roche Mot. at 2 ("Roche respectfully submits that given the paucity of direct precedent for the legal questions considered by the Court, there is substantial ground for difference of opinion.").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA     3     Stanford Opp to Mo for Certification of Memo and Order Re Cross Mo for SJ and Req for Stay
**CASE NO. C 05 04158 MHP**

several complicated motions regarding issues such as the Court's jurisdiction under the Administrative Procedure Act, but held that "[c]ertification for interlocutory review is appropriate only in 'exceptional' or 'extraordinary' circumstances, ***not simply where issues are hard or questions are somewhat new***." *Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at *4 (emphasis added).

Accordingly, Roche's primary argument fails to justify its request for certification. Furthermore, Roche's individual arguments as to each of the Court's holdings also fail to show a relevant substantial ground for differences of opinion as detailed below.

### a.   Roche's ownership claims.

Roche makes four arguments with regard to its ownership claims, none of which establish a "substantial ground for difference of opinion." First, Roche disagrees with the Court's holding that Roche's ownership claims are time-barred, stating that Roche is aware of no "direct precedent or decision" arising under California law involving patent ownership assertions that were deemed time-barred. (Roche Mot. at 2, 6.) Roche's argument fails because it ignores the Court's explicit holding that federal law governs the determination of whether Roche's ownership assertions are counterclaims or affirmative defenses. (Docket No. 139, Order at 12-13.)[3] Once Roche's ownership assertions are properly characterized as counterclaims, Roche's cited case, *Styne v. Stevens*, supports the Court's decision because *Styne* holds only that a "statute of limitations does not bar a defense involving ***no claim for affirmative relief***," *i.e.*, a "pure" defense. 26 Cal. 4th 42, 47, 51-53 (Cal. 2001) (emphasis added). Claims for affirmative relief, such as Roche's claim for ownership, are subject to the statute of limitations as the Court held.

Moreover, as noted above, even if there is no case with exactly the same facts as this one, certification for interlocutory review is not appropriate "simply where issues are hard or questions are somewhat new." *Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at *4. Instead, Roche is required to show a "substantial difference between the application of the law in the present case and the

---

[3] Roche focused almost exclusively in its summary judgment briefing on its argument that affirmative defenses are not subject to the statute of limitations, ignoring the dispositive issue addressed by the Court. (*See* Docket No. 99 at 20 n.21; Docket No. 118 at 14-16 & nn.15-16.) Notably, however, the only sentence discussing Roche's counterclaims cites to a Third Circuit case applying federal law. (Docket No. 118 at 15-16 (citing *Silverman v. Eastrich Multiple Investor Fund, L.P.*, 51 F.3d 28 (3d Cir 1995).)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA                                4                Stanford Opp to Mo for Certification of Memo
                                                          and Order Re Cross Mo for SJ and Req for Stay
                                                          **CASE NO. C 05 04158 MHP**

application of the same law in other courts." *Batt v. City of Oakland*, No. C 02-04975 MHP, 2006 WL 2925681 at *4 (N.D. Cal. Oct. 12, 2006) (Patel, J.) ("[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." (internal quotation omitted)). Roche has not done so.

Second, Roche fails to identify any basis for a difference of opinion regarding the Court's holding that Dr. Holodniy had no interest to assign due to the Bayh-Dole Act. Roche disputes the Court's interpretation of the case law and the relevant sections of the Bayh-Dole Act, relying on the word "may." (Roche Mot. at 7-8.) The Court considered these very sections in its order and held that title to inventions under the Bayh-Dole Act did not vest automatically in the inventor, but instead Dr. Holodniy could gain transferable title only if Stanford elected not to retain title and other statutory requirements were met. (Order at 21.) Roche's disagreement with the Court's interpretation is not a "substantial ground for difference of opinion ***between and among judicial bodies***" as required by section 1292(b). *Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at *3 (internal quotation omitted; emphasis added); *see also Chiron Corp.*, 1996 WL 15758 at *2 ("[E]very decision by a judge in an adversarial proceeding results in at least one party convinced that the court got it wrong; if such disagreement were sufficient under section 1292(b), every judgment would give rise to an interlocutory appeal.").[4]

Third, Roche attempts to establish a substantial ground as to its standing argument, stating that "whether or not Roche can assert rights as an owner should be considered a separate question from whether Stanford lacks standing because a named inventor assigned his rights to a third party (Cetus or otherwise)." (Roche Mot. at 8.) Roche's argument appears to reference the Court's holding rejecting Roche's standing argument because it was "dependent upon" Roche's ownership claim. (Order at 14.) Roche's argument fails because there is no suggestion in the

---

[4] Roche also makes an oblique reference to the legislative history of the Bayh-Dole Act and cites an editorial from *Science* magazine. (Roche Mot. at 7-8.) The portion of the legislature history cited by Roche, however, makes no reference to an individual inventor having transferable title. Further, the *Science* article has no legal force and, in any event, it is unclear what the author means by the statement that the "U.S. government renounced intellectual property claims." As Roche acknowledges, the government "may" take title to subject inventions.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA       5       Stanford Opp to Mo for Certification of Memo
and Order Re Cross Mo for SJ and Req for Stay
**CASE NO. C 05 04158 MHP**

1  Court's order that it shifted the burden of persuasion to Roche on standing. Moreover, the Court
2  determined that the inventors could not assign their interest to a third party due to the Bayh-Dole
3  Act, making Roche's separate standing argument moot. There was no need for the Court to
4  rehash its analysis as to Roche's ownership claim in a "separate" section about standing. Instead,
5  the Court properly held that because Stanford proved as a matter of law that Roche's ownership
6  claim was barred as a matter of law, Stanford was also entitled to summary judgment on Roche's
7  standing argument.

8  Finally, Roche makes a number of assertions about the scope of the Court's factual
9  findings with regard to conception and other issues, claiming that the "facts are undisputed" and
10 the "factual record relating to ownership is complete." (Roche Mot. at 2-3.) Stanford disagrees
11 with Roche's characterizations. The Court's order did not grant summary judgment on any issue
12 in favor of Roche. Further, with respect to conception, the Court expressly left open the
13 possibility of additional evidence. (Order at 29 n.7.) Indeed, Roche's briefing neither analyzed
14 nor submitted evidence regarding conception as it relates specifically to any of the claims of the
15 patents-in-suit, even though the case law requires conception of every limitation of a claim.[5] *E.g.*,
16 *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985) (holding that conception requires
17 knowledge of "every limitation" of the claimed invention). Thus, Roche's implicit contention
18 that the Federal Circuit could reverse the denial of Roche's motion for summary judgment based
19 on this Court's factual findings is unsupported. (*See* Roche Mot. at 5-6.) Instead, the parties
20 would proceed to trial on the claims at issue in the Court's order in the unlikely event that a
21 certification resulted in a reversal of the Court's grant of summary judgment in favor of Stanford.

22 Accordingly, Roche has failed to identify any substantial grounds for differences of
23 opinion on the issues related to its failed ownership claims. This case is thus like *Environmental*
24 *Protection Information Center* and *Chiron*, in which this Court denied certification. Further, this

---

[5] This omission is significant. For example, claim 1 of the '705 patent requires evaluating whether a statistically significant decline in plasma HIV exists, after a patient has already started treatment. No evidence in the record mentions, much less establishes, that this limitation was in the minds of any of the inventors until after Dr. Holodniy had left Cetus. Each of the claims in the patents has one or more such limitations.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA                                6                    Stanford Opp to Mo for Certification of Memo
                                                             and Order Re Cross Mo for SJ and Req for Stay
                                                             **CASE NO. C 05 04158 MHP**

1  case is unlike the Federal Circuit's most recent published case deciding a section 1292(b) appeal,
2  which addressed the specific question "whether a district court may exercise supplemental
3  jurisdiction pursuant to 28 U.S.C. § 1367 over infringement claims based on foreign patents."
4  *Voda v. Cordis Corp.*, 476 F.3d 887, 890 (Fed. Cir. 2007).  A substantial ground for difference of
5  opinion was demonstrated in that case, in part, by the differences between the Federal Circuit's
6  decision in *Mars, Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368 (Fed. Cir. 1994), which
7  found no jurisdiction, and the Seventh Circuit's decision in *Ortman v. Stanray*, 371 F.2d 154 (7th
8  Cir. 1967), which affirmed a district court's denial of a motion to dismiss foreign patent
9  infringement claims.  *See Voda*, 476 F.3d at 891.  Here, Roche has not demonstrated any
10 difference of opinion among and between courts.

 **b.     Roche's license claims.**

12         Roche's license claims were based on the Materials Transfer Agreement and the shop
13 rights doctrine.  As to the Materials Transfer Agreement, Roche asserts that *In re CFLC, Inc.*, 89
14 F.3d 673 (9th Cir. 1996) is distinguishable simply because it "is a bankruptcy case."  (Roche Mot.
15 at 8.)  Roche's argument ignores the numerous other cases upon which the Court relied and fails
16 to explain how the attempted transfer of a license through bankruptcy proceedings is *materially*
17 distinguishable from a transfer through the sale of a business or otherwise.  *See Batt*, 2006 WL
18 2925681 at *4 (holding that interlocutory appeal requires a "substantial difference between the
19 application of the law in the present case and the application of the same law in other
20 courts . . . .").  Further, Roche's disagreement with the Court's interpretation of the Materials
21 Transfer Agreement that "there ***could be*** substantial grounds for difference of opinion" on that
22 point is insufficiently concrete to support its motion for certification..  (*See* Roche Mot. at 8
23 (emphasis added).)  *Chiron Corp.*, 1996 WL 15758 at *3 (rejecting an argument as "too generic
24 to support certification").

25         As to Roche's shop rights claim, Roche argues that "the interplay between contracts and
26 shop rights is not well settled" and cites the Court to a district court decision that it failed to raise
27 in any of its summary judgment briefing.  (Roche Mot. at 9.)  This argument fails for the reasons
28 given above, namely, that certification for interlocutory review is not appropriate "simply where

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA                                         7

Stanford Opp to Mo for Certification of Memo
and Order Re Cross Mo for SJ and Req for Stay
**CASE NO. C 05 04158 MHP**

1  issues are hard or questions are somewhat new." *Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at *4;
2  *Batt*, 2006 WL 2925681 at *4 ("[T]he mere presence of a disputed issue that is a question of first
3  impression, standing alone, is insufficient to demonstrate a substantial ground for difference of
4  opinion." (internal quotation omitted)).

5       Accordingly, the Court should deny Roche's motion for certification because it has failed
6  to demonstrate that the Court's summary judgment order contains a substantial ground for
7  difference of opinion sufficient to support interlocutory appeal under section 1292(b).

**3. Interlocutory Review Would Not Materially Advance the Ultimate Termination of the Litigation.**

    **a.    Certification requires more than case-dispositive issues.**

10       The section on this requirement of section 1292(b) in Roche's motion is limited to five
11  lines, in which it simply asserts that certification would materially advance this case because a
12  reversal might be dispositive. In *Environmental Protection Information Center*, this Court
13  rejected that precise argument. That case involved several potentially case-dispositive motions,
14  including a motion to dismiss for lack of jurisdiction and a time-bar, as well as a motion to
15  dismiss for failure to state a claim under Rule 12(b)(6). *Envtl. Prot. Info. Ctr.*, 2004 WL 838160
16  at *1. In response to the movant's argument that the case-dispositive nature of the motions
17  justified interlocutory appeal under section 1292(b), the Court clearly explained that "[e]very
18  denial of a dispositive motion may result in a reversal at the appellate court, which may, in turn,
19  conclude the case outright. Under [movant's] expansive reading of section 1292(b), nearly all
20  denials of potentially dispositive interlocutory orders (e.g., summary adjudication, failure to state
21  a claim) would be immediately appealable. Neither the statute nor existing precedent demand
22  such a result." *Id.* at *3 (emphasis omitted). The Court further added that certification was
23  inappropriate "even where, as here, the remaining issues may be difficult and proceeding to trial
24  may be somewhat costly." *Id.* Accordingly, Roche's argument that granting its summary
25  judgment motion might have been dispositive provides no basis for certification.

26       Roche's motion also ignores the practical effect certification would have on advancing the
27  case through settlement. Allowing Roche to continue litigating only its defenses may further stall

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA      8      Stanford Opp to Mo for Certification of Memo and Order Re Cross Mo for SJ and Req for Stay
**CASE NO. C 05 04158 MHP**

meaningful settlement negotiations because Roche will adopt a "wait-and-see" approach with respect to the interlocutory appeal on the chance that the appeal will be decided prior to trial. Up to this point, Stanford has initiated every settlement discussion the parties have had.

Further, although Roche has emphasized questions regarding the Bayh-Dole Act in its motion, the Court reached that issue only as an alternative matter. Thus, appeal as to that issue would not materially advance the litigation because it is merely an alternative holding.

### b. Stanford would be greatly prejudiced by grant of interlocutory appeal.

Roche's arguments about prejudice scattered throughout its introduction are unavailing. Roche incorrectly argues that Stanford would not be prejudiced by certification because it "has no sales for which an immediate trial is necessary to protect market share" and the appeal may be resolved within "6-9 months." (Roche Mot. at 2-3.) This argument is misplaced; Roche is not entitled to a delay of these proceedings simply because Stanford is a university and not a commercial competitor. Further, Roche's assertion that any appeal would likely be resolved within "6-9 months" is unsupported and likely inaccurate. For example, the Federal Circuit's most recent published decision of an appeal under section 1292(b) took more than two years from certification to a decision by the Federal Circuit.[6] Here, the Court has set trial for next summer, well less than two years away. Roche's argument is also mistaken because its piecemeal litigation strategy will unduly multiply the costs to Stanford of litigating this case by requiring Stanford to litigate in parallel proceedings and requiring an expensive appeal based on only a small portion of the case. Indeed, Roche's previous request for bifurcation has already dramatically expanded the amount of discovery taken on those issues, prolonged the litigation, and delayed the ultimate resolution of this case by at least a year. As opposed to utilizing resources to fund excessive litigation, Stanford, a non-profit educational institution, and the

---

[6] The order appealed from was entered on August 2, 2004, the amendment certifying the order for appeal was entered on January 7, 2005, the Federal Circuit granted appeal on February 22, 2005, and the Federal Circuits' decision issued recently on February 1, 2007. *See Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2004 WL 3392022 (W.D. Okla. Aug. 2, 2004); *Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2005 WL 1429887 (W.D. Okla. Jan. 7, 2005); *Voda v. Cordis Corp.*, 122 Fed. Appx. 515 (Fed. Cir. 2005); *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007).

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA    9    Stanford Opp to Mo for Certification of Memo and Order Re Cross Mo for SJ and Req for Stay
**CASE NO. C 05 04158 MHP**

1  public are far better served by Stanford utilizing its resources to fulfill its mission of research and
2  education.

3  Roche also argues that it may be prejudiced by the lack of interlocutory review because it
4  intends to attempt to prove the "invalid[ity] of the very patents that Roche claims to own" if the
5  patent case goes forward. (Roche Mot. at 3.) Roche's decision to allege unsupportable
6  ownership claims does not justify prejudicing Stanford's right to an efficient and timely
7  resolution of its claim. Further, this Court held as an equitable matter under the doctrine of laches
8  that Roche sat on whatever ownership rights it may have had for too long. (Order at 14-15.)
9  Thus, because Roche waited for so long in asserting its ownership claims, its complaint that those
10 claims might not be resolved prior to the remainder of the case rings hollow. Further, the
11 argument is also illusory. Roche has already filed an answer and counterclaims asserting that the
12 patents-in-suit are invalid, making its position a matter of public record. Roche's ability to claim
13 validity in light of those statements is already proscribed. By contrast, if Roche pursues invalidity
14 and loses on that issue, it will thereafter be justified in believing that the patents are valid and
15 would be able to enforce them as a co-owner with Stanford if it prevailed on its co-ownership
16 claims on a subsequent appeal.

17 Because certification would unduly delay the litigation and create parallel proceedings,
18 this case is unlike *Regents of the University of California v. Dako North America, Inc.*, in which
19 this Court recently granted certification under section 1292(b) and the Federal Circuit granted the
20 petition for review. *Regents of the Univ. of Cal. v. Dako N. Am., Inc.*, No. 05-cv-03955-MHP,
21 Docket No. 184 (N.D. Cal. Dec. 15, 2006); *Regents of the Univ. of California v. Dako N. Am.,*
22 *Inc.*, Misc. No. 842, 2007 WL 750002 (Fed. Cir. Feb. 14, 2007). In that case, the Court granted
23 the ***unopposed*** motion for certification of a summary judgment decision of non-infringement,
24 because the decision was closely related to an appeal that was already pending before the Federal
25 Circuit on the Court's denial of a preliminary injunction. *Regents of the Univ. of Cal.*, 05-cv-
26 03955-MHP, slip op. at 1. The Federal Circuit granted the petition for review for the same
27 reason, making clear section 1292(b) review was being granted only "[b]ecause the matters in the
28 recent order are thus intertwined with the issues in the pending appeals." *Regents of the Univ. of*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA                                10                Stanford Opp to Mo for Certification of Memo
                                                          and Order Re Cross Mo for SJ and Req for Stay
                                                          **CASE NO. C 05 04158 MHP**

1  *Cal.*, 2007 WL 750002 at *1.

2  Accordingly, the Court should deny Roche's motion for certification under section 1292(b) because certification would not materially advance the litigation. *See Envtl. Prot. Info. Ctr.*, 2004 WL 838160 at *3; *Chiron Corp.*, 1996 WL 15758 at *2.

### B. The Court Should Deny Roche's Request for a Stay.

The Court should reject Roche's unsupported suggestion, without citation to any case authority, that the Court should stay the litigation. This case was brought by Stanford to resolve its patent infringement claims. Despite knowing about the Stanford patents since their issuance, Roche to this day has still not identified any reason why the use and sale of its Amplicor kit does not meet the limitations of the patent claims. Roche's efforts to date have consistently attempted to delay, circumvent, and increase the financial burden on Stanford in proceeding with these patent claims. Stanford believes that only the real possibility of an infringement and willfulness finding will cause Roche to take seriously its potential liability. Further, proceeding with the remainder of the case at this time has an additional advantage because many of the dated events-at-issue are relatively fresh in the memory of those witnesses who have been recently deposed. Delaying the proceedings for several years pending an appeal would waste that effort. Finally, Roche's essential argument that a stay would prevent the expenditure of resources in defending against Stanford's patent infringement suit cannot, by itself, justify a stay. *See Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.").

### IV. CONCLUSION.

For the foregoing reasons, the Court should deny Roche's Motion for Certification of Memorandum and Order Re Cross Motions for Summary Judgment Pursuant to 28 U.S.C. § 1292(b) and Request for Stay of Proceedings (Docket No. 144-1).

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA                                11                    Stanford Opp to Mo for Certification of Memo and Order Re Cross Mo for SJ and Req for Stay
**CASE NO. C 05 04158 MHP**

| | |
|---|---|
| Dated: March 23, 2007 | COOLEY GODWARD KRONISH LLP<br><br>by: /s/ _____<br>　　　Ricardo Rodriguez<br><br>Attorneys for Counter Defendants The Board of Trustees of the Leland Stanford Junior University, Thomas Merigan and Mark Holodniy |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749397PA

12

Stanford Opp to Mo for Certification of Memo
and Order Re Cross Mo for SJ and Req for Stay
**CASE NO. C 05 04158 MHP**