COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (No. 170085) (nealsc@cooley.com)
RICARDO RODRIGUEZ (No. 173003) (rr@cooley.com)
MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Tel: (650) 843-5000
Fax: (650) 857-0663

Attorneys for Plaintiff and Counterclaim Defendant,
THE BOARD OF TRUSTEES OF THE LELAND STANFORD
JUNIOR UNIVERSITY and Counterclaim Defendants THOMAS
MERIGAN and MARK HOLODNIY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Defendants. | Case No. C 05 04158 MHP<br><br>**FIRST AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |
| ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Counterclaimants,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; THOMAS MERIGAN; AND MARK HOLODNIY,<br><br>Counterclaim Defendants. | |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

749284 v1/PA                                              1.

Plaintiff The Board of Trustees of the Leland Stanford Junior University ("Plaintiff" or "Stanford") alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### PARTIES

2. Plaintiff Stanford is a trust possessing corporate power organized under the laws of California, with a principal place of business at Office of the President, Building 10 Main Quad, Stanford, California 94305.

3. On information and belief, Defendant Roche Molecular Systems, Inc. is a corporation organized under the laws of Delaware, with a principal place of business at 4300 Hacienda Drive, Pleasanton, California 94588.

4. On information and belief, Defendant Roche Diagnostics Corporation is a corporation organized under the laws of Indiana, with a principal place of business at 9115 Hague Road, Indianapolis, IN 46256.

5. On information and belief, Defendant Roche Diagnostics Operations, Inc. is a corporation organized under the laws of Delaware, with a principal place of business at 9115 Hague Road, Indianapolis, IN 46256.

### JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, Defendants Roche Molecular Systems, Inc., Roche Diagnostics Corporation, and Roche Diagnostics Operations, Inc., (collectively "Defendants") do business in this District and have committed the acts of infringement complained of herein within this District and elsewhere. Personal jurisdiction over Defendants is proper in this Court because their contacts with this District are sufficient to render Defendants amenable to personal jurisdiction in this District.

8. Venue is proper within this District pursuant to 28 U.S.C. §§ 1391(b),(c) and

1400(b) for at least the reason that Defendants reside in this District as defined in § 1391(c).

**INTRADISTRICT ASSIGNMENT**

9. For purposes of intradistrict assignment pursuant to Local Rule 3-2(c), this Intellectual Property action is to be assigned on a district-wide basis.

**COUNT 1: PATENT INFRINGEMENT**

**(U.S. PATENT NO. 5,968,730)**

10. Stanford incorporates by reference the allegations set forth in paragraphs 1 through 9 of this Amended Complaint as though set forth in full herein.

11. On October 19, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,968,730 ("the '730 Patent"), entitled "Polymerase Chain Reaction Assays for Monitoring Antiviral Therapy and Making Therapeutic Decisions in the Treatment of Acquired Immunodeficiency Syndrome."  A copy of the '730 Patent is attached hereto as Exhibit A.

12. Thomas C. Merigan, M.D., David A. Katzenstein, M.D., and Mark Holodniy, M.D., are the sole and true inventors of the '730 Patent.  At the time of their invention, Drs. Merigan, Katzenstein and Holodniy were employed by Stanford.  By operation of law and as a result of written assignment agreements, Stanford owns the entire right, title, and interest to and in the '730 Patent.

13. On information and belief, Defendants have been and still are directly infringing, contributorily infringing and/or inducing others to infringe the '730 Patent under 35 U.S.C. § 271 by practicing one or more of the claims of the '730 Patent, and will continue to do so, unless and until enjoined by this Court.

14. Defendants' infringement of the '730 Patent has injured Stanford in its business and property rights.  Stanford is entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

15. Defendants' infringement of the '730 Patent has caused irreparable damage to Stanford, and will continue to cause irreparable damage to Stanford unless and until Defendants' infringing activities are enjoined by this Court.

1    16.    On information and belief, Defendants' infringement of the '730 Patent has been and is deliberate and willful, warranting increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 2: PATENT INFRINGEMENT
### (U.S. PATENT NO. 6,503,705)

17.    Stanford incorporates by reference the allegations set forth in paragraphs 1 through 16 of this Amended Complaint as though set forth in full herein.

18.    On January 7, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,503,705 ("the '705 Patent"), entitled "Polymerase Chain Reaction Assays for Monitoring Antiviral Therapy and Making Therapeutic Decisions in the Treatment of Acquired Immunodeficiency Syndrome."  A copy of the '705 Patent is attached hereto as Exhibit B.

19.    Thomas C. Merigan, M.D., David A. Katzenstein, M.D., and Mark Holodniy, M.D., are the sole and true inventors of the '705 Patent.  At the time of their invention, Drs. Merigan, Katzenstein, and Holodniy were employed by Stanford.  By operation of law and as a result of written assignment agreements, Stanford owns the entire right, title, and interest to and in the '705 Patent.

20.    On information and belief, Defendants have been and still are directly infringing, contributorily infringing and/or inducing others to infringe the '705 Patent under 35 U.S.C. § 271 by practicing one or more of the claims of the '705 Patent, and will continue to do so, unless and until enjoined by this Court.

21.    Defendants' infringement of the '705 Patent has injured Stanford in its business and property rights.  Stanford is entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

22.    Defendants' infringement of the '705 Patent has caused irreparable damage to Stanford, and will continue to cause irreparable damage to Stanford unless and until Defendants' infringing activities are enjoined by this Court.

23.    On information and belief, Defendants' acts of infringement of the '705 Patent

have been and are deliberate and willful, warranting increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT 3: PATENT INFRINGEMENT
### (U.S. PATENT NO. 7,129,041)

24. Stanford incorporates by reference the allegations set forth in paragraphs 1 through 23 of this Amended Complaint as though set forth in full herein.

25. On October 31, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,129,041 ("the '041 Patent"), entitled "Polymerase Chain Reaction Assays for Monitoring Antiviral Therapy and Making Therapeutic Decisions in the Treatment of Acquired Immunodeficiency Syndrome."  A copy of the '041 Patent is attached hereto as Exhibit C.

26. Thomas C. Merigan, M.D., David A. Katzenstein, M.D., and Mark Holodniy, M.D., are the sole and true inventors of the '041 Patent.  At the time of their invention, Drs. Merigan, Katzenstein, and Holodniy were employed by Stanford.  By operation of law and as a result of written assignment agreements, Stanford owns the entire right, title, and interest to and in the '041 Patent.

27. On information and belief, Defendants have been and still are directly infringing, contributorily infringing and/or inducing others to infringe the '041 Patent under 35 U.S.C. § 271 by practicing one or more of the claims of the '041 Patent, and will continue to do so, unless and until enjoined by this Court.

28. Defendants' infringement of the '041 Patent has injured Stanford in its business and property rights.  Stanford is entitled to recover monetary damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

29. Defendants' infringement of the '041 Patent has caused irreparable damage to Stanford, and will continue to cause irreparable damage to Stanford unless and until Defendants' infringing activities are enjoined by this Court.

30. On information and belief, Defendants' acts of infringement of the '041 Patent have been and are deliberate and willful, warranting increased damages and attorneys' fees

pursuant to 35 U.S.C. §§ 284 and 285.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Stanford prays that this Court enter judgment as follows:

    1. Declaring that Stanford is the sole owner of the '730, '705 and '041 Patents;

    2. Adjudging that Defendants have each infringed one or more claims of the '730, '705, and '041 Patents;

    3. Issuing injunctive relief as the Court deems appropriate and in the public interest against each of Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert or participation with any defendant, that enjoins them from further infringing the '730, '705 , and '041 Patents, in accordance with 35 U.S.C. § 283;

    4. Awarding Stanford damages according to proof at trial pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest on those damages and any supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting, as needed, and a judgment that the damages so adjusted be trebled pursuant to 35 U.S.C. § 284 in light of Defendants' deliberate and willful infringement;

    5. Awarding Stanford its interest, costs, and attorneys' fees incurred in bringing and prosecuting this action, pursuant to 35 U.S.C. § 285; and

    6. For such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff Stanford demands trial to a jury on all issues so triable.

| | |
|---|---|
| Dated: March 26, 2007 | COOLEY GODWARD KRONISH LLP<br>STEPHEN C. NEAL<br>RICARDO RODRIGUEZ<br>MICHELLE S. RHYU |
| | by: /s/ _____<br>          Ricardo Rodriguez |
| | Attorneys for Counter Defendants The Board of Trustees of the Leland Stanford Junior University, Thomas Merigan and Mark Holodniy |