UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>    Plaintiff,<br><br>    v.<br><br>ROCHE MOLECULAR SYSTEMS, INC.; ROCHE DIAGNOSTICS CORPORATION; ROCHE DIAGNOSTICS OPERATIONS, INC.; and ROCHE DIAGNOSTIC SYSTEMS, INC.,<br><br>    Defendants.<br><br>ROCHE MOLECULAR SYSTEMS, INC.; ROCHE DIAGNOSTICS CORPORATION; and ROCHE DIAGNOSTICS OPERATIONS, INC.,<br><br>    Counterclaimants,<br><br>    v.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; THOMAS MERIGAN; and MARK HOLODNIY,<br><br>    Counterclaim Defendants. | No. C 05-04158 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Defendants' Motion for Certification and Request for Stay** |

    On February 23, 2007 this court issued an order granting summary judgment in favor of the Board of Trustees of the Leland Stanford Junior University ("plaintiff" or "Stanford") on the claims of ownership and license brought by Roche Molecular Systems, Inc., Roche Diagnostics Corporation, and Roche Diagnostics Operations, Inc. (collectively "defendants" or "Roche"). Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc., No. C 05-04158

MHP, 2007 WL 608009 (N.D. Cal. Feb. 23, 2007) (Patel, J.) (hereinafter Stanford). Roche now moves for an order certifying the Summary Judgment Order for immediate appeal pursuant to 28 U.S.C. section 1292(b), and requests a stay of proceedings. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

This patent dispute concerns the application of Polymerase Chain Reaction (PCR) technology in the context of HIV/AIDS research. Stanford currently owns two patents titled "Polymerase Chain Reaction Assays for Monitoring Antiviral Therapy and Making Therapeutic Decisions in the Treatment of Acquired Immunodeficiency Syndrome." As part of its counterclaims and defenses, Roche asserts that it is an owner and/or licensee of the patents on a variety of grounds. On December 4, 2006 the parties each moved for summary judgment on the issues of Roche's alleged ownership and license.

In considering the parties' cross-motions, this court reached a number of holdings which are implicated by the instant motion. First, the court held that Roche's claim of ownership was a counterclaim rather than an affirmative defense, and was barred both by the applicable statute of limitations and by the doctrine of laches. Id. at *9–*11. Second, the court held that a Visitor Confidentiality Agreement signed by Dr. Mark Holodniy, a named inventor of the patents, effectively transferred any rights that Holodniy had in the patented invention to Cetus, a company later acquired by Roche. Id. at *15. However, the court further held that Holodniy had no interest to assign to Cetus based on the Bayh-Dole Act, 35 U.S.C. sections 200 et seq., and therefore the assignment provision of the agreement was void as it applied to the patents-in-suit. Id. The court further held that, as the named assignee of the patent, Stanford presumptively holds title to the patent, and therefore Roche's inability to prove its ownership of the patent defeated its claim that Stanford lacked standing to sue. Id. at *8 n.4.

2

Regarding Roche's license claim, the court held that the applicable contractual provisions were ambiguous as to whether Cetus had become a nonexclusive licensee of the patents-in-suit. Id. at *17. The court further held that, even if Cetus had been a licensee, it could not have transferred its license to Roche without Stanford's consent, and therefore Roche was not a licensee in any event. Id. at *19. Finally, the court rejected Roche's claim to "shop rights" in the patented invention, holding that "where an employment relationship specifically anticipates the development and assignment of intellectual property and sets conditions for assignment, the equitable remedy of shop rights is inapplicable." Id. at *20.

Roche now seeks to have the Summary Judgment Order certified for immediate appeal so that it may seek review of the court's holdings regarding timeliness, the Bayh-Dole Act, standing, the assignability of license rights, and shop rights. Roche also requests a stay of proceedings pending the appeal.

LEGAL STANDARD

As a general rule, appeal may be had only from final judgments. 28 U.S.C. § 1291; Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989). However, 28 U.S.C. section 1292(b) creates an exception to the general rule. James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). In rare circumstances, a district court may allow an immediate appeal of an interlocutory order "by certifying that the order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Id. (quoting 28 U.S.C. § 1292(b)). Use of immediate interlocutory appeals is reserved for "extraordinary cases." United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

The certification inquiry has been broken into three steps: (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). The decision to certify rests within the sound

3

discretion of the district court. Mohasco Indus., Inc. v. Lydick, 459 F.2d 959, 960 (9th Cir. 1972) (district judge "can certify" a question if judge "believes that the question is appropriate for an interlocutory appeal").

DISCUSSION

The parties agree that the holdings that Roche seeks to appeal constitute controlling questions of law. Accordingly, the court will focus on the remaining two factors: substantial grounds for difference of opinion and material advancement of the litigation.

I.     Substantial Grounds for Difference of Opinion

In order to secure an interlocutory appeal, Roche must demonstrate a legitimate and "substantial ground for difference of opinion" between and among judicial bodies. See United States Rubber Co., 359 F.2d at 785; APCC Servs., Inc. v. AT & T Corp., 297 F. Supp. 2d 101, 107 (D.D.C. 2003.) ("A substantial ground for dispute [] exists where a court's challenged decision conflicts with decisions of several other courts."). Mere disagreement by a party with the court's holding is insufficient. Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 233 F. Supp. 2d 16, 31 (D.D.C. 2002) ("[D]efendants' conviction of the correctness of their position is insufficient to carry them over the high threshold posed by the standard governing certification for interlocutory appeal.").

    A.     Patent Assignment

Roche asserts that substantial grounds for difference of opinion exist as to (1) whether claims of patent ownership are subject to timeliness requirements, (2) this court's interpretation of the Bayh-Dole Act and (3) whether standing must be coupled to ownership.

        1.     Timeliness

4

1 Roche asserts that it is "aware of no California authority (from which the statute of 2 limitations is applied) that bars a defendant from raising an assertion of patent ownership in response 3 to the commencement of an action against it." Mot. at 6. Roche then reiterates its original 4 argument, expressly considered and rejected by this court, that its claim of ownership is a defense 5 rather than a counterclaim and therefore not subject to timeliness requirements. In support of its 6 claim that differences of opinion exist as to this issue, Roche cites Styne v. Stevens, 26 Cal. 4th 42, 7 51 (2001), which held that "a defense may be raised at any time, even if the matter alleged would be 8 barred by a statute of limitations if asserted as the basis for affirmative relief." However, the full 9 discussion of the issue in Styne is consistent with this court's holding that a claim styled as a 10 "defense" which nonetheless seeks affirmative relief is subject to the statute of limitations. Id. at 47 11 ("a statute of limitations does not bar a defense *involving no claim for affirmative relief*") (emphasis 12 added, emphasis removed), 53 (interpreting the statute of limitations as applying to "claims for 13 affirmative relief"). Further, the fact that no court has reached the specific issue of the timeliness of 14 counterclaims based on patent ownership is not sufficient to warrant interlocutory review, 15 particularly where there is ample support for the general principles underlying the specific holding. 16 Roche has cited nothing to dispute either (1) the dichotomy between defenses and counterclaims 17 regarding the applicability of the statute of limitations and laches or (2) the propriety of 18 distinguishing between defenses and counterclaims based on whether a party seeks affirmative 19 relief. Accordingly, Roche has failed to demonstrate substantial grounds for difference of opinion 20 with respect to this court's timeliness rulings.

### 2. Bayh-Dole Act

23 Roche further seeks to challenge this court's holding regarding the operation of the Bayh-
24 Dole Act as it pertains to the patents-in-suit. As a preliminary matter, this conclusion was not an
25 essential holding toward the ultimate rejection of Roche's ownership claim. The court's holding
26 regarding timeliness, for which interlocutory appeal is not warranted, would bar Roche's ownership

5

1  claim regardless of the Bayh-Dole Act.  Accordingly, this raises a serious question as to whether the
2  Bayh-Dole Act holding is a "controlling question of law" as required for interlocutory appeal.

3      Turning to the merits, Roche disputes this court's interpretation of the Bayh-Dole Act.  The
4  court held that, under the Bayh-Dole Act, title in government-funded patents vests in the United
5  States unless the non-profit entity (here, Stanford) elects to retain title.  Stanford, 2007 WL 608009
6  at *15.  The court further held that the individual inventor does not obtain title unless both the non-
7  profit entity and the government decline to assert ownership of the patent.  Id.  The court therefore
8  held that Holodniy could not have assigned his interest as a named inventor on the patent to Cetus
9  because, by operation of the Bayh-Dole Act, his interest ultimately vested in Stanford rather than in
10 Holodniy as an individual.

11     In the first instance, it appears that this court's earlier holding that "under the Bayh-Dole Act,
12 title vests *automatically* in the government, not the inventor," id. at *15 (emphasis added), was
13 incorrect insofar as it used the word "automatically."  While this specific wording was inaccurate,
14 however, a proper application of the Bayh-Dole Act nonetheless compels the same result.  The court
15 will issue an amended Summary Judgment Order containing a revised analysis of the parties' Bayh-
16 Dole Act arguments, including those raised in connection with this motion.  For the reasons set forth
17 in that amended order, the court finds that Roche has not shown substantial grounds for
18 disagreement as to whether the Bayh-Dole Act barred Holodniy's purported assignment of his rights
19 in the patents-in-suit to Cetus.

20

21     3.    Standing

22     Roche seeks to appeal this court's rejection of its claim that Stanford has no standing to bring
23 the instant action based on its failure to demonstrate ownership.  Roche claims that this court
24 improperly shifted the burden regarding standing to Roche, when the burden of proving standing
25 properly rests with the plaintiff.  The court did not shift the ultimate burden, but merely held that
26 Stanford had satisfied its burden by virtue of the fact that, as the named assignee, Stanford
27 presumptively has standing to sue for patent infringement.  See Rite-Hite Corp. v. Kelley Co., Inc.,
28

56 F.3d 1538, 1551 (Fed. Cir. 1995) ("Generally, one seeking money damages for patent infringement must have held legal title to the patent at the time of the infringement."). Once a patent plaintiff establishes legal ownership of the patent, the defendant must "establish a break in the title chain" by submitting its own evidence. MyMail, Ltd. v. America Online, Inc., 476 F.3d 1372, 1375 (Fed. Cir. 2007). Roche has not demonstrated a serious dispute among the courts as to the unremarkable holding that a named assignee has standing to bring an action for patent infringement.

### B.  Patent License

With respect to its asserted license rights, Roche asserts that substantial grounds for difference of opinion exist as to (1) whether the license rights, if any, acquired by Cetus were transferrable to Roche and (2) whether Cetus acquired any shop rights in the patented invention which were then transferred to Roche.

#### 1.  Transferability

This court held that "[t]he assignability of patent licenses is governed by federal law," and that "[a] nonexclusive patent license 'cannot be assigned unless the patent owner authorizes the assignment or the license itself permits assignment.'" Stanford, 2007 WL 608009 at *19 (quoting In re CFLC, Inc., 89 F.3d 673, 679 (9th Cir. 1996)). Roche asserts that In re CFLC, on which this court relied, was a bankruptcy case and therefore inapplicable to the instant action. While In re CFLC arose in the bankruptcy context, the pertinent holding had nothing to do with the unique circumstances of bankruptcy asset disposition. Furthermore, the Ninth Circuit drew this holding from a D.C. Circuit decision directly involving a claim for patent infringement, in which the court held that "[i]t is well settled that a non-exclusive licensee of a patent has only a personal and not a property interest in the patent and that this personal right cannot be assigned unless the patent owner authorizes the assignment or the license itself permits assignment." Gilson v. Republic of Ireland, 787 F.2d 655, 658 (D.C. Cir. 1986). Roche has cited no authority contravening this "well settled" principle and has therefore failed to demonstrate substantial grounds for difference of opinion.

7

### 2. Shop Rights

Finally, Roche seeks appellate review of this court's determination that Roche has not obtained shop rights to use the patented invention because "where an employment relationship specifically anticipates the development and assignment of intellectual property and sets conditions for assignment, the equitable remedy of shop rights is inapplicable." Stanford, 2007 WL 608009 at *20. Roche asserts that the interplay between contractual rights and shop rights is unsettled, and cites a case reaching a conclusion which Roche claims conflicts with this court's holding. Gate-Way, Inc. v. Hillgren, 82 F. Supp. 546, 554–555 (S.D. Cal. 1949) (holding that an oral patent license was void based on the statute of frauds, but that a shop right had been created). This case, in addition to being more than half a century old, did not necessarily reach a contrary holding. Gate-Way held that the purported contract was invalid, but that shop rights had been created. Here, there was a valid, enforceable contract between the parties concerning the allocation of intellectual property rights. Roche has cited no authority indicating that equitable shop rights are available where rights are governed by a valid contract. Accordingly, Roche has not shown substantial grounds for difference of opinion regarding shop rights.

## II. Material Advancement of the Litigation

Roche claims that immediate appeal will materially advance the ultimate termination of the litigation because the issues raised may be dispositive of this litigation. Stanford appears to acknowledge the possibility that a reversal will dispose of this action, but asserts—correctly—that dispositive issues alone are insufficient to warrant an interlocutory appeal where insufficient grounds for dispute exist.[1]

## III. Prejudice

8

Although not generally a part of the Section 1292(b) inquiry, both parties have claimed that they will be prejudiced by a ruling against them in the instant motion. Stanford claims that an interlocutory appeal may delay the proceedings and create parallel litigation, and "the public are far better served by Stanford utilizing its resources to fulfill its mission of research and education" rather than funding "excessive litigation." Opp. at 9–11. Roche, meanwhile, claims that allowing the patent infringement portion of the litigation to go forward would force it to seek to invalidate the patents it claims to own, and that a finding of invalidity at the end of trial may render moot any appeal of ownership issues. The court does not find either party's claim of prejudice to be particularly compelling. A hypothetical finding of invalidity would be appealable, and Stanford would then be faced with the similar dilemma of seeking to validate the patent that may ultimately be determined, on appeal, to belong to someone else. Further, Roche's excessive delay in asserting these rights indicates that Roche will not be severely prejudiced by the risk of losing them forever.

IV.   Stay

Because Roche has not established that it is entitled to an interlocutory appeal, there is no reason for the court to stay these proceedings.

CONCLUSION

For the foregoing reasons, the court DENIES Roche's motion for certification and DENIES Roche's request to stay the proceedings.

IT IS SO ORDERED.

Dated: April 16, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9

# **ENDNOTES**

1. Stanford further argues that interlocutory appeal would have a detrimental effect on settlement. Roche objects to Stanford's comments regarding confidential settlement discussions yet hesitantly answers them. The court agrees that arguments related to settlement are improper in this context, and irrelevant. Granting an interlocutory appeal would affect settlement only by altering the respective bargaining positions of the parties, and could either make settlement easier or more difficult.