1  COOLEY GODWARD KRONISH LLP
   STEPHEN C. NEAL (No. 170085) (nealsc@cooley.com)
2  RICARDO RODRIGUEZ (No. 173003) (rr@cooley.com)
   MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA  94306-2155
   Tel:    (650) 843-5000
5  Fax:    (650) 857-0663

6  Attorneys for Plaintiff and Counterclaim Defendant
   THE BOARD OF TRUSTEES OF THE LELAND STANFORD
7  JUNIOR UNIVERSITY and Counterclaim Defendants THOMAS
   MERIGAN and MARK HOLODNIY

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11

12
   THE BOARD OF TRUSTEES OF THE          Case No.  C 05 04158 MHP
13 LELAND STANFORD JUNIOR
   UNIVERSITY,                           **PLAINTIFF AND COUNTERCLAIM
14                                        DEFENDANT STANFORD'S REPLY AND
                 Plaintiff,               COUNTERCLAIM DEFENDANTS MERIGAN
15                                        AND HOLODNIY'S ANSWER TO
          v.                              DEFENDANTS' AMENDED
16                                        COUNTERCLAIMS**

17 ROCHE MOLECULAR SYSTEMS, ET AL.,      **DEMAND FOR JURY TRIAL**

18               Defendants.             **Hon. Marilyn H. Patel**

19 ─────────────────────────────────
   ROCHE MOLECULAR SYSTEMS, ET AL.,
20
                 Counterclaimants,
21
          v.
22
23 THE BOARD OF TRUSTEES OF THE
   LELAND STANFORD JUNIOR
24 UNIVERSITY; THOMAS MERIGAN; AND
   MARK HOLODNIY,
25
                 Counterclaim Defendants.
26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

**AMENDED REPLY AND ANSWER**

Plaintiff and counterclaim defendant the Board of Trustees of the Leland Stanford Junior University ("Stanford") and counterclaim defendants Thomas Merigan, M.D., and Mark Holodniy, M.D., (collectively "Counterdefendants") state their answers and affirmative defenses to the Answer to Plaintiff's First Amended Complaint and Amended Counterclaims of Roche Molecular Systems ("RMS"), Roche Diagnostics Corporation, and Roche Diagnostic Operations, Inc., (collectively "Roche"), as follows:

**Jurisdiction and Venue as to Counterclaim Defendant Stanford**

1.      Stanford admits that Roche's patent-related counterclaims arise under the Declaratory Judgment Act and U.S. patent law, but denies that Roche's breach of contract counterclaims arise under these laws.

2.      Stanford admits that, to the extent a justiciable case or controversy exists, this Court has subject matter jurisdiction to Roche's counterclaims One through Three and Five pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Stanford denies that this Court has federal question jurisdiction over Roche's counterclaims Four and Six through Eight, on the basis that those counterclaims do not present federal questions.

3.      Stanford admits that, to the extent this Court has jurisdiction, venue is proper in this district.

4.      Stanford admits paragraph 4.

5.      Stanford admits paragraph 5.

**Jurisdiction and Venue as to Counterclaim Defendant Merigan**

6.      Merigan admits the allegations of paragraph 6.

7.      Merigan admits the allegations of paragraph 7.

8.      Merigan admits paragraph 8.

**Jurisdiction and Venue as to Counterclaim Defendant Holodniy**

9.      Holodniy admits the allegations of paragraph 9.

10.     Holodniy admits the allegations of paragraph 10.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

2.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

11.    Holodniy admits paragraph 11.

**General Allegations**

12.    Counterdefendants lack sufficient knowledge or information to determine whether the allegations of paragraph 12 are true and, on that ground, deny those allegations.

13.    Counterdefendants admit that Kary Mullis was a Cetus scientist who shared a Nobel Prize for his work on PCR in the mid-1980s.  Counterdefendants lack sufficient knowledge or information to determine whether the remaining allegations are true and, on that basis, deny the remaining allegations of paragraph 13.

14.    Counterdefendants admit that PCR emerged as a new technology around the same time that HIV was discovered.  Counterdefendants lack sufficient knowledge or information to determine whether the rest of the allegations of paragraph 14 are true and, on that ground, deny those allegations.

15.    Counterdefendants lack sufficient knowledge or information to determine whether the allegations of paragraph 15 are true and, on that ground, deny those allegations.

16.    Counterdefendants admit that Merigan was the Director of CFAR at Stanford. Counterdefendants also admit that Merigan was a member of Cetus' Scientific Advisory Board from 1979 through 1991.  Counterdefendants deny the remaining allegations of paragraph 16.

17.    Counterdefendants admit that Merigan executed consulting agreements with Cetus on April 13, 1984 and April 19, 1991, but deny the remaining allegations of paragraph 17.

18.    Counterdefendants admit the existence of the Materials Transfer Agreement bearing a date of December 19, 1988.  Counterdefendants deny the remaining allegations of paragraph 18.

19.    Counterdefendants admit that Dr. Mark Holodniy was a Stanford post-doctoral fellow working with Dr. Merigan and that Dr. Schwartz was also a researcher in Dr. Merigan's lab.  Counterdefendants deny the remaining allegations of paragraph 19.

20.    Counterdefendants admit that Dr. Holodniy signed a Visitor's Confidentiality Agreement on February 14, 1989 and that he spent time working at the Cetus Emeryville facility, which included access to various aspects of that facility.    Counterdefendants admit that

Cooley Godward llp
Attorneys At Law
Palo Alto

3.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

Dr. Holodniy was provided with some materials, but deny the implication that such materials were not publicly known or attainable. Counterdefendants deny the remaining allegations of paragraph 20.

21. Counterdefendants admit that the Cetus employees listed as coauthors made a contribution to the article entitled *Detection and Quantification of Human Immunodeficiency Virus RNA in Patient Serum by Use of the Polymerase Chain Reaction* published in the Journal of Infectious Diseases. Counterdefendants deny the remaining allegations of paragraph 21.

22. Counterdefendants admit that sometime in the late 1980's Cetus employees developed some controls for quantitation by PCR of various non-HIV RNA sequences. Counterdefendants deny the remaining allegations of paragraph 22.

23. Counterdefendants admit that, in 1989, Holodniy and Merigan sought to publish an abstract relating to the PCR quantitation of HIV RNA extracted from serum at a UCLA symposium. Counterdefendants admit that the abstract, entitled *Quantitation of HIV-1 RNA in Serum and Correlation with Disease Status Using the Polymerase Chain Reaction*, and which listed both Stanford and Cetus scientists as authors, states that "HIV-1 viral RNA can be detected and quantitated in patient serum" and speculates that such quantitation "may be a useful marker for disease progression or monitoring antiviral therapy." Counterdefendants deny the remaining allegations of paragraph 23.

24. Counterdefendants admit that they submitted an article published in April 1991 in the Journal of Infectious Diseases, entitled *Detection and Quantification of Human Immunodeficiency Virus RNA in Patient Serum by Use of the Polymerase Chain Reaction* (the "JID article"), and that the article listed Cetus scientists among the authors. Counterdefendants deny the remaining allegations of paragraph 24.

25. Counterdefendants admit that the April 1991 JID article states that HIV RNA "was detected and quantified in the serum of HIV-seropositive individuals using the polymerase chain reaction" and that "[q]uantification of infectious HIV RNA in cell-free serum by PCR may be useful as a marker for disease progression or in monitoring antiviral therapy." Counterdefendants also admit that the article states that "[s]erum PCR may provide an additional marker of disease

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

4.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1  progression and drug efficacy that could improve our ability to monitor the course of HIV

2  infection." Counterdefendants deny the remaining allegations of paragraph 25.

3          26.     Counterdefendants admit that Holodniy submitted a paper to the Journal of

4  Clinical Investigation entitled *Reduction in Plasma Human Immunodeficiency Virus Ribonucleic*

5  *Acid after Dideoxynucleoside Therapy as Determined by the Polymerase Chain Reaction* ("the

6  JCI article"). Counterdefendants admit that no Cetus scientists were included as authors on this

7  publication and that Stanford did not seek approval from Cetus for this publication, but deny that

8  there was any reason to include Cetus scientists or to seek approval from Cetus.

9  Counterdefendants deny the remaining allegations of paragraph 26.

10         27.     Counterdefendants admit that the JCI article was published in November of 1991.

11  Counterdefendants deny that the JCI article is limited as Roche suggests, and deny the remaining

12  allegations of paragraph 27.

13         28.     Counterdefendants deny the allegations of paragraph 28.

14         29.     Counterdefendants admit that Stanford's counsel submitted the parent application

15  for the '730 Patent Family (the "May 1992 Application") on May 14, 1992. Counterdefendants

16  admit that U.S. Patent No. 5,968,730 issued on October 19, 1999, is entitled "Polymerase Chain

17  Reaction Assays for Monitoring Antiviral Therapy and Making Therapeutic Decisions in the

18  Treatment of Acquired Immunodeficiency Syndrome," and that the named inventors of the '730

19  Patent are Drs. Thomas Merigan, Mark Holodniy, and David Katzenstein. Counterdefendants

20  deny the remaining allegations of paragraph 29.

21         30.     Counterdefendants admit that U.S. Patent No. 6,503,705 is a continuation of the

22  '730 Patent and that it issued on January 7, 2003. Counterdefendants admit that Drs. Thomas

23  Merigan, Mark Holodniy, and David Katzenstein are named inventors on the patent.

24  Counterdefendants deny the remaining allegations of paragraph 30.

25         31.     Counterdefendants admit that U.S. Patent No. 7,129,041 is a division of the '705

26  Patent and that it issued on October 31, 2006. Counterdefendants admit that Drs. Thomas

27  Merigan, Mark Holodniy, and David Katzenstein are named inventors on the patent.

28  Counterdefendants deny the remaining allegations of paragraph 31.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

5.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

32.     Counterdefendants deny that "[t]he methods claimed in the '128, '086, '352, and '268 Patents comprise the result of Counterclaim Defendants Merigan and Holodniy's work at Cetus and are therefore covered by, among other things, the MTA, and the 1984 and 1991 consulting/confidentiality agreements between Counterclaimant RMS's predecessor, Cetus, and Counterclaim Defendant Merigan, and the 1989 consulting/confidentiality agreement between Counterclaim Defendant Holodniy and Cetus." Counterdefendants admit the remaining allegations of paragraph 32.

33.     Counterdefendants admit that through an Acquisition agreement, Hoffmann-LaRoche, Inc. acquired certain identified components of Cetus' PCR business. Counterdefendants lack information or knowledge necessary to form a belief as to the transfer of such components to RMS and, on that basis, deny the remaining allegations of Paragraph 33.

## First Counterclaim for Relief

**(Declaratory Judgment of Non-Infringement of the '730, '705 and '041 Patents by All Counterclaimants against Counterclaim Defendant Stanford)**

34.     Stanford incorporates by reference its answers to paragraphs 1 through 33 of Roche's counterclaims.

35.     Stanford admits the allegations of paragraph 35.

36.     Stanford admits there is a substantial and continuing justiciable controversy as to the infringement of the '730, '705, and '041 Patents.

37.     Stanford denies that Roche is entitled to the relief sought in paragraph 37.

38.     Stanford denies the allegations of paragraph 38.

## Second Counterclaim for Relief

**(Declaratory Judgment of Invalidity of the '730, '705, and '041 Patents by All Counterclaimants against Counterclaim Defendant Stanford)**

39.     Stanford incorporates by reference its answers to paragraphs 1 through 38 of Roche's counterclaims.

40.     Stanford admits the allegations of paragraph 40.

41.     Stanford admits there is a substantial and continuing justiciable controversy as to

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

6.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1  the validity of the '730, '705, and '041 Patents.

2        42.  Stanford denies that Roche is entitled to the relief sought in paragraph 42.

3        43.  Stanford denies the allegations of paragraph 43.

4  **<u>Third Counterclaim for Relief</u>**

5  **(Declaratory Judgment of Inventorship of the '730, '705, and '041 Patents by**

6  **Counterclaimant RMS against Counterclaim Defendant Stanford)**

7        44.  Stanford incorporates by reference its answers to paragraphs 1 through 43 of

8  Roche's counterclaims.

9        45.  Stanford admits the allegations of paragraph 45.

10        46.  Stanford denies the allegations of paragraph 46.

11        47.  Stanford denies that Roche is entitled to the relief sought in paragraph 47.

12  **<u>Fourth Counterclaim for Relief</u>**

13  **(Declaratory Judgment of Ownership of the '730, '705, and '041 Patents by**

14  **Counterclaimant RMS against Counterclaim Defendant Stanford)**

15        48.  Stanford incorporates by reference its answers to paragraphs 1 through 47 of

16  Roche's counterclaims.

17        49.  Stanford admits the allegations of paragraph 49.

18        50.  Stanford denies the allegations of paragraph 50.  The Court's February 23, 2007

19  Memorandum and Order regarding Cross-Motions for Summary Judgment (the "February 23,

20  2007 Order") granted summary judgment to Stanford on this Counterclaim as to the '730 and

21  '705 patents.[1]  Because RMS has not asserted additional facts to support its ownership of the '041

22  patent, and the rationale of the February 23, 2007 Order equally applies to the '041 Patent, this

23  counterclaim should be dismissed in its entirety.

24        51.  Stanford denies that RMS is entitled to the relief sought in paragraph 51.  The

25  February 23, 2007 Order held that Roche is not entitled to such relief as to the '730 and '705

26

27  [1] On April 16, 2007, the Court revised its February 23, 2007 Order and issued an amended
Summary Judgment Order containing a revised analysis of the parties' Bayh-Dole Act arguments.
28  The Amended Order has no affect on the counterclaims herein.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

7.

1    Patents.  Because the rationale of the February 23, 2007 Order equally applies to the '041 Patent,

2    RMS is not entitled to the relief sought in paragraph 51.

3                          **Fifth Counterclaim for Relief**

4    **(Declaratory Judgment of Unenforceability of the '730, '705, and '041 Patents by All**

5              **Counterclaimants against Counterclaim Defendant Stanford)**

6            52.    Stanford incorporates by reference its answers to paragraphs 1 through 51 of

7    Roche's counterclaims.

8            53.    Stanford denies the allegations of paragraph 53, except that Stanford admits the

9    following: (a) the initial application for the '730 Patent listed only Merigan and Kozal as

10   inventors, (b) in November 1992, applicants petitioned to correct inventorship by adding

11   Holodniy and Katzenstein as joint inventors, (c) Merigan signed a declaration under penalty of

12   perjury stating that he "did not discuss inventorship with the attorneys at Pennie & Edmonds prior

13   to filing the [07/883,327] application" and later "requested that Katzenstein and Holodniy review

14   the application to determine whether in their opinions they should be included as inventors," and

15   (d) Barry Elledge submitted a declaration to the PTO containing the statement regarding Dr.

16   Holodniy quoted by Roche.

17          54.    Stanford denies that Roche is entitled to the relief sought in paragraph 54.

18                          **Sixth Counterclaim for Relief**

19   **(Declaratory Judgment of License to the '730, '705, and '041 Patents by Counterclaimant**

20              **RMS against Counterclaim Defendant Stanford)**

21          55.    Stanford incorporates by reference its answers to paragraphs 1 through 54 of

22   Roche's counterclaims.

23          56.    Stanford denies the allegations of paragraph 56.  The Court's February 23, 2007

24   Order granted summary judgment to Stanford on this Counterclaim as to the '730 and '705

25   Patents.  Because RMS has not asserted additional facts to support its claim of license to the '041

26   patent, and the rationale of the Order applies equally to the '041 Patent, this counterclaim should

27   be dismissed in its entirety.

28          57.    Stanford denies that Roche is entitled to the relief requested in paragraph 57.  The

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

8.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1    February 23, 2007 Order held that Roche is not entitled to such relief as to the '730 and '705

2    Patents.  Because the rationale of the February 23, 2007 Order equally applies to the '041 Patent,

3    Roche is not entitled to the relief sought in paragraph 57.

4                              **Seventh Counterclaim for Relief**

5    **(Declaratory Judgment of Ownership of the '128, '086, '352, and '268 Patents by**

6                **Counterclaimant RMS against Counterclaim Defendant Stanford)**

7            58.     Stanford incorporates by reference its answers to paragraphs 1 through 57 of

8    Roche's counterclaims.

9            59.     Stanford admits the allegations of paragraph 59.

10           60.     Stanford denies the allegations of paragraph 60.  Because RMS has not asserted

11   additional facts to support its claim of license to the '128, '086, '352, and '268 patents, and the

12   rationale of the Court's February 23, 2007 Order applies to the '128, '086, '352, and '268 Patents,

13   this counterclaim should be dismissed.

14           61.     Stanford denies that RMS is entitled to the relief requested in paragraph 61.

15   Further, because the Court's February 23, 2007 Order applies to the '128, '086, '352, and '268

16   Patents as well as the '730 and '705 Patents, RMS is not entitled to the relief sought in paragraph

17   61.

18                              **Eighth Counterclaim for Relief**

19   **(Declaratory Judgment of License to the '128, '086, '352, and '268 Patents by**

20               **Counterclaimant RMS against Counterclaim Defendant Stanford)**

21           62.     Stanford incorporates by reference its answers to paragraphs 1 through 61 of

22   Roche's counterclaims.

23           63.     Stanford denies the allegations of paragraph 63.  Because RMS has not asserted

24   additional facts to support its claim of license to the '128, '086, '352, and '268 patents, and the

25   rationale of the Court's February 23, 2007 Order applies to the '128, '086, '352, and '268 Patents,

26   this counterclaim should be dismissed.

27           64.     Stanford denies that Roche is entitled to the relief requested in paragraph 64.

28   Because the Court's February 23, 2007 Order applies to the '128, '086, '352, and '268 Patents as

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

9.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

well as the '730 and '705 Patents, Roche is not entitled to the relief sought in paragraph 64.

## Ninth Counterclaim for Relief

**(Breach of Contract by Counterclaimant RMS against Counterclaim Defendant Merigan)**

65.    Merigan incorporates by reference the answers to paragraphs 1 through 64 of Roche's counterclaims.

66.    Merigan admits that he signed a Consulting Agreement with Cetus in 1984 and that the agreement contained a confidentiality clause, the terms of which are stated therein. Merigan admits that he signed a Non-Exclusive Consulting Agreement with Cetus in 1991 and that the agreement contained a confidentiality clause, the terms of which are stated therein. Merigan denies the remaining allegations of paragraph 66.

67.    Merigan lacks sufficient information or knowledge necessary to form a belief as to the allegations of paragraph 67 and, on that basis, denies those allegations.

68.    Merigan admits the existence of the letter dated November 4, 2005, but he did not receive it until long after that date.  Merigan denies that he has refused to comply with the demand for the immediate return of such information and denies any remaining allegations of paragraph 68.

69.    Merigan denies the allegations of paragraph 69.  Because the Court's February 23, 2007 Order granted summary judgment to Stanford on RMS's contract-related ownership claims, and the rationale of the February 23, 2007 Order applies equally to this contract-related counterclaim, this counterclaim should be dismissed.

## Tenth Counterclaim for Relief

**(Specific Performance by Counterclaimant RMS against Counterclaim Defendant Merigan)**

70.    Merigan incorporates by reference the answers to paragraphs 1 through 69 of Roche's counterclaims.

71.    Merigan admits that he signed a Consulting Agreement with Cetus in 1984 and that the agreement contained a confidentiality clause, the terms of which are stated therein. Merigan admits that he signed a Non-Exclusive Consulting Agreement with Cetus in 1991 and

10.

1  that the agreement contained a confidentiality clause, the terms of which are stated therein.

2  Merigan denies the remaining allegations of paragraph 71.

3       72.    Merigan admits that the 1984 Consulting Agreement included the following

4  clause:

> All Inventions (as defined below) made, conceived, or completed by
> CONSULTANT, individually or in conjunction with others during the Consulting
> Period or if conceived during the Consulting Period, are made or completed within
> one year after termination of the Consulting Period (or, which having possibly been
> conceived prior to the date of this Agreement, may be completed during the
> Consulting Period or within one year after termination of the Consulting Period),
> shall be the sole and exclusive property of CETUS, provided such Inventions (i) are
> made, conceived or completed with equipment, supplies, facilities or Confidential
> Information of CETUS, its subsidiaries or affiliates, or (ii) are made, conceived or
> completed by CONSULTANT during hours in which CONSULTANT is
> performing services for CETUS or any of its subsidiaries or affiliates, or (iii) result
> from any work performed by CONSULTANT for CETUS or any of its subsidiaries
> of affiliates during the Consulting Period.  It is understood that nothing contained
> herein shall affect the rights or obligations of CONSULTANT, the Institution or the
> United States Government with respect to (x) any Inventions which are protected by
> Section 2870 of the California Labor Code, (y) any Inventions which are the
> products of CONSULTANT's research undertaken in connection with his
> employment by the Institution, to the extent that such Institution shall have any
> rights in any such Invention in accordance with CONSULTANT's existing
> agreement with such Institution or (z) any Inventions which are the products of
> CONSULTANT's research as contemplated by Section 3.4, to the extent the
> Institution and/or the United States Government shall have any rights in such
> Inventions.  Notwithstanding the immediately preceding sentence, in the event that
> an Invention made, conceived or completed by CONSULTANT in connection with
> his obligations to the Institution is the subject of a specific project to which
> CONSULTANT is assigned by CETUS, such Invention shall be the sole and
> exclusive property of CETUS in accordance with the first sentence of this
> paragraph, to the maximum extent possible.

20  Merigan denies the remaining allegations of paragraph 72.

21       73.    Merigan admits the existence of the letter dated November 4, 2005, but he did not

22  receive it until long after that date.  Merigan denies that he has refused to comply with the

23  demand for immediate return of such information.  Merigan lacks sufficient information or

24  knowledge necessary to form a belief as to the remaining allegations of paragraph 73 and, on that

25  basis, denies those allegations.

26       74.    Merigan denies the allegations of paragraph 74 and denies that RMS is entitled to

27  the relief it requests in paragraph 74.  Because the Court's February 23, 2007 Order granted

28  summary judgment to Stanford on RMS's contract-related ownership claims, and the rationale of

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

11.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1  the February 23, 2007 Order applies equally to this contract-related counterclaim, this

2  counterclaim should be dismissed.

3  **Eleventh Counterclaim for Relief**

4  **(Breach of Contract by Counterclaimant RMS against Counterclaim Defendant Holodniy)**

5  75.    Holodniy incorporates by reference the answers to paragraphs 1 through 74 of

6  Roche's counterclaims.

7  76.    Holodniy admits that the 1989 Visitor's Confidentiality Agreement included the

8  following clause:

> I may have access to and acquire techniques, know-how, or other information of a
> confidential nature concerning CETUS' experimental and developmental work,
> trade secrets, secret procedures, business matters or affairs including, but not
> limited to, information relating to ideas, discoveries, inventions, disclosures,
> processes, methods, systems, formulas, patents, patent applications, machines,
> materials, research plans and activities, research results, and business marketing
> information, plans, operations, activities, and results.  I WILL NOT DISCLOSE
> ANY SUCH INFORMATION TO ANY PERSON OR ENTITY OR USE ANY
> SUCH INFORMATION WITHOUT CETUS' PRIOR WRITTEN CONSENT.
> Information shall, for purposes of this Agreement, be considered to be
> confidential if not known in the field generally, even though such information has
> been disclosed to one or more third parties pursuant to joint research, agreements,
> consulting agreements, or other entered into by CETUS or any of its affiliates.
> Excluded from the obligations of confidentiality and nonuse agreed to herein is
> information (i) that I can establish I knew prior to my acquiring it from CETUS;
> (ii) that I receive from a third party who, when providing it to me, is not under an
> obligation to CETUS to keep the information confidential; or (iii) that enters the
> public domain through no fault of mine.

19  Holodniy denies the remaining allegations of paragraph 76.

20  77.    Holodniy lacks sufficient information or knowledge necessary to form a belief as

21  to the allegations of paragraph 77 and, on that basis, denies those allegations.

22  78.    Holodniy denies the allegations of paragraph 78.  Because the Court's February

23  23, 2007 Order granted summary judgment to Stanford on RMS's contract-related ownership

24  claims, and the rationale of the February 23, 2007 Order applies equally to this contract-related

25  counterclaim, this counterclaim should be dismissed.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

**Twelfth Counterclaim for Relief**

**(Specific Performance by Counterclaimant RMS against Counterclaim Defendant**

**Holodniy)**

79.    Holodniy incorporates by reference the answers to paragraphs 1 through 78 of Roche's counterclaims.

80.    Holodniy admits that the 1989 Visitor's Confidentiality Agreement included the following clause:

> I may have access to and acquire techniques, know-how, or other information of a confidential nature concerning CETUS' experimental and developmental work, trade secrets, secret procedures, business matters or affairs including, but not limited to, information relating to ideas, discoveries, inventions, disclosures, processes, methods, systems, formulas, patents, patent applications, machines, materials, research plans and activities, research results, and business marketing information, plans, operations, activities, and results.  I WILL NOT DISCLOSE ANY SUCH INFORMATION TO ANY PERSON OR ENTITY OR USE ANY SUCH INFORMATION WITHOUT CETUS' PRIOR WRITTEN CONSENT. Information shall, for purposes of this Agreement, be considered to be confidential if not known in the field generally, even though such information has been disclosed to one or more third parties pursuant to joint research, agreements, consulting agreements, or other entered into by CETUS or any of its affiliates. Excluded from the obligations of confidentiality and nonuse agreed to herein is information (i) that I can establish I knew prior to my acquiring it from CETUS; (ii) that I receive from a third party who, when providing it to me, is not under an obligation to CETUS to keep the information confidential; or (iii) that enters the public domain through no fault of mine.

Holodniy denies the remaining allegations of paragraph 80.

81.    Holodniy admits that the 1989 Visitor's Confidentiality Agreement states that "[i]f, as a consequence of my access to CETUS' facilities or information, I conceive of or make, alone or with others, ideas, inventions and improvements thereof or know-how related thereto that relate in any manner to the actual or anticipated business of CETUS, I will assign and do hereby assign to CETUS, my right, title, and interest in each of the ideas, inventions and improvements thereof described in this paragraph." Holodniy denies the remaining allegations of paragraph 81.

82.    Holodniy lacks sufficient information or knowledge necessary to form a belief as to the allegations of paragraph 82 and, on that basis, denies those allegations.

83.    Holodniy denies the allegations of paragraph 83 and denies that RMS is entitled to the relief it requests in paragraph 83.  Because the Court's February 23, 2007 Order granted

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

13.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1   summary judgment to Stanford on RMS's contract-related ownership claims, and the rationale of

2   the February 23, 2007 Order applies equally to this contract-related counterclaim, this

3   counterclaim should be dismissed.

**AFFIRMATIVE DEFENSES**

5   As further answer and as affirmative defenses, Counterdefendants allege the following:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

8   84.    Each and every one of Counterclaim Plaintiff Roche's counterclaims fails to state

9   a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Standing)**

12   85.    Counterclaim Plaintiff Roche does not have standing to assert its Third, Fourth,

13   and Sixth through Twelfth Counterclaims.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

16   86.    Counterclaim Plaintiff Roche's Fourth and Sixth through Twelfth Counterclaims

17   (ownership, licenses, and breach of contract) are barred by the applicable statutes of limitation,

18   including, but not limited to, California Code of Civil Procedure §§ 337 and 339.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

21   87.    Counterclaim Plaintiff Roche's Third, Fourth and Sixth through Twelfth

22   Counterclaims are barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

25   88.    Counterclaim Plaintiff Roche's Third, Fourth and Sixth through Twelfth

26   Counterclaims are barred by the doctrine of laches.

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

14.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

89.    Counterclaim Plaintiff Roche's Third, Fourth and Sixth through Twelfth Counterclaims are barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Illegality)**

90.    Counterclaim Plaintiff Roche's Fourth, Sixth through Eighth, and Eleventh and Twelfth Counterclaims are barred by the doctrine of illegality, including, but not limited to, the California Business and Professions Code § 16600 and any other applicable statute or doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unconscionability)**

91.    Counterclaim Plaintiff Roche's Fourth, Sixth through Eighth, and Eleventh and Twelfth Counterclaims are barred by the doctrine of unconscionability.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

92.    To the extent Counterclaim Plaintiff Roche has sustained any damages attributable to the Counterdefendants, Roche's claims for damages are barred in whole or in part because Roche has failed to mitigate such alleged damages.

**PRAYER FOR RELIEF**

WHEREFORE, Counterdefendants respectfully request that the Court enter judgment in favor of Stanford, Merigan, and Holodniy on the foregoing and enter a judgment granting the following relief:

A.    That the Court dismiss Roche's counterclaims in their entirety, with prejudice, as to Stanford, Merigan and Holodniy;

B.    That the Court find that Roche is not entitled to any of its requested relief, or any relief whatsoever, as to Stanford, Merigan and Holodniy;

C.    That the Court find that Stanford is the sole and full owner of the '705, '730, '041, '128, '086, '352, and '268 patents;

Cooley Godward llp
Attorneys At Law
Palo Alto

15.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1       D.     That the Court find that Defendants take nothing on their claims to a license,

2   disgorgement of profits, and constructive trust, with respect to the '705, '730, '041, '128, '086,

3   '352, or '268 patents;

4       E.     That the Court find that Merigan did not breach the 1984 and 1991 agreements

5   with Cetus;

6       F.     That the Court find that Roche is not entitled to any specific performance by

7   Merigan;

8       G.    That the Court find that Holodniy did not breach the 1989 agreement with Cetus;

9       H.    That the Court find that Roche is not entitled to any specific performance by

10  Holodniy;

11      I.     That the Court award no damages to Roche;

12      J.     That the Court declare that Roche infringed, contributed to the infringement of, or

13  induced the infringement of valid claims of the '705, '730, and '041 patents, directly or indirectly,

14  under 35 U.S.C. § 271;

15      K.    That the Court find that the claims of the '705, '730, '041 patents are valid and

16  enforceable;

17      L.     That the Court find this to be an exceptional case entitling Stanford, Merigan and

18  Holodniy to an award of attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285;

19      M.    That the Court find that Drs. Thomas Merigan, Mark Holodniy, and David

20  Katzenstein are the sole and true inventors of the '730, '705, and '041 patents;

21      N.    That the Court find that any rights that may have accrued to Cetus were not

22  assignable and were not assigned to Roche; and

23      O.    That the Court award Stanford, Merigan, and Holodniy such other and further

24  relief as the Court deems just and appropriate.

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

16.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP

1

**JURY DEMAND**

2

Stanford, Merigan, and Holodniy demand trial to a jury on all issues so triable.

3

Dated: April 30, 2007                    COOLEY GODWARD KRONISH LLP

4

5

6

/s/
_____
Michelle S. Rhyu

7

Attorneys for Plaintiff and Counterclaim
Defendant The Board of Trustees of the Leland
Stanford Junior University and Counterclaim
Defendants Thomas Merigan and Mark Holodniy

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

17.

STANFORD, MERIGAN AND HOLODNIY'S REPLY/ANSWER
TO DEFENDANTS' AMENDED COUNTERCLAIMS
CASE NO. C-05-04158 MHP