Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc. et al                    Doc. 163
Case 3:05-cv-04158-MHP     Document 163     Filed 06/19/2007     Page 1 of 1



Ricardo Rodriguez
(650) 843-5046
rr@cooley.com

VIA E-FILE

June 19, 2007

Honorable Marilyn Hall Patel
United States District Court, N. D. CA
450 Golden Gate Avenue, Courtroom 15
San Francisco, CA 94102

**RE: Stanford University v. Roche Molecular Systems, et al. (Case No. C 05-04158 MHP)**

Dear Judge Patel:

I write to describe the discovery issues in dispute.

***Roche's Interrogatory Responses***.  Stanford's Interrogatory No. 21 asks for Roche's basis for asserting inventorship.  Roche fails to identify the basic elements required to meet Rule 11, such as the claim limitations to which there was an alleged contribution.  *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998).  No. 22 asks for Roche's basis for non-infringement.  Roche does not identify how each claim element is allegedly not met by any Accused Products.   Roche asserted counterclaims on both of these issues one and a half years ago, on November 17, 2005.  Stanford needs this information in order to conduct discovery on Roche's allegations.  No. 24 asks for Roche's basis for denying willful infringement.  Roche has provided no information on this interrogatory, which Stanford also needs in order to conduct discovery.  Roche's deficient interrogatory responses are set forth in Exhibits A and B.

***Roche's Document Production***. Roche will not confirm it will search for documents related to the Accused Products and responsive to Stanford's requests for production, including, for example, documents from its marketing department(s); documents and correspondence exchanged with doctors; its website content; and documents and communications from its centralized server which its 30(b)(6) witness testified had not been searched.  In addition, Roche has not confirmed that it will produce documents related to non-infringing substitutes even though they are relevant to infringement.

***Stanford's Interrogatory Responses and Documents***.  Stanford has agreed to supplement its response to Roche's invalidity contentions, but Roche's demands for an immediate response deprive Stanford of an opportunity to evaluate Roche's contentions.  As to documents, Roche's complaints are merely about timing, because Stanford will shortly produce deposition transcripts and the responsive course materials it is able to locate.  Further, as to the litigation involving the Kozal patents, Stanford produced the inventor notebooks long ago, on May 26, 2006, and yet Roche refuses to reasonably limit the production, even though much of the information is that of Visible Genetics or easily identifiable on the Court's docket.  Roche's insistence that Stanford review the entirety of the litigation will result in expensive busy work that will yield no additional documents relevant here.  As to discovery related to funding, this was an issue addressed in the first phase, and Roche has not provided a reason why it is relevant now.

Respectfully submitted,
/s/
Ricardo Rodriguez

FIVE PALO ALTO SQUARE, 3000 EL CAMINO REAL, PALO ALTO, CA 94306-2155  T: (650) 843-5000  F: (650) 857-0663  WWW.COOLEY.COM

Dockets.Justia.com