# EXHIBIT A

PRUETZ LAW GROUP LLP
   Adrian M. Pruetz (Bar No. 118215)
   ampruetz@pruetzlaw.com
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, CA 90266
Telephone:    (310) 321-7640
Facsimile:    (310) 321-7641

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Brian C. Cannon (Bar No. 193071)
   briancannon@quinnemanuel.com
   Tun-Jen Chiang (Bar No. 235165)
   tjchiang@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Defendants and Counterclaimants Roche Molecular Systems, Inc.; Roche Diagnostics Corporation; and Roche Diagnostics Operations, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>ROCHE MOLECULAR SYSTEMS, INC.; ROCHE DIAGNOSTICS CORPORATION; ROCHE DIAGNOSTICS OPERATIONS, INC.,<br><br>Defendants.<br><br>ROCHE MOLECULAR SYSTEMS, INC. ROCHE DIAGNOSTICS CORPORATION; ROCHE DIAGNOSTICS OPERATIONS, INC.,<br><br>Counterclaimants,<br><br>vs.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; AND THOMAS MERIGAN.<br><br>Counterclaim Defendants. | CASE NO. C-05-04158 MHP<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES [NOS. 21-26].** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants Roche Molecular Systems, Inc., Roche Diagnostics Corporation, and Roche Diagnostics Operations, Inc. (collectively "Roche") object and respond to Plaintiff's First Set of Interrogatories [Nos. 1-3] to Defendants ("Interrogatories") as follows:

### General Objections

The following general objections apply to each and every interrogatory propounded by plaintiff Board of Trustees of the Leland Stanford Junior University ("Stanford") and are incorporated into each of the following responses by reference as if set forth fully therein.

1. Roche objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they are premature under Patent L. R. 2-5.

2. Roche objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they seek to impose obligations and demands on Roche greater than or more extensive than those required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

3. Roche objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they seek information subject to attorney-client privilege, attorney work product immunity, or other privilege or immunity against disclosure. Such information will not be provided in response to the Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine protections which may attach thereto.

4. Roche objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they are premature contention interrogatories, which are inappropriate under, among others, In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, (N.D. Cal. 1985).

5. Roche objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they purport to require the production of proprietary and confidential information of Roche or any third parties to whom Roche may be under obligations of

1838293.1

-2-
ROCHE'S RESP. AND OBJ. TO FIRST SET OF INTERROGATORIES

1  confidentiality. No confidential or proprietary information will be produced until after the entry of an appropriate protective order.

6. Roche objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they are vague, ambiguous, unintelligible, overly broad, unduly burdensome, oppressive, and harassing and seek information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7. Roche objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they seek information available through public sources or known to Stanford.

8. Roche objects to the Interrogatories, and the instructions and definitions that accompany them, to the extent that they call for legal conclusions.

9. Roche objects to the definitions of "you," "your," and "Roche" in the "Definitions" section of the Interrogatories, on the basis that they are overbroad, unduly burdensome, and purport to place discovery obligations upon Roche that exceed those required by the Federal Rules of Civil Procedure. Roche submits these responses on its own behalf and does not speak for other entities.

10. Roche objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, harassing or seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11. Roche objects to the Interrogatories to the extent that they seek information not within the possession, custody or control of Roche. An objection on this ground does not constitute a representation or admission that such information does in fact exist.

12. Except for explicit facts admitted in these responses, no incidental or implied admissions are intended and these responses shall not be construed to be a waiver by Roche of all or any part of any objection to the Interrogatories.

1  13. Roche objects to the Interrogatories as premature to the extent that they call for responses that are the subject of expert testimony and the parties have not yet engaged in expert discovery or exchanged expert witness reports.

14. Roche is still pursuing its investigation and analysis of the facts and law pertaining to this action and has not yet completed its investigation. Thus, Roche responses are made without prejudice to Roche's right subsequently to add, modify or otherwise change or amend these responses. Any information contained in these responses is also subject to correction for omissions or errors.

15. Roche objects to the manner of responding specified in the Interrogatories and the instructions and definitions that accompany them. Roche will respond to the Interrogatories in a manner that is reasonable and convenient to Roche.

16. Any objection by Roche does not constitute a representation or admission that such information does in fact exist or is known to Roche.

### Specific Objections and Responses

INTERROGATORY NO. 21:

Describe the basis for Your contention that inventorship of the Asserted Patents is incorrect, including Identifying (1) the Persons You contend are inventors, the aspects of the invention which You assert the omitted inventor(s) invented, (2) the date and circumstances surrounding when each purported omitted inventor had a definite and permanent idea of the complete and operative invention, and (3) any Documents, tangible things and individuals that may support or corroborate these dates and circumstances.

RESPONSE TO INTERROGATORY NO. 21:

Roche objects to this interrogatory on the grounds that it: (i) is a premature contention interrogatory; (ii) is premature under Patent L. R. 2-5; (iii) is compound; (iv) is overly broad, unduly burdensome and oppressive; (v) calls for legal conclusions; (vi) seeks information

1838293.1

-4-
ROCHE'S RESP. AND OBJ. TO FIRST SET OF INTERROGATORIES

protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to these objections, Roche will answer this interrogatory at an appropriate time and in an appropriate manner.

INTERROGATORY NO. 22:

Describe the basis for Your contention that You do not infringe the patents in suit, directly or contributorily, or by inducing infringement, including a description of how each claim element is allegedly not met by any Accused Product or Your instructions on their use. A chart is a preferable means for providing the information concerning infringement.

RESPONSE TO INTERROGATORY NO. 22:

Roche objects to this interrogatory on the grounds that it: (i) is a premature contention interrogatory; (ii) is premature under Patent L. R. 2-5; (iii) is compound; (iv) is overly broad, unduly burdensome and oppressive; (v) calls for legal conclusions; (vi) seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to these objections, Roche will answer this interrogatory at an appropriate time and in an appropriate manner.

INTERROGATORY NO. 23:

For each of the Accused Products that You have marketed, sold, or offered for sale, or intend to or are preparing to market, sell or offer for sale, Identify all such Accused Products by name and product number, describe the timeframe of the products' marketing, manufacture, sales and offers for sale, state whether such activity is ongoing, and if not, state the date(s) of termination of such activity and Identify any Documents that support Your response.

RESPONSE TO INTERROGATORY NO. 23:

Roche objects to this interrogatory on the grounds that it: (i) is overly broad, unduly burdensome, oppressive and harassing; (ii) seeks information that is available through public sources or is known to Stanford; (iii) is compound; (iv) calls for legal conclusions; (v) is vague and ambiguous, including on the definition of "Accused Products"; and (vi) is contrary to Patent L. R. 3-1(b), which requires Stanford, not Roche, to identify the Accused Products by name and model number.

Subject to and without waiving the above general and specific objections, Roche answers this interrogatory as follows:

Roche's Amplicor HIV-1 Monitor v.1.0 kit was first sold to the public on June 25, 1996. The customers who were shipped the Monitor kit on that day include Stanford University Hospital. *See* Declaration of Rhea Nersesian, Dkt. No. 109, at ¶ 3.

Roche reserves the right to further supplement this response.

INTERROGATORY NO. 24:

For each claim of each Asserted Patent that You contend is not willfully infringed, Identify in detail each factual and legal basis for Your contention, Identify by bates numbers all specific Documents that support Your contentions, Identify whether You have sought and/or obtained any opinion of counsel regarding no willful infringement of the Asserted Patents, Identify the counsel from whom You have sought and/or obtained such opinion(s) and state whether or not You intend to rely on such opinion(s).

RESPONSE TO INTERROGATORY NO. 24:

Roche objects to this interrogatory on the grounds that it: (i) is a premature contention interrogatory; (ii) is premature under Patent L. R. 2-5; (iii) is compound; (iv) is overly broad, unduly burdensome and oppressive; (v) calls for legal conclusions; (vi) seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege; and (vii) is premature under Patent L. R. 3-8.

1 | Subject to these objections, Roche will answer this interrogatory at an appropriate
2 | time and in an appropriate manner.

INTERROGATORY NO. 25:

For each of the Accused Products, Identify in detail the actual and projected sales, costs, overhead, profits, and margins. Such detail should include the number of products sold and the price; both fixed and variable costs; shall be categorized on a monthly, quarterly, annually, and total basis; and shall include identification of the three Persons most knowledge on the subject.

RESPONSE TO INTERROGATORY NO. 25:

Roche objects to this interrogatory on the grounds that it: (i) it is vague and ambiguous, including on the definition of "Accused Products"; (ii) is premature damages discovery under the parties' agreed Scheduling Order; (iii) is compound; (iv) is overly broad, unduly burdensome and oppressive; and (v) seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege.

Subject to these objections, Roche will answer this interrogatory at an appropriate time and in an appropriate manner.

INTERROGATORY NO. 26:

For each Document you produce or have produced since the Court's Order for Cross-Motions for Summary Judgment as a result of obligations under the Federal Rules, Local Rules, or in response to a request for production served by Stanford pursuant to Federal Rules of Civil Procedure 34, Identify the Document by bates number or bates range and state the source of each Document, including the name, department, title or position, and business address of each person from whom said document was collected.

1838293.1

-7-
ROCHE'S RESP. AND OBJ. TO FIRST SET OF INTERROGATORIES

RESPONSE TO INTERROGATORY NO. 26:

Roche objects to this interrogatory on the grounds that it: (i) is overly broad, unduly burdensome, oppressive and harassing; (ii) seeks information that is available through public sources or is known to Stanford; (iii) is compound; (iv) seeks information in the possession of third parties; and (v) is vague and ambiguous.

Subject to these objections, Roche answers that it has not yet produced any documents since the Court's Order for Cross-Motions for Summary Judgment.

DATED: May 3, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP (as to objections)

By _____
Brian C. Cannon (Bar No. 193071)
briancannon@quinnemanuel.com
Tun-Jen Chiang (Bar No. 235165)
tjchiang@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

PRUETZ LAW GROUP LLP
Adrian M. Pruetz (Bar No. 118215)
ampruetz@pruetzlaw.com
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, CA 90266
Telephone:   (310) 321-7640
Facsimile:   (310) 321-7641

Attorneys for Defendants and Counterclaimants Roche Molecular Systems, Inc., Roche Diagnostics Corporation, and Roche Diagnostics Operations, Inc.

1838293.1

-8-
ROCHE'S RESP. AND OBJ. TO FIRST SET OF INTERROGATORIES

## PROOF OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139.

On May 3, 2007, I served true copies of the following document(s) described as **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES [NOS. 21-26]** on the parties in this action as follows:

Michelle S. Rhyu
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306
(650) 843-5000
rhyums@cooley.com

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from marshabrandsdorfer@quinnemanuel.com on May 3, 2007, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Redwood Shores, California. The envelope was mailed with postage thereon fully prepaid

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 3, 2007, at Redwood Shores, California.

_____
Marsha Brandsdorfer

04972/1899380.1