# Exhibit 8

```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3            BEFORE THE HONORABLE MARILYN HALL PATEL, JUDGE

 4
     -------------------------------)
 5   BOARD OF TRUSTEES of the       )
     LELAND STANFORD JUNIOR         )
 6   UNIVERSITY,                    )
                                    )
 7                  Plaintiff,      )
                                    )
 8         v.                       )  NO. C 05-4158 (MHP)
                                    )
 9   ROCHE MOLECULAR SYSTEMS,       )
     INC., et al.,                  )
10                                  )
                    Defendants.     )  San Francisco, California
11                                  )  Monday, July 30, 2007u
     -------------------------------)     (13 pages)
12

13                      TRANSCRIPT OF PROCEEDINGS

14   APPEARANCES:

15   For Plaintiff:            Cooley, Godward, Kronish, LLP
                               5 Palo Alto Square
16                             3000 El Camino Real
                               Palo Alto, California 94306
17                       BY:   MICHELLE S. RHYU
                               RICARDO RODRIGUEZ
18                             BENJAMIN DAMSTEDT

19   For Defendants:           Preetz Law Group, LLP
                               1600 Rosencrans Avenue
20                             Fourth Floor
                               Manhattan Beach, California 90266
21                       BY:   ADRIAN MARY PRUETZ

22                             Quinn, Emanuel, LLP
                               555 Twin Dolphin Drive
23                             Suite 560
                               Redwood Shores, California 94065
24                       BY:   BRIAN C. CANNON

25
```

```
 1          THE COURT:  That's in the declarations.  And to the
 2   extent that it's appropriate to look at those, I will do that.
 3          MS. PRUETZ:  But you do not want the witnesses present
 4   at the hearing.
 5          THE COURT:  I do not want that testimony, no.  No.  If
 6   there's anything that can be useful without essentially --
 7   without it being advocacy, you know, because so much -- what
 8   I'm hearing you say about some of this sounds to me like
 9   there's going to be an attempt to use it as advocacy.  And we
10   know how important various and kinds of treatments are to
11   trying to do something about the AIDS issue.  I mean, we all
12   know that.  So we don't need to have a drumbeat for that.
13          What we need to know is what would a person of
14   ordinary skill in the art have known at the time?  And a lot of
15   that can be gleaned from the prior art that's submitted, the
16   prior art that was referenced, or -- and also just looking at
17   the claims in the context of the patent itself.  We can
18   determine what those terms mean.
19          It struck me that some of these terms don't even need
20   to be construed.
21          MS. RHYU:  While you're at that point, can we
22   specifically ask about the SK 38 and SK 39 claims, terms, which
23   actually do not appear in any of the asserted claims?  Is there
24   a need for us to brief those terms?
25          THE COURT:  Well, I don't know what those terms mean.
```

```
 1   But if they're not going to come up because the claims are not
 2   at issue...
 3            MS. RHYU:  They are not terms that exist in any of the
 4   asserted claims.
 5            THE COURT:  Then where do they come up?
 6            MS. PRUETZ:  They're going to come up because we have
 7   a challenge for inventorship, and if any of these claim in the
 8   patent was intent by somebody else -- and we contend that these
 9   claims were all invented by somebody else, including the SK
10   claims -- we do need to have a construction on the SK primers
11   in order to -- I mean, we'll have to get it at some point.  It
12   makes sense to do it at the claim construction conference for
13   the Court to determine inventorship.
14            THE COURT:  But do those terms come up in a particular
15   claim?
16            MS. PRUETZ:  Yes, they come up in claims, but they do
17   not come up in the asserted claims.  They come up in other
18   claims.  But if any one of those claims was invented by someone
19   else, the patent's invalid.
20            THE COURT:  Well, is that --
21            MS. RHYU:  Well, the definition that Roche is
22   proposing for those claims is -- Roche is proposing that the
23   Court state that those primers were invented by CETUS
24   employees, and we don't think that's appropriate for claim
25   construction.  If the issue is just to state what the component
```

```
 1   of those primers is, we can certainly lay that out in the
 2   brief, but it seems unnecessary.
 3           THE COURT:  Is there any dispute about what SK 38 and
 4   SK 39 mean?
 5           MS. PRUETZ:  SK 38 and SK 39, according to Roche, mean
 6   the primer developed by Shirley Kwok, for whom it's named, who
 7   is a CETUS employee.  But since Stanford disputes that, then we
 8   have to have a claim construction on it.
 9           MS. RHYU:  The patent clearly lays out the sequence of
10   the primer, and that defines the primer.  So we think that's
11   where the definition should end.  The questions about
12   inventorship can be addressed in a later part of this suit.
13           THE COURT:  Well, the whole purpose for having claim
14   construction has to do with infringement and interpreting the
15   claims, construing the claims that are asserted as being
16   infringed.
17           MS. PRUETZ:  I think it's also relevant in the
18   inventorship, your Honor.
19           THE COURT:  If there's a separate issue of
20   inventorship, and that can be brought in a separate proceeding.
21   If it needs to be defined in connection with that proceeding,
22   then that's appropriate.
23           I'm concerned that this is maybe being used for the
24   purpose of trying to influence and -- in some way a decision
25   on -- in construing other claims, or coming to some decision
```

```
 1   with respect to infringement.  If there's an inventorship
 2   issue, why don't you just bring a motion on inventorship and do
 3   the discovery that needs to be done on inventorship and make a
 4   motion on it and we'll get to it?
 5           MS. PRUETZ:  And the Court will construe the claim in
 6   the context of that motion?  I mean, we certainly don't want it
 7   to be suggested later that we didn't propose a claim
 8   construction for a claim that needed to be construed.
 9           THE COURT:  Not if it's going to be in the context --
10   let's put it this way:  Not if it's going to be in the context
11   of an inventorship issue.  Okay?  And if it is not one of the
12   claims asserted as a claim being -- alleged to be infringed,
13   then I don't find it's necessary to have claim construction.
14   If it's necessary to come up with some meaning for what, you
15   know, what was happening in that particular claim on an
16   inventorship issue, then we'll deal with it in the context of
17   the inventorship issue, okay?
18           Already, we're narrowing down the list, and I'm going
19   to narrow it down event more.
20           MS. RHYU:  Great.
21           THE COURT:  You may not say great after I have
22   finished.
23           MS. RHYU:  Back to the value of expert testimony.
24   Roche has been insisting on taking depositions of the experts
25   who may submit declarations in support of the claims
```

```
 1                     CERTIFICATE OF REPORTER
 2
 3
 4        I, Connie Kuhl, Official Reporter for the United
 5   States Court, Northern District of California, hereby certify
 6   that the foregoing proceedings in Case No. C 05-4158 (MHP),
 7   BOARD OF TRUSTEES of the LELAND STANFORD JUNIOR UNIVERSITY v.
 8   ROCHE MOLECULAR SYSTEMS, INC., et al., were reported by me, a
 9   certified shorthand reporter, and were thereafter transcribed
10   under my direction into typewriting; that the foregoing is a
11   true record of said proceedings as bound by me at the time of
12   filing.
13        The validity of the reporter's certification of said
14   transcript may be void upon disassembly and/or removal from the
15   court file.
16
17                    _____
18                    Connie Kuhl, RMR, CRR
19                    Wednesday, August 1, 2007
20
21
22
23
24
25
```