PRUETZ LAW GROUP LLP
  Adrian M. Pruetz (Bar No. 118215)
  ampruetz@pruetzlaw.com
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, CA 90266
Telephone:   (310) 321-7640
Facsimile:   (310) 321-7641

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Brian C. Cannon (Bar No. 193071)
  briancannon@quinnemanuel.com
  Tun-Jen Chiang (Bar No. 235165)
  tjchiang@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for Defendants and Counterclaimants Roche Molecular Systems, Inc.; Roche Diagnostics Corporation; and Roche Diagnostics Operations, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>    Plaintiff,<br><br>vs.<br><br>ROCHE MOLECULAR SYSTEMS, INC.; ROCHE DIAGNOSTICS CORPORATION; ROCHE DIAGNOSTICS OPERATIONS, INC.,<br><br>    Defendants.<br><br>ROCHE MOLECULAR SYSTEMS, INC. ROCHE DIAGNOSTICS CORPORATION; ROCHE DIAGNOSTICS OPERATIONS, INC.,<br><br>    Counterclaimants,<br><br>vs.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; AND THOMAS MERIGAN.<br><br>    Counterclaim Defendants. | CASE NO. C-05-04158 MHP<br><br>ROCHE'S EMERGENCY MOTION TO ENFORCE COURT ORDER REGARDING EXPERT WITNESS DEPOSITION<br><br>[DECLARATION OF BRIAN C. CANNON AND [PROPOSED] ORDER CONCURRENTLY FILED] |

04972/2191780.3

-1-

Case No. 05-CV-04158-MHP
ROCHE'S MOTION TO ENFORCE ORDER

## Background

Roche seeks an order enforcing the claim construction expert witness deposition schedule set forth in the Court's August 2, 2007 Order (Docket No. 175). Specifically, Roche seeks an order compelling Stanford to proceed with the deposition of Dr. Fred Kramer on August 15, 2007. Stanford now seeks to cancel the August 15 deposition, but will not agree to withdraw Dr. Kramer as a potential testifying expert. In the alternative, if no deposition in accordance with the Court-ordered scheduled is compelled, Roche seeks an order precluding Stanford from relying upon Dr. Kramer in any briefing in connection with claim construction.

In this patent infringement action, in which Stanford asserts patents against Roche, the parties are engaged in claim construction discovery and briefing. On July 6, 2007, the parties submitted their Joint Claim Construction Statement to the Court. (Docket No. 172). In that statement, Stanford identified two expert witnesses, Drs. Paul Volberding and Fred Kramer, and provided a summary of their opinions in support of Stanford's claim construction positions. *Id*. at pages 4-5. As the local rules state, the summary of opinions must be "offered in sufficient detail to permit meaningful deposition of that expert;" Patent L.R. 4-3(d). Under the local rules and the case management order, Roche is scheduled to file a single, responsive brief on claim construction issues, which is due *August 29, 2007*. Docket No. 161; Patent L.R. 4-5(b).

Accordingly, on July 23, 2007, the parties agreed that the deposition of Dr Kramer, would take place on Wednesday, August 15 in Boston, Massachusetts, a location chosen to accommodate Dr. Kramer. (Declaration of Brian C. Cannon, Ex. A). On July 30, 2007, the Court conducted its Claim Construction Prehearing Conference. On July 31, 2007 the parties entered into a formal stipulation regarding the deposition schedule, which the Court executed. Pursuant to the stipulation and order, the deposition of Dr. Kramer was to occur between August 12 and August 20, 2007 -- *before* Roche's claim construction papers are due. The Court Order provides:

> 1. The depositions of Stanford's experts Paul Volberding and Fred Kramer will, at a mutually convenient time for the parties, take place after August 12, 2007 but before August 20, 2007.
>
> 2. The depositions of Roche's experts John G. Bartlett and Jeffrey D. Lifson will, at a mutually convenient time for the parties, take place after August 31, 2007 but before September 7, 2007.

1    3.   The deposition of any of the aforementioned experts may be canceled if Stanford or Roche does not rely upon the testimony of that expert in its briefing, or
2    if otherwise agreed by the parties.
3  (Docket No. 175).
4          On Friday, August 3, 2007, Stanford informed Roche via email that Stanford would
5  not be submitting a declaration of Dr. Kramer in support of its *opening* claim construction brief
6  and would *not* be making him available for deposition on August 15, 2007 -- but reserved the right
7  to offer a declaration of Dr. Kramer in *reply* to Roche's brief.  (Declaration of Brian C. Cannon,
8  Ex. B).  On August 6, 2007, Roche objected to canceling Dr. Kramer's deposition unless Stanford
9  agreed to withdraw Dr. Kramer completely as a testifying expert for Plaintiff with respect to claim
10 construction.  (Declaration of Brian C. Cannon, Ex. C).  In an exchange of letters and emails,
11 through August 10, 2007, Stanford refused to proceed with the deposition and refused to withdraw
12 Kramer as an expert.  (Declaration of Brian C. Cannon, Exs. D and E).
13         Roche brings this emergency motion to compel the previously scheduled deposition
14 of Dr. Kramer so that Roche has the opportunity to take his deposition before its responsive papers
15 are due on August 29, 2007.

16                                    **Argument**

17         The parties agreed to -- and the Court ordered -- an orderly process to take the
18 depositions of the expert witnesses identified by both parties in their claim construction
19 submissions.  Both parties' expert depositions were scheduled to occur before their respective
20 briefing is complete so that both parties can address issues that may arise in the depositions in
21 their papers.
22         Having agreed to a schedule and obtained and agreed to a Court Order, Stanford
23 now seeks to postpone one of the depositions until after Roche prepares its papers.  This is
24 prejudicial to Roche, violates the Court Order and is inconsistent with the patent procedures of the
25 local rules.
26         The local rules provide that both sides exchange claim construction positions,
27 which has occurred.  The rules also provide that both sides identify experts and summarize the
28 witnesses' testimony so that the other side can take "meaningful" depositions.  See Patent Local

1  Rule 4-3(d). As the party enforcing the patent, Stanford files the first brief, and is obligated to
2  provide its evidence in support of its position. See Patent Local Rule 4-5(a). Instead of
3  proceeding with the Kramer deposition, Stanford wants to hold back its witness and see what
4  Roche says in opposition. Such a tactic prejudices Roche as Roche cannot respond to the
5  declaration under the briefing schedule set by the local rules and the Court's case management
6  order. For instance, if Stanford submits a Kramer declaration on reply, even if Roche obtains the
7  deposition of Kramer at that time, there is no opportunity to respond -- Roche has only one
8  opportunity to file papers: on August 29, 2007.

9  Stanford has informed Roche that it will not submit a Kramer declaration on reply
10 if Roche does not deviate from its disclosures of the joint claim construction statement. But that is
11 not Stanford's decision to make. Both sides submitted summaries of expert opinions, and both
12 sides agreed to a deposition schedule for those experts. If either side does not comply with the
13 local rules in some manner, the other side can raise that with the Court. The Court Order and local
14 rules explicitly allow Roche the opportunity to take the deposition of Kramer based upon the
15 disclosures submitted by Stanford in the July 6, 2007 Joint Claim Construction Statement. If
16 Stanford agrees to unequivocally withdraw Kramer, then the deposition can be cancelled (as the
17 Order provides). However, Stanford cannot have it both ways. It cannot attempt to cancel the
18 deposition, yet reserve the right to submit a Kramer declaration on reply if Stanford deems it
19 appropriate to do so.

20 Roche simply seeks to enforce the Court's Order. It should not have to file this
21 emergency motion in order to obtain a deposition of a claim construction expert identified in the
22 parties' filings and scheduled by Court Order. Stanford should not be permitted to back out
23 unilaterally from its commitments.

<u>Conclusion</u>

For all the foregoing reasons, Roche respectfully requests that the Court enforce the August 2, 2007 Order and require that Stanford either produce Dr. Kramer for deposition on August 15, or forfeit its ability to submit a declaration from Dr. Kramer at any time in support of claim construction.

DATED: August 10, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By        /s/
Brian C. Cannon (Bar No. 193071)
    briancannon@quinnemanuel.com
Tun-Jen Chiang (Bar No. 235165)
    tjchiang@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

PRUETZ LAW GROUP LLP
  Adrian M. Pruetz (Bar No. 118215)
    ampruetz@pruetzlaw.com
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, CA 90266
Telephone:    (310) 321-7640
Facsimile:     (310) 321-7641

Attorneys for Defendants and Counterclaimants Roche Molecular Systems, Inc., Roche Diagnostics Corporation, and Roche Diagnostics Operations, Inc.