PRUETZ LAW GROUP LLP
  Adrian M. Pruetz (Bar No. 118215)
  ampruetz@pruetzlaw.com
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, CA 90266
Telephone: (310) 321-7640
Facsimile: (310) 321-7641

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Brian C. Cannon (Bar No. 193071)
  briancannon@quinnemanuel.com
  Tun-Jen Chiang (Bar No. 235165)
  tjchiang@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendants and Counterclaimants Roche Molecular Systems, Inc.; Roche Diagnostics Corporation; and Roche Diagnostics Operations, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROCHE MOLECULAR SYSTEMS, INC.; ROCHE DIAGNOSTICS CORPORATION; ROCHE DIAGNOSTICS OPERATIONS, INC.,<br><br>        Defendants.<br><br>ROCHE MOLECULAR SYSTEMS, INC. ROCHE DIAGNOSTICS CORPORATION; ROCHE DIAGNOSTICS OPERATIONS, INC.,<br><br>        Counterclaimants,<br><br>    vs.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; AND THOMAS MERIGAN.<br><br>        Counterclaim Defendants. | CASE NO. C-05-04158 MHP<br><br>ROCHE'S MOTION TO SHORTEN TIME PURSUANT TO CIVIL LOCAL RULE 6-3 REGARDING ROCHE'S EMERGENCY MOTION TO ENFORCE COURT ORDER REGARDING EXPERT DEPOSITION<br><br>[DECLARATION OF BRIAN C. CANNON AND [PROPOSED] ORDER CONCURRENTLY FILED] |

04972/2191412.1

-1-

Case No. 05-CV-04158-MHP
ROCHE'S MOTION TO SHORTEN TIME

Dockets.Justia.com

Pursuant to Local Rule 6-3, Defendant and Counterclaimants Roche Molecular Systems, Inc., Roche Diagnostics Corporation, and Roche Diagnostics Operations, Inc. ("Roche") hereby seek an Order shortening time for a hearing on its Emergency Motion to Enforce Court Order Regarding Expert Deposition, filed contemporaneously herewith. Accompanying these motions is the Declaration of Brian C. Cannon.

## I. INTRODUCTION

In this patent case, in which Stanford asserts patents against Roche, the parties are engaged in claim construction discovery and briefing and have already filed their Joint Claim Construction Statement, including the identification of experts and proposed testimony. The parties had previously agreed to a claim construction deposition schedule, and the Court entered an Order setting forth that deposition of Stanford's experts will "take place after August 12, 2007 but before August 20, 2007." Docket No. 175 at ¶ 1. The importance of the timing is that Roche's claim construction brief and supporting papers are due August 29, 2007. The parties agreed that the deposition of one of Stanford's experts, Dr. Kramer, would occur on Wednesday, August 15 in Boston, Massachusetts. Stanford now seeks to cancel the August 15 deposition, but will not agree to withdraw Dr. Kramer as a potential testifying expert.

## II. RELIEF SOUGHT

Roche seeks a hearing before noon of Tuesday, August 14, 2007 to request an order compelling plaintiff Stanford to provide one its claim construction experts, Dr. Fred Kramer, for deposition on August 15, 2007 -- as previously agreed and the subject of a Court Order. In the alternative, in its emergency motion, if no deposition in accordance with the Court-ordered scheduled is compelled, Roche seeks an order precluding Stanford from relying upon Dr. Kramer in any briefing in connection with claim construction.

## III. REASONS WHY TIME SHOULD BE SHORTENED

It is necessary to shorten time to hear this motion because the Kramer deposition was scheduled for August 15, 2007, and Roche's claim construction papers are due August 29, 2007. The parties agreed to, and the Court ordered, an orderly process to take the depositions of

claim construction witnesses. Roche seeks relief on an expedited basis so that it can prepare its papers consistent with the agreed and ordered schedule.

As more fully set forth in Roche's accompanying Emergency Motion, on July 6, 2007, the parties filed their Joint Claim Construction And Prehearing Statement Under Patent Local Rule 4-3. Docket No. 172. In that statement, Stanford identified two expert witnesses, Drs. Paul Volberding and Fred Kramer, and provided a summary of their opinions in support of Stanford's claim construction positions. *Id*. at pages 4-5. As the local rules state, the summary of opinions must be "offered in sufficient detail to permit meaningful deposition of that expert;" Patent L.R. 4-3(d). Under the local rules and the case management order, Roche is scheduled to file a single, responsive brief on claim construction issues, which is due *August 29, 2007*. Docket No. 161.

Accordingly, on July 23, 2007, the parties agreed that the deposition of Dr Kramer, would take place on Wednesday, August 15 in Boston, Massachusetts, a location chosen to accommodate Dr. Kramer. (Declaration of Brian C. Cannon, Ex. A). On July 31, 2007 the parties entered into a formal stipulation regarding the deposition schedule, which the Court executed. Pursuant to the stipulation and order, the deposition of Dr. Kramer was to occur between August 12 and August 20, 2007 -- before Roche's claim construction papers are due. The Court Order provides:

> ***1. The depositions of Stanford's experts Paul Volberding and Fred Kramer will, at a mutually convenient time for the parties, take place after August 12, 2007, but before August 20, 2007.***

Docket No. 175 at ¶1. Under the August 2, 2007 Court Order, an expert deposition may only be cancelled if the parties agree or if a party "does not rely upon the testimony of that expert in its briefing." Id. at ¶3.

On Friday, August 3, 2007, Stanford informed Roche via email that Stanford would not be submitting a declaration of Dr. Kramer in support of its *opening* claim construction brief and would not be making him available for deposition on August 15, 2007 -- but reserved the right to offer a declaration of Dr. Kramer in *reply* to Roche's brief. (Declaration of Brian C. Cannon, Ex. B). On August 6, 2007, Roche objected to canceling Dr. Kramer's deposition unless Stanford

1  agreed to withdraw Dr. Kramer completely as a testifying expert for Plaintiff with respect to claim
2  construction.  (Declaration of Brian C. Cannon, Ex. C).  In an exchange of letters and emails,
3  through August 10, 2007, Stanford refused to proceed with the deposition and refused to withdraw
4  Kramer as an expert.  (Declaration of Brian C. Cannon, Exs. D and E).

5        On Friday, August 10, 2007, Counsel for Roche requested that Stanford agree to
6  shorten time to hear this motion.  (Declaration of Brian C. Cannon, Ex. E).  Stanford would not
7  agree, but stated that it would file its opposition to Roche's motion by 10:00 AM on Monday,
8  August 13, 2007, and would be available for a hearing before noon on Monday, August 13; after 5
9  PM on Monday, August 13; and on Tuesday, August 14 until 3 PM.  (Declaration of Brian
10 Cannon, Ex. E).

11       This motion to shorten time is necessitated by Stanford's last-minute refusal to
12 make Dr. Kramer available for deposition as agreed, or otherwise, within the time frame ordered
13 by the Court.  After identifying expert witnesses and testimony, the parties had agreed to an
14 orderly process to take depositions as the local rules contemplate, and the Court ordered.

15       Roche will be severely prejudiced if this Motion is not granted.  In order to take the
16 deposition of Dr. Kramer as scheduled, counsel for Roche will need to travel on Tuesday, August
17 14, 2007, the day before the deposition.  Thus, it is necessary to resolve this matter on Monday
18 August 13 or the morning of Tuesday, August 14, 2007.  Moreover, if this matter is not resolved
19 by August 14, Roche will be effectively precluded from taking Dr. Kramer's deposition prior to
20 filing its opposition to Plaintiff's claim construction brief.  In that case, if Stanford then submits
21 expert testimony by Dr. Kramer for the first time in its reply brief, as it has repeatedly threatened
22 to do, Roche has no opportunity to respond before the claim construction hearing.  The purpose of
23 the joint claim construction statement and deposition schedule is to allow an orderly claim
24 construction procedure -- with the parties exchanging claim construction positions, and then taking
25 turns offering evidence in support of those positions.  Having identified Kramer in its joint claim
26 construction statement -- and having his deposition be scheduled by Court Order -- Stanford
27 cannot back out and hold its opinions for reply.
28

On March 30, 2007 the parties submitted a [Proposed] Case Management Order for this second phase of the case. The Court entered that Order on June 1, 2007. Docket No. 161. There have been no changes to the schedule set forth in the Court's Order. The grant of this request for an order shortening time would not have any effect on the current case schedule.

## **CONCLUSION**

For all the foregoing reasons, Roche respectfully requests that the Court enter an Order Shortening Time for the Court to hear Roche' Emergency Motion to Enforce Court Order.

DATED: August 10, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By     /s/
Brian C. Cannon (Bar No. 193071)
briancannon@quinnemanuel.com
Tun-Jen Chiang (Bar No. 235165)
tjchiang@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

PRUETZ LAW GROUP LLP
Adrian M. Pruetz (Bar No. 118215)
ampruetz@pruetzlaw.com
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, CA 90266
Telephone:    (310) 321-7640
Facsimile:    (310) 321-7641

Attorneys for Defendants and Counterclaimants Roche Molecular Systems, Inc., Roche Diagnostics Corporation, and Roche Diagnostics Operations, Inc.