COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (No. 170085) (nealsc@cooley.com)
RICARDO RODRIGUEZ (No. 173003) (rr@cooley.com)
MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Tel:    (650) 843-5000
Fax:   (650) 857-0663

Attorneys for Plaintiff and Counterclaim Defendant
THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY and Counterclaim
Defendants THOMAS MERIGAN and MARK HOLODNIY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Defendants. | Case No. C 05 04158 MHP<br><br>**STANFORD'S OPPOSITION TO ROCHE'S EMERGENCY MOTION TO ENFORCE COURT ORDER REGARDING EXPERT WITNESS DEPOSITION AND MOTION TO SHORTEN TIME PURSUANT TO CIVIL LOCAL RULE 6-3 REGARDING SAME** |
| ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Counterclaimants,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; THOMAS MERIGAN; AND MARK HOLODNIY,<br><br>Counterclaim Defendants. | |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

Stanford hired Dr. Fred Kramer because he has substantial expertise relating to PCR. Stanford disclosed potential testimony from Dr. Kramer relating to four claim terms: "about 30 cycles," the "presence" and "absence" of "detectable HIV-encoding nucleic acid," and "measuring the HIV RNA copy number." (Docket No. 172, Ex. D.) At the pre-hearing conference, this Court removed the "about 30 cycles" claim term from construction, eliminating the need to rely on Dr. Kramer for that term. (Docket No. 173.) As to the "presence" and "absence" claim terms, Roche identifies Dr. Jeffrey Lifson, but its expert disclosure does not recite any opinions for those terms, thus eliminating the need to rely on Dr. Kramer on those terms as well. (Docket No. 172, Ex. G at 3-4.) This left only the "measuring" term, which does not require expert testimony to rebut Roche's positions, *inter alia*, because they are founded on a legally improper attempt to import a limitation from an example in the specification.

In addition, this Court made clear at the pre-hearing conference that it already had sufficient familiarity with PCR. (July 30, 2007 Transcript at 3:24-4:3; *see also id.* at 10:5-6.) Accordingly, Stanford informed Roche that it would not rely on Dr. Kramer in support of its opening brief or to rebut any expert opinions disclosed by Roche. (Docket No. 184, Exs. B, D.) Consistent with this Court's comments at the pre-hearing conference, there is no basis for Roche to force Stanford to undertake the significant expenses that would be required for a deposition of Dr. Kramer.[1]

Roche argues that Stanford's position is a "tactic" that will prejudice Roche. The opposite is true. Stanford has already confirmed repeatedly that if Roche does not introduce new expert testimony that it has not previously disclosed, then Stanford will not use Dr. Kramer's testimony for any of the claims construction briefing. (Docket No. 184, Exs. B, D.) But Roche will not make this commitment. Allowing Roche to introduce previously undisclosed testimony in its claims construction brief, while depriving Stanford from responding to that new testimony through Dr. Kramer, would be plainly unfair to Stanford.

---

[1] Stanford has submitted a declaration from its expert Dr. Paul Volberding, who has substantial clinical HIV expertise. (Docket No. 178.) Dr. Volberding's deposition has been scheduled.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1.

STANFORD'S OPPOSITION TO
ROCHE'S EMERGENCY MOTION
CASE NO. C 05 04158 MHP

1  Roche claims it would not be able to respond to Dr. Kramer's testimony if submitted on
2  Reply. But that problem exists only if Roche decides to introduce new opinions in its brief
3  that it did not previously disclose. Thus, any alleged prejudice to Roche would be of its own
4  making, and under its own control.

5  Roche also ignores the practical but obvious question: on what possible issues could
6  Dr. Kramer be deposed? He has not submitted a declaration, and Stanford has confirmed it
7  will not offer one with respect to the expert disclosures Roche has made to date. Any new
8  issues Roche may attempt to include in its brief are unknown to Stanford or Dr. Kramer. A
9  deposition on such unknown opinions makes no sense. It would be impossible for Dr. Kramer
10 to prepare for issues Roche has not yet disclosed, and would subject him to deposition by
11 ambush.

12 Roche's reliance on the parties' stipulation is misplaced. Stanford did not agree to
13 Roche's strained interpretation of the agreement, which Roche argues should allow it to load
14 its claims construction brief with undisclosed material to which Stanford cannot not respond.
15 Moreover, such an interpretation violates both the letter and spirit of the Patent Local Rules.
16 (Patent Local Rule 4-3.) Furthermore, this Court's decision to remove the "about 30"
17 limitation, its familiarity with PCR, and its view of the marginal value of expert testimony, all
18 weighed heavily in Stanford's decision that Dr. Kramer's testimony was not necessary for its
19 opening brief. These were made known at the pre-hearing conference and Stanford informed
20 Roche of its decision that same week.

21 Stanford's position is fair. At this juncture, there is simply nothing on which to depose
22 Dr. Kramer. If Roche stays within its disclosures in its brief, there is no need for Stanford to
23 rely on testimony from Dr. Kramer in its reply brief. If Roche adds new opinions, Stanford is
24 entitled to move to strike that testimony and offer rebuttal testimony from Dr. Kramer, who will
25 then be made available for deposition. There is nothing prejudicial in Stanford's position, nor
26 anything so urgent as to justify the inconvenience to the Court of an "emergency" motion.
27 Accordingly, this Court should deny Roche's motions (Docket Nos. 180 and 182).

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

2.

STANFORD'S OPPOSITION TO
ROCHE'S EMERGENCY MOTION
CASE NO. C-05-04158 MHP

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  August 13, 2007 | COOLEY GODWARD KRONISH LLP |
| 3 | | by:  _____/s/_____ |
| 4 | | Ricardo Rodriguez |
| 5 | | Attorneys for Counter Defendants The Board of Trustees of the Leland Stanford Junior University, Thomas Merigan and Mark Holodniy |
| 6 | | |
| 7 | 757964/PA | |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

3.

STANFORD'S OPPOSITION TO
ROCHE'S EMERGENCY MOTION
CASE NO. C-05-04158 MHP