# EXHIBIT E

Dockets.Justia.com

COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (No. 170085) (nealsc@cooley.com)
RICARDO RODRIGUEZ (No. 173003) (rr@cooley.com)
MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Tel:   (650) 843-5000
Fax:   (650) 857-0663

Attorneys for Plaintiff and Counterclaim Defendant
THE BOARD OF TRUSTEES OF THE LELAND STANFORD
JUNIOR UNIVERSITY and Counterclaim Defendants THOMAS
MERIGAN and MARK HOLODNIY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Defendants. | Case No. C 05 04158 MHP<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES IN THE SECOND PHASE [31-44]** |
| ROCHE MOLECULAR SYSTEMS, ET AL.,<br><br>Counterclaimants,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; THOMAS MERIGAN; AND MARK HOLODNIY,<br><br>Counterclaim Defendants. | |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

7

STANFORD'S RESP. AND OBJS. TO ROCHE'S
FIRST SET OF INTERROGATORIES (PHASE II)
CASE NO. C-05-04158 MHP

it seeks information that has already been provided to Roche under Patent L. R. 3-1 or is otherwise premature. Stanford further objects to this interrogatory because it is compound and is actually multiple interrogatories.

Subject to and without waiving its General Responses, General Objections, and the foregoing objections, Stanford responds as follows:

Stanford incorporates by reference its Preliminary Infringement Contentions and any future supplements or amendments thereto. Stanford reserves the right to amend, supplement, or revise its response to this interrogatory or its Preliminary Infringement Contentions as it continues its investigation and discovery.

**INTERROGATORY NO. 32:**

If You contend that Roche induced or contributed to the infringement of any claim of the Patents-in-Suit, Identify with particularity each and every instance of direct infringement, and all circumstances relating to each instance of direct infringement including the time, place, manner of infringement and the identity of the Person who performed such direct infringement, upon which You rely to prove Defendants induced or contributed to such infringement and all facts that You contend support Your assertion of Roche's liability for such infringement.

**RESPONSE TO INTERROGATORY NO. 32:**

Stanford specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this interrogatory. Stanford also specifically objects to this interrogatory as set forth herein.

Stanford specifically objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or the joint defense privilege. Stanford further objects to this interrogatory to the extent that it is so vague and ambiguous as to be unduly burdensome and oppressive. Stanford also objects to this interrogatory on the grounds that it is overly broad and unduly burdensome and would subject Stanford to unreasonable and undue annoyance and expense. Further, Stanford objects to this interrogatory to the extent that it is a premature contention interrogatory, calls for a legal conclusion and/or expert opinion. Stanford further objects to this interrogatory because it is

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

7.

STANFORD'S RESP. AND OBJS. TO ROCHE'S
FIRST SET OF INTERROGATORIES (PHASE II)
CASE NO. C-05-04158 MHP

compound and is actually multiple interrogatories.

Subject to and without waiving its General Responses, General Objections, and the foregoing objections, Stanford responds as follows:

Stanford incorporates by reference its Preliminary Infringement Contentions and any future supplements or amendments thereto.

The FDA-approved product labels for the AMPLICOR HIV-1 MONITOR Test and the COBAS AMPLICOR HIV-1 MONITOR Test and Roche's web site instruct physicians and laboratory personnel who use the AMPLICOR Tests to perform steps that result in infringement of one or more claims of the asserted patents. Roche's instructions to use the AMPLICOR tests in this manner is evidence that its customers do use the products in this manner. *See Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261 (Fed. Cir. 1986). Stanford reserves the right to amend, supplement, or revise its response to this interrogatory as it continues its investigation and discovery.

**INTERROGATORY NO. 33:**

Describe in detail all reasons You contend that the JID Article and the UCLA Abstract, each alone or in combination, does not render invalid the asserted claims of the Patents-in-Suit under 35 U.S.C. §§ 102 or 103. To the extent You contend that such references do not contain an element or step of the claims of the Patents-in-Suit, Identify such missing element or step.

**RESPONSE TO INTERROGATORY NO. 33:**

Stanford specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this interrogatory. Stanford also specifically objects to this interrogatory as set forth herein.

Stanford specifically objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or the joint defense privilege. Stanford further objects to this interrogatory to the extent that it is so vague and ambiguous as to be unduly burdensome and oppressive. Stanford also objects to this interrogatory on the grounds that it is overly broad and unduly burdensome and would subject Stanford to unreasonable and undue annoyance and expense. Stanford also objects to this

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

8.

STANFORD'S RESP. AND OBJS. TO ROCHE'S
FIRST SET OF INTERROGATORIES (PHASE II)
CASE NO. C-05-04158 MHP

**INTERROGATORY NO. 44:**

Describe in detail every interaction with any agency of the United States government in connection with the funding, development, conception, reduction to practice and/or application for patent rights for any of the claimed inventions of the Patents-in-Suit, including without limitation the identity of any funding agreement with the United States government that You contend governs the assignment of rights and title in connection with the Patents-in-Suit.

**RESPONSE TO INTERROGATORY NO. 44:**

Stanford specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this interrogatory. Stanford also specifically objects to this interrogatory as set forth herein.

Stanford specifically objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or the joint defense privilege. Stanford further objects to this interrogatory to the extent that it is so vague and ambiguous as to be unduly burdensome and oppressive. Stanford also objects to this interrogatory on the grounds that it is overly broad and unduly burdensome and would subject Stanford to unreasonable and undue annoyance and expense. Stanford further objects to this interrogatory to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Such information is irrelevant to this phase of the case in light of Judge Patel's April 16, 2007 Memorandum & Order regarding Cross-Motions for Summary Judgment. Stanford further objects to this interrogatory because it is compound and is actually multiple interrogatories.

Dated:   May 29, 2007

COOLEY GODWARD KRONISH LLP

_____
Michelle S. Rhyu (No. 212922)

Attorneys for Plaintiff and Counterclaim Defendant The Board of Trustees of the Leland Stanford Junior University and Counterclaim Defendants Thomas Merigan and Mark Holodniy

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

21.

STANFORD'S RESP. AND OBJS. TO ROCHE'S
FIRST SET OF INTERROGATORIES (PHASE II)
CASE NO. C-05-04158 MHP