1 │ COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (No. 170085) (nealsc@cooley.com)
2 │ RICARDO RODRIGUEZ (No. 173003) (rr@cooley.com)
MICHELLE S. RHYU (No. 212922) (mrhyu@cooley.com)
3 │ Five Palo Alto Square
3000 El Camino Real
4 │ Palo Alto, CA  94306-2155
Tel:    (650) 843-5000
5 │ Fax:    (650) 857-0663

6 │ Attorneys for Plaintiff and Counterclaim Defendant
THE BOARD OF TRUSTEES OF THE LELAND
7 │ STANFORD JUNIOR UNIVERSITY and Counterclaim
Defendants THOMAS MERIGAN and MARK HOLODNIY

8 │

9 │                    UNITED STATES DISTRICT COURT

10 │                    NORTHERN DISTRICT OF CALIFORNIA

11 │

12 │

13 │ THE BOARD OF TRUSTEES OF THE          Case No.  C 05 04158 MHP
LELAND STANFORD JUNIOR
UNIVERSITY,
14 │
                    Plaintiff,           **STANFORD'S NOTICE OF MOTION AND**
15 │                                      **MOTION TO CONFIRM AND AMEND ITS**
        v.                               **INFRINGEMENT CONTENTIONS**
16 │

17 │ ROCHE MOLECULAR SYSTEMS, ET           HEARING DATE:  February 4, 2008
AL.,                                  TIME: 2:00 p.m.
18 │                                      DEPT: 15, 18th Floor
                    Defendants.          JUDGE:  HON. MARILYN HALL PATEL
19 │

20 │ ROCHE MOLECULAR SYSTEMS, ET
AL.,
21 │
                    Counterclaimants,
22 │
        v.
23 │

24 │ THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
25 │ UNIVERSITY; THOMAS MERIGAN;
AND MARK HOLODNIY,
26 │
                    Counterclaim
27 │                 Defendants.

28 │

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1066335

STANFORD'S MOTION TO CONFIRM/AMEND PICS
CASE NO. C 05 04158 MHP

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2    Please take notice that on February 4, 2008, at 2:00 p.m., in Courtroom 15 of the

3    above entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff

4    and Counterclaim Defendant The Board of Trustees of the Leland Stanford Junior University

5    ("Stanford") will and hereby does move the Court for an order confirming and granting leave

6    to amend Stanford's Infringement Contentions.

7    This motion is based on the instant Notice of Motion, Motion, Memorandum of

8    Points and Authorities in support thereof, and all records and papers on file in this action and

9    any evidence or oral argument offered at any hearing on this motion.  Stanford respectfully

10   moves this Court for an order confirming and granting leave to amend Stanford's

11   Infringement Contentions to address Roche's COBAS TaqMan HIV-1 Test as an accused

12   product.

13   **I.      INTRODUCTION**

14   Stanford hereby moves to confirm and/or amend its Preliminary Infringement

15   Contentions with respect to Roche's COBAS TaqMan HIV-1 Test ("TaqMan") product.

16   Roche initially agreed to produce documents relating to its TaqMan product, and has sought

17   the Court's extensive consideration of the claim construction issue related exclusively to

18   TaqMan.  Although Stanford served Roche with amended infringement contentions

19   identifying TaqMan as an accused product almost six months ago, Roche has refused to

20   provide any document discovery regarding TaqMan because Stanford did not file a formal

21   motion to amend.  Most recently, Roche has refused to prepare its Rule 30(b)(6) witness on

22   any categories relating to TaqMan.  Roche's duplicity has caused Stanford substantial

23   prejudice, and even the Court's specific consideration of TaqMan issues in claim

24   construction has not ended Roche's discovery abuse.  Accordingly, Stanford requests that the

25   Court confirm TaqMan is part of the case and/or grant Stanford leave to amend.

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1.

1066335

**STANFORD'S MOTION TO CONFIRM/AMEND PICS**
**CASE NO. C 05 04158 MHP**

II.     **THE COURT SHOULD GRANT LEAVE TO AMEND**

A.     **Factual Background**

On April 13, 2007, Stanford served Preliminary Infringement Contentions as required by the Court's Case Management Order for the infringement phase of this case.  (Declaration of Anthony J. Patek in Support of Stanford's Motion to Confirm and Amend Its Infringement Contentions ("Patek Decl."), Exs. 1 & 2.)   Stanford's April 13, 2007, Preliminary Infringement Contentions identified two Roche products, the Amplicor HIV-1 Monitor Test and the COBAS Amplicor HIV-1 Monitor Test.  (*Id.*, Ex. 1.)   At the time, these products were the only FDA-approved quantitative PCR HIV-1 tests marketed by Roche.

On May 14, 2007, Roche announced that the FDA had approved Roche's TaqMan assay for distribution in the United States.  (Patek Decl., Ex. 3 at STAN 031805.)   Roche's TaqMan product uses real-time PCR to quantitate HIV-1 RNA for monitoring the effectiveness of therapy.  (*Id.* at STAN 31806.)   Although documents related to TaqMan were responsive to Stanford's existing document requests that covered "[Roche] products used to monitor the clinical progression of HIV infection and its response to antiretroviral therapy through the use of PCR," Roche did not notify Stanford of the release of the product. (Patek Decl., Ex. 18.)   Indeed, Roche had provided no discovery whatsoever with regard to TaqMan.

On May 20, 2007, Stanford explicitly requested discovery relating to TaqMan. (Patek Decl., Ex. 4.)   In response, Roche stated: "With respect to Roche's document production, we believe that Stanford already has much of what it seeks, including development documents and FDA submission information for the accused kits. Nevertheless, *we are in the process of gathering additional documents and will <u>specifically search for the categories of documents identified in your letter</u>*."   (Patek Decl., Ex. 5 (emphasis added).)

After learning of the FDA approval of TaqMan on its own, on May 31, 2007, Stanford reiterated its request for TaqMan-related documents.  (Patek Decl., Exs. 6 & 2.) Roche again responded that it would produce relevant documents *without any suggestion*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1066335                                    2.            **STANFORD'S MOTION TO CONFIRM/AMEND PICs
CASE NO. C-05-04158 MHP**

1    *that it would withhold documents related to TaqMan*, stating, "Roche is searching for

2    additional relevant documents and will be producing additional documents on a rolling

3    basis." (Patek Decl., Ex. 7.)

4          Contrary to its representations, Roche produced no documents related to TaqMan.

5    Stanford conducted its own investigation, and on July 10, 2007, Stanford served an amended

6    set of infringement contentions that specifically identified TaqMan as an accused device.

7    (Patek Decl., Ex. 8.)   Although Stanford served the amended contentions without leave of

8    Court, Roche did not object to Stanford's service of amended infringement contentions

9    identifying TaqMan as an accused product.

10         On August 29, 2007, months after Roche agreed to produce TaqMan documents,

11   Roche took the position in a footnote of its Responsive Claim Construction Brief that

12   TaqMan "real time kits are not accused products," because "Stanford has not sought leave to

13   amend its infringement contentions." (Patek Decl., Ex. 13 at 14 n.5.)  Since then, Roche has

14   refused to provide any discovery relating to TaqMan.

15         Stanford nonetheless continued to pursue discovery related to TaqMan from Roche.

16   On August 31, 2007, Stanford again requested TaqMan documents covered by its prior

17   requests.  (Patek Decl., Ex. 9.)   Also on August 31, 2007, Stanford served Roche with

18   document requests that explicitly identified TaqMan as an accused product.  (Patek Decl.,

19   Ex. 10.)   In attached correspondence, Stanford reiterated that "[a]lthough the TaqMan

20   product is clearly covered by our previous definition of Accused Products, we have amended

21   the definition to avoid any ambiguity on this point." (Patek Decl., Ex. 9.)  Stanford included

22   additional requests for TaqMan related material in correspondence on November 9 and

23   November 27, 2007.  (Patek Decl., Exs. 11-12.)

24         **B.      Stanford Was Diligent Despite Roche's Failure to Comply with its Discovery
                     Obligations**
25
26         Stanford's July 10 amended contentions clearly meet the good cause requirement.

     The Court may grant a party the right to amend its infringement contentions upon a showing
27
     of "good cause."  Patent L.R. 3-7.  A movant may establish good cause by a showing of
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1066335                                    3.          STANFORD'S MOTION TO CONFIRM/AMEND PICs
                                                              CASE NO. C-05-04158 MHP

1   diligence and lack of prejudice to the non-movant. *O2 Micro Int'l Ltd. v. Monolithic Power*

2   *Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006). Other factors relevant to the "good cause"

3   inquiry are notice, effect on case schedule, the non-movant's access to relevant knowledge,

4   and whether the issues raised by the amendment were addressed during claim construction.[1]

5   Here, although the TaqMan product was being sold in Europe, it was reasonable for Stanford

6   to wait until the product's release in the United States before naming it as an accused

7   infringing product. For example, products being used solely to gain their FDA approval may

8   have protection from infringement under 35 U.S.C. § 271(e). As soon as TaqMan was

9   released, Stanford moved quickly to evaluate it and subsequently add it to its infringement

10  contentions.

11          Within a week of the FDA approval of TaqMan for distribution in the United States,

12  Stanford requested a sample of TaqMan from Roche for inspection. (Patek Decl., Ex. 4.)

13  Shortly thereafter, Stanford specifically informed Roche that discovery requests

14  encompassed TaqMan as an accused product. (Patek Decl, Ex. 6.) Then, despite Roche's

15  failure to comply with its discovery obligations, Stanford conducted an independent

16  investigation and served amended infringement contentions identifying TaqMan as an

17  accused instrumentality. (Patek Decl., Ex. 8.) In sum, Stanford "put all [its] cards on the

18  table up front" and thus has good cause for the amendment. *Integrated Circuit Sys., Inc. v.*

19  *Realtek Semiconductor Co.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004).

20          Further, by its conduct, Roche has waived any right to claim prejudice. Roche has

21  "long been on notice" that Stanford accused TaqMan. *IXYS Corp.*, 321 F. Supp. 2d at 1152

22  n.19. If Roche objected to providing TaqMan discovery, the time to do so was in response to

23  Stanford's letters in May. Instead, Roche not only failed to claim any prejudice at that time,

24  _____

25  [1] *See, e.g.*, *IXYS Corp. v. Advanced Power Tech., Inc.*, 321 F. Supp. 2d 1133, 1152 n.19 (N.D. Cal. 2004) (J. Patel) (notice); *Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C05-4063 CW,

26  2007 WL 1288199, at *2 (N.D. Cal. Apr. 30, 2007) (case deadlines); *Lexar Media, Inc. v. Pretec Elec. Corp.*, No. C00-04770 MJJ, 2007 WL 1170633, at *1 (N.D. Cal. Apr. 18, 2007)

27  (notice, discussion during claim construction, and effect on discovery); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1329997, at *7 (N.D. Cal.

28  May 15, 2006) (access to knowledge, effect of discovery, and prior briefing).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1066335                                    4.                    **STANFORD'S MOTION TO CONFIRM/AMEND PICS**
                                                                 **CASE NO. C-05-04158 MHP**

1    it actually agreed twice to search for documents, leading Stanford to believe that Roche was

2    not contesting discovery related to TaqMan.[2]   Thus, any delay in serving the amended

3    infringement contentions was caused by Roche's own discovery abuse and gamesmanship.

4    As to the fact that Stanford did not seek leave to amend when it served the July 2007

5    contentions, Roche's failure timely to object, coupled with its apparent agreement to provide

6    TaqMan discovery, led Stanford reasonably to believe that TaqMan had been placed at issue

7    in the case.   Roche's subsequent objection in its claim construction brief was plainly

8    calculated to maximize the prejudice to Stanford, after having lulled Stanford into believing

9    TaqMan was already at issue.   Stanford thus respectfully submits that, as in *IXYS Corp.*,

10   granting leave to amend "will privilege substance over form." 321 F. Supp. 2d at 1152 n.19.

11          **C.     The Claim Construction Proceeding and This Court's Ruling Have
                     Already Addressed TaqMan**

12

13          Although Roche reneged on its agreement to produce TaqMan materials in its

14   Responsive Claim Construction Brief, that brief nonetheless treated TaqMan as part of the

15   case.  Only the TaqMan product uses real time PCR, which was a prominent part of Roche's

16   claim construction efforts.   Roche devoted about two pages of its Responsive Claim

17   Construction Brief and part of one supporting expert declaration to real time PCR.  (Patek

18   Decl., Ex. 13; *id.*, Ex. 14.)   During the claim construction tutorial and hearing, Roche

19   discussed real time PCR at length.  (Patek Decl., Ex. 15 at 73:2-80:5; 85:13-88:9.)   Roche

20   even requested additional briefing related solely to construction of claim terms with respect

21   to real time PCR.  (*Id.* at 85:13-24; 88:3-9.)   Roche subsequently submitted two additional

22   expert declarations dedicated solely to the issue of real time PCR and construction of the

23   "about 30 cycles" limitation of the patents.  (Patek Decl., Exs. 16 & 17.)   The Court's claim

24   construction ruling expressly addresses the real time issue that Roche raised, and that relates

25   solely to TaqMan.[3]

26   [2] (Patek Decl, Exs. 5 & 7.)  *Compare Fresnius Med. Care*, 2006 WL 1329997, at *7 (delay in
     moving to amend excused where opposing party failed to object and move to strike), *with O2*

27   *Micro Int'l,* 467 F.3d at 1364 (delay in moving to amend unjustified where opposing party
     clearly objects to amended contentions).

28   [3] Stanford respectfully disagrees with and objects to the Court's conclusion regarding real time

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1066335

5.

**STANFORD'S MOTION TO CONFIRM/AMEND PICS
CASE NO. C-05-04158 MHP**

1    Given its extensive briefing on this topic, Roche cannot now argue that TaqMan is

2    not already included in this case or that Roche would be prejudiced by granting Stanford

3    leave to accuse TaqMan of infringement. *Fresenius Med. Care*, 2006 WL 1329997, at *7.

4    Further, Roche's decision to raise this procedural issue first and solely in a footnote in the

5    claim construction briefing made it reasonable for Stanford to await the Court's claim

6    construction decision and address any amendment issues at the same time.   At Roche's

7    insistence, this Court ruled on the real time issue presented by TaqMan, which should have

8    prompted Roche to provide full discovery regarding TaqMan.   TaqMan is plainly part of this

9    case and Roche should be deemed to have waived its arguments to the contrary.

10    **D.    Roche Should Not Be Permitted to Benefit from its Discovery Abuse**

11    In the six months since Stanford specifically requested TaqMan discovery and Roche

12    agreed to provide it, Roche never claimed any prejudice from the addition of TaqMan to the

13    case.  Only as recently as December 14, 2007 did Roche claim for the first time that it would

14    be prejudiced by having to provide TaqMan discovery, acknowledging that it has refused to

15    search for TaqMan-related documents and that did not intend to prepare its Rule 30(b)(6)

16    witnesses on TaqMan topics.  This alleged prejudice is of Roche's own making.  Roche's

17    refusal to comply with the Federal Rules cannot be twisted into a basis for prejudice.

18    To the contrary, Roche's discovery abuses have substantially prejudiced Stanford.  It

19    is unfair for Roche to agree to provide discovery, retract that agreement, and then claim that

20    its own discovery failure results in prejudice. *Fresenius Med. Care,* 2006 WL 1329997, at

21    *7 (where amended contentions and discovery were served without leave, finding that

22    opposing party's delay in moving to strike supported later motion for leave to amend).

23    Furthermore, since discovery is not limited by the identification of accused devices, any

24    failure on Roche's part to gather and prepare TaqMan materials is the product of its own

25    discovery misconduct. *LG Electronics Inc v. Q-Lity Computer Inc*., 211 F.R.D. 360 (N.D.

26

27    PCR, as well as its construction of the terms "about 30 cycles" and "PCR."  The Court
      specifically excluded the term "about 30 cycles" from briefing, and the term "PCR" had never
28    been identified as a term requiring construction.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1066335                                    6.            **STANFORD'S MOTION TO CONFIRM/AMEND PICS**
                                                         **CASE NO. C-05-04158 MHP**

1  Cal. 2002) (refusing to limit scope of discovery to products identified under Patent L.R. 3-

2  1(b)).  Roche should not be rewarded for its refusal to comply with its discovery obligations.

3      **E.    Requiring a New Case to be Filed for TaqMan Would Waste Judicial and Party Resources**

4

5      Amendment to formally include TaqMan is also supported by considerations of

6  efficiency and resources.  If TaqMan is not part of the case, Stanford's only choice is to bring

7  another separate case focused on TaqMan.  That would plainly be a waste of the parties' and

8  this Court's resources.  *Monohan v. New York Dep't of Corrections*, 214 F.3d 275, 284 (2d

9  Cir. 2000) (citing *Block v. First Blood Ass'n*, 988 F.2d 344, 350 (2d Cir. 1993) (considering

10  ability of plaintiff to raise second claim in new lawsuit in weighing prejudice associated with

11  amending complaint).

12  **III.    STANFORD'S REVISIONS TO ITS L.R. 3-1(C) AND (D) CHART BASED ON THE COURT'S ORDER ARE A MATTER OF RIGHT UNDER THE LOCAL RULES**

13      Under Patent L.R. 3-6, "[i]f a party claiming patent infringement believes in good

14  faith that (1) the Court's Claim Construction Ruling . . . so requires, not later than 30 days

15  after service by the Court of its Claim Construction Ruling, that party may serve 'Final

16  Infringement Contentions' without leave of the court that amend its 'Preliminary

17  Infringement Contentions' with respect to the information required by Patent L.R. 3-1(c) and

18  (d)."  Stanford had asserted literal infringement by TaqMan in its preliminary contentions.

19  This Court's claim construction ruling precludes literal infringement by TaqMan. Thus,

20  Stanford's amended contentions are revised to reflect the Court's construction and the

21  infringement by Taqman under the doctrine of equivalents in light of that construction.

22  These amended contentions were served on December 21, 2007, and thus within the required

23  30 days.  (Patek Decl., Ex. 19.)

24  ///

25  ///

26  ///

27  ///

28  ///

1    **IV.    CONCLUSION**

2          For the foregoing reasons, the Court should grant Stanford's motion.

3

4    Dated:  December 26, 2007              COOLEY GODWARD KRONISH LLP

5

6                                          by:  _____/s/_____
                                                     Ricardo Rodriguez

7                                          Attorneys for Counter Defendants The Board of
                                           Trustees of the Leland Stanford Junior
8                                          University, Thomas Merigan and Mark
                                           Holodniy

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1066335                        8.        **STANFORD'S MOTION TO CONFIRM/AMEND PICs**
                                         **CASE NO. C-05-04158 MHP**