**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROCHE MOLECULAR SYSTEMS, INC., et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 05-04158 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Plaintiff's Motion for Leave;**<br>**Defendants' Motion for Leave** |

The Board of Trustees of the Leland Stanford Junior University ("plaintiff" or "Stanford") brought this action against Roche Molecular Systems, Inc., et al. (collectively "defendants" or "Roche") alleging infringement of various U.S. Patents. Now before the court is Stanford's motion seeking leave to file a motion to reconsider the court's construction of "PCR" and "about 30 cycles," and Roche's motion seeking leave to file a motion to reconsider the court's ruling made on April 16, 2007. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

Stanford's Motion Seeking Leave

I.　　Background

Stanford asks this court to reconsider its claim construction order based on three arguments. First, Stanford claims that in his January 9, 2008 deposition, Dr. Russell Higuchi testified that: 1) real-time PCR was disclosed in a article published in April 1992, one month before the filing date

of the patents-in-suit; and 2) cycle number is relevant to quantitation of nucleic acids by real-time PCR. Second, Stanford claims that Innogenetics, N.V. v. Abbott Labs., Nos. 2007-1145, 2007-1161, 2008 WL 151080 (Fed. Cir. Jan. 17, 2008), caused an intervening change in the law. Third and finally, Stanford claims it was never given an opportunity to argue an alternate construction for "PCR" and "about 30 cycles" during claim construction.

II. Legal Standard

In order to obtain leave for a motion for reconsideration, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L. R. 7-9(b).

III. Discussion

This court's claim construction order excluded real-time PCR from the definition of "PCR" because, in 1992, a person of ordinary skill in the art did not know of the conceptual framework of real-time PCR. See Docket No. 212 at 20–21. Stanford now claims that Dr. Higuchi—Roche's expert and purported inventor of real-time PCR—has testified to the contrary. Specifically, that real-time PCR was described in a publication dated April 1992:

> Q. I would like to know if Exhibit 807 [Higuchi et al., Simultaneous Amplification and Detection of Specific DNA Sequences, Bio/Technology, Vol. 10, April 1992] discloses your invention of real-time PCR.
> A. It describes a form of real-time PCR.

Rhyu Decl., Exh. 3 at 84:24–85:1.

Furthermore, Dr. Higuchi submitted a declaration to the patent office purportedly asserting that he had disclosed real-time PCR in a paper that was orally presented at a conference in San

2

Francisco in October 1991. Id., Exh. 5 at STAN 038048, 038061–62.[1]

The statement made by Dr. Higuchi and his testimony are new facts that show that real-time PCR could have been publicly known as early as October 1991. Furthermore, Stanford has been reasonably diligent in pursing this litigation by noticing Dr. Higuchi's deposition in the regular course of fact discovery on November 19, 2007. In light of these new facts and Stanford's diligence, Stanford's motion for leave to reconsider the construction of "PCR" is GRANTED.

Stanford mischaracterizes Dr. Higuchi's testimony regarding the relationship between the number of cycles of amplification and real-time PCR. In its claim construction order, the court stated that the number of cycles is irrelevant in real-time PCR because, unlike end-point PCR, the results of real-time PCR are not dependant upon a specific pre-determined number of cycles. Dr. Higuchi said nothing to the contrary.

Stanford also incorrectly argues a change in intervening law. Innogenetics did find that after-arising technology could be infringing. This court, however, held the same based upon the identical case that Innogenetics relies upon, SuperGuide Corp. v. DirecTV Enters., Inc., 358 F.3d 870, 878–80 (Fed. Cir. 2004).

Finally, Stanford claims it had no opportunity to advocate its position regarding "PCR." This is false. See Docket No. 202 at 1 (Affidavit of Dr. Kramer pertaining "to the relationship between a statement in the patents in suit and real-time PCR assays, as well as pertinent similarities and differences between 'end-point' PCR and 'real-time' PCR." (internal citation omitted)).

Roche's Motion Seeking Leave

I. Background

Roche seeks leave to file a motion for reconsideration of this court's April 16, 2007 order. See Docket No. 157. It presents four arguments to this effect: 1) Stanford's admission that the Bayh-Dole funding agreements cannot be located; 2) this court's decision in Cadence Design Sys., Inc. v. Bhandari, 2007 WL 3343085 (N. D. Cal. Nov. 8, 2007) (Patel, J); 3) Judge Newman's dissent in the Federal Circuit's order denying mandamus in this action; and 4) the Federal Circuit's decision

in DDB Technologies, L.L.C. v. MLB Advanced Media, L.P., No. 2007-1211, 2008 WL 375202 (Fed. Cir. Feb. 13, 2008).

II. Legal Standard

See the Legal Standard section, supra, under "Stanford's Motion Seeking Leave."

III. Discussion

The court discusses each of the four bases stated above in turn. First, this court has already considered Stanford's inability to produce the actual agreements with the government. The court was aware of this issue when it issued its April 16, 2007 order. Second, Cadence is inapplicable here as it had no relation to government funding or the Bayh-Dole Act and considered purely private assignment agreements. Third, although Judge Newman's dissent may have some limited precedential value as Roche claims, the majority decision denying mandamus certainly has greater precedential value. Finally, DDB is inapplicable here as it had no relation to government funding or the Bayh-Dole Act and considered purely private assignment agreements.

CONCLUSION

For the foregoing reasons, Stanford's motion seeking leave to reconsider is GRANTED only with respect to the construction of "PCR" and DENIED otherwise, and Roche's motion seeking leave to reconsider is DENIED.

IT IS SO ORDERED.

Dated: March 4, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4

ENDNOTES

1. In light of this court's decision, absent a claim of privilege, Roche is ordered to produce the actual declaration and the paper which Dr. Higuchi presented at the San Francisco meeting.